UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **CASSANDRA JOHNSON LANDRY,** | ) | CASE NO. **18-55697-LRC** |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S SUPPLEMENTAL OBJECTION TO
CONFIRMATION AND MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee and objects to confirmation of the Plan and files this motion to dismiss under 11 U.S.C. § 1307(c), for cause, including the following reasons:

1. The Trustee incorporates by reference the objections to Confirmation previously filed (except No.1).

2. Debtor's filed Chapter 13 Plan lists a number of mortgage creditors in section 3.2, listing "unknown" amount of claims senior to creditor's claim, "unknown" amount of secured claim, and "0.00" monthly post-confirmation payment. This section of the Plan is designed to treat secured claims which are rendered fully or partially unsecured due to the value of the collateral and/or the balance of senior liens against the collateral. Pursuant to Debtor's testimony, Debtor actually disputes the validity of each debt. Accordingly, the treatment of each claim in Debtor's Plan is both incomplete and improper. Trustee cannot administer the Plan.

3. Pursuant to Debtor's testimony, Debtor disputes each and every claim filed in this case, and intends to seek disallowance, in full or in part, of each claim. Debtor has not taken appropriate action to do so.

4. As Debtor disputes each and every claim filed in this case, and as she believes she owes on a limited amount of debt, Debtor may not have enough debt to warrant reorganization. Without a bankruptcy purpose, it may be inappropriate for Debtor to seek bankruptcy protection. 11 U.S.C. Section 1325(a)(7).

5. Pursuant to information received from the Internal Revenue Service, 2017 tax return has not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

Melissa J. Davey
Standing Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

6. Pursuant to testimony from the meeting of creditors, Debtor has a pending and/or anticipated lawsuit (claims against the Department of Family and Children Services, the Department of Behavioral Health and Developmental Disabilities and claims arising from two auto accidents). The Chapter 13 Petition and schedules fail to fully disclose these lawsuits or claims, in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h).

7. The Chapter 13 Plan fails to provide that all net proceeds from the Debtor's pending/anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

8. Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel (Larry Ellerby) in a pending/or anticipated non-bankruptcy litigation. The attorney must be approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

9. Trustee requests copies of bank statements for all accounts used by Debtor and any business owned by Debtor for the time period January 2017 through present, including statements for accounts which have been closed. This includes the Publix Credit Union account.

10. Prior to filing, Debtor transferred a business to her father. The Trustee requests documentation supporting the transfer, including bank account statements or other proof of payment. The Trustee also requests a statement from the Debtor showing the justification for and purpose of the transfer and complete contact information for the transferee, so that the Trustee can determine whether the transfer is voidable under 11 USC Sections 546, 547 and/or 548 and whether the Plan was proposed in good faith pursuant to 11 USC Sections 1325(a)(3) and 1325(a)(7).

11. The Chapter 13 petition and schedules fail to disclose Debtor's interest in in all corporations which are still active, in violation of 11 U.S.C. Section 521.

12. As unsecured creditors will receive less than in a Chapter 7 liquidation, the Plan does not conform to 11 U.S.C. Section 1325(a)(4).

13. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor should timely provide proof of Debtor's income of $5,550.00 to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

Melissa J. Davey
Standing Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed Confirmation hearing, deny the Confirmation of the Chapter 13 Plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

Dated: This the ___29___ day of August, 2018.

Respectfully submitted,

/s/ _____
Mandy K. Campbell,
GA Bar No. 142676
Attorney for the Chapter 13 Trustee

Melissa J. Davey
Standing Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                         )       CHAPTER 13
                                               )
CASSANDRA JOHNSON LANDRY,                      )       CASE NO. **18-55697-LRC**
                                               )
    DEBTOR                                     )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served:

DEBTOR(S):

Cassandra Johnson Laundry
869 Natchez Valley Trace
Grayson, GA  30017

in the foregoing matter with a copy of this Supplemental Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This ___29___ day of August, 2018.

/s/
Mandy K. Campbell,
GA Bar No. 142676
Attorney for the Chapter 13 Trustee

Melissa J. Davey, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444