**IT IS ORDERED as set forth below:**



**Date: September 11, 2018**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| Debtor. | : | |
| US BANK, ASSN, as Trustee for Citigroup Mortgage Pass Through, Heather Brock (sic), McCalla Raymer Leibert Pierce, LLC, | : | |
| Movant, | : | |
| v. | : | |
| CASSANDRA JOHNSON LANDRY, | : | IN PROCEEDINGS UNDER CHAPTER 13 OF THE |
| Respondent. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the *Motion for Relief from Judges Order* (Doc. 57) (the "Motion"), filed by Debtor with regard to the Order entered by the Court on August 16,

2018 (the "Order"), on the *Motion to Quash Subpoenas to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Bankruptcy Case (Or Adversary Proceeding)* (Doc. No. 50), filed by US Bank National Association ("US Bank").

In the Order, the Court quashed on an interim basis a subpoena issued by Debtor, *pro se*, which was dated August 13, 2018, and required US Bank to appear at 9:00 a.m. on August 17, 2018, at the office of the Chapter 13 Trustee (the "Subpoena"). US Bank objected to the Subpoena because: (1) the items to be produced were unclear; (2) US Bank's counsel received the Subpoena less than 24 hours before the appearance and production deadline; (3) the Subpoena was improper, unreasonable, and oppressive; (4) some of the requested documents may be privileged or work product; and (5) the documents requested were not relevant to Debtor's bankruptcy case.

In the Order, the Court noted that the Subpoena neither gave US Bank sufficient time to respond nor sufficiently identified the documents to be produced. In the Motion, Debtor asserts that the Court should not have quashed the Subpoena because (1) Debtor executed the Subpoena in good faith; (2) the documents requested in the Subpoena will reveal that US Bank is not a "true creditor"; (3) US Bank is using the Order as a legal

2

concealing device to evade full disclosure and transparency in determining whether it is a secured creditor; (4) US Bank is not entitled to assert Fifth Amendment protection; (5) the documents requested in the Subpoena are neither vague nor burdensome, as the Subpoena requested production of the FR 2046, which is a balance sheet collected by the Federal Reserve from "discount window borrowers"; and (6) the FR 2046 is necessary and relevant to this "civil action." In addition to the Motion, Debtor also filed an Objection to the Movant's Motion to Quash Subpoena (Doc. 58) (the "Objection"), in which she also asserts that the Subpoena was not vague because it requested the FR 2046.

Through the Motion and the Objection, Debtor has provided no basis upon which the Court should revise its interim order excusing US Bank from producing documents in response to the Subpoena. The Subpoena did not provide a reasonable time for US Bank to comply or object to the documents requested. In the Order, the Court gave Debtor the opportunity to supplement the Subpoena with a clear and concise statement of the documents requested. Had Debtor done so, it would have triggered a procedure under which US Bank would have had a proper opportunity to object to the production of the documents as privileged, confidential, or irrelevant. The Court finds that Debtor has not filed such a clear and concise statement and that Debtor has chosen not to pursue the

3

Subpoena.  Accordingly,

IT IS ORDERED that Debtor's Motion for Relief from Judge's Order is DENIED;

IT IS FURTHER ORDERED that the *Motion to Quash Subpoenas to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Bankruptcy Case (Or Adversary Proceeding)* (Doc. No. 50) is GRANTED;

IT IS FURTHER ORDERED that, should Debtor wish to obtain discovery from US Bank, she may proceed in accordance with Rules 7026 and 7028-7037 of the Federal Rules of Bankruptcy Procedure, made applicable to the contested matter initiated by US Bank when it filed a Motion for Relief from the Automatic Stay against the Debtor and the Chapter 13 Trustee (Doc. 44) (*see* Fed. R. Bankr. P. 9014(c)).

## END OF DOCUMENT

**Distribution List**

Heather D. Bock
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

Melissa J. Davey

Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Cassandra Johnson Landry (pro se)
869 Natchez Valley Trace
Grayson, GA 30017