## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE |
| CASSANDRA JOHNSON LANDRY, | NO. <u>18-55697-lrc</u> |
| Debtor. | CHAPTER 7 |
| KING GROUP MGMT, LLC, and SUKHMANI INVESTMENTS, LLC, | |
| Movants, | |
| vs. | **CONTESTED MATTER** |
| CASSANDRA JOHNSON LANDRY, Debtor, S. GREGORY HAYS, Trustee, | |
| Respondents. | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Movants have filed a **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** and related papers with the Court seeking an Order Granting Relief from Stay.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** in Courtroom 1204 of the U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303 at **10:00 AM** on **January 10, 2019.**

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is:

Bankruptcy Clerk, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movants waive the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movants consent to the automatic stay remaining in effect until the Court orders otherwise.

This 13th day of December, 2018.

Rountree & Leitman, LLC

By:  /s/ David S. Klein
     David S. Klein
     Georgia Bar No. 183389
     dklein@randllaw.com
     **Counsel for Movants**

2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
(404) 856-0540

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE |
| CASSANDRA JOHNSON LANDRY, | NO. 18-55697-lrc |
|      Debtor. | CHAPTER 7 |
| | |
| KING GROUP MGMT, LLC, and SUKHMANI INVESTMENTS, LLC, | |
|      Movants, | |
| vs. | **CONTESTED MATTER** |
| CASSANDRA JOHNSON LANDRY, Debtor, S. GREGORY HAYS, Trustee, | |
|      Respondents. | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

King Group Mgmt, LLC and Sukhmani Investments, LLC (collectively, the "Movants") file this Motion for Relief from the Automatic Stay to, among other things, allow it to proceed with a state law dispossessory action against Cassandra Johnson Landry ("Debtor"). In support of this Motion, Movants respectfully show this Court the following:

1.     This is a Motion under Section 362(d)(1) of the Bankruptcy Code for relief from the stay for all purposes allowed by law, including, but not limited to, the right to dispossess Debtor, of certain real property.

2.     Movants purchased the property otherwise known as 3356 Habersham at Northlake, Building H, Tucker, Georgia (the "Property") at a foreclosure sale held on August 7, 2018. A true

and correct copy of the Deed Under Power of Sale recorded in the Superior Court of DeKalb County real estate records is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      On August 20, 2018, Movants filed a dispossessory warrant in the Magistrate Court of DeKalb County against Alliance for Change Through Treatment, LLC ("Alliance"), Debtor, and All Others, assigned a case number of 18D54764.

4.      Upon information and belief, Debtor is the sole member of Alliance.

5.      On October 15, 2018, Debtor filed a "Letter" with the Magistrate Court informing it that she had filed this bankruptcy action.  A true and correct copy of this Letter is attached hereto as Exhibit "B" and incorporated herein by reference.

6.      This is the first time that Movants became aware of Debtor's bankruptcy filing.

7.      The Magistrate Court held a hearing on December 13, 2018, whereby the Magistrate Court indicated it would not proceed with issuance of a Writ of Possession or further hearing until receiving an Order from this Court lifting the automatic stay.

8.      The Magistrate Court has re-set the underlying hearing for January 23, 2019 to allow time for Movants to obtain relief from this Court.

9.      The Debtor and Alliance continue enjoying the benefits of possessing the Property as a possible tenant-at-sufferance after the foreclosure sale of the Property and without tendering any rent to Movants.

10.     Movants desire to use any and all legal means to take possession of the Property and remove any and all personal property of the Debtor and Alliance from the Property but is unable to do so as long as the automatic stay is in effect.

11.     Movants are not adequately protected and hereby shows that there is cause for relief from the stay, as (i) the Debtor and Alliance are tenants-at-sufferance after the foreclosure sale of the Property, and (ii) the Movants are unable to dispossess the Debtor, Alliance, and/or other occupants and remove their respective personal property from therein because of the stay.  11 U.S.C. § 362(d)(1).

12.     Furthermore, relief from the stay is appropriate, because the Debtor does not have equity in the Property and the Property is not necessary to an effective reorganization.  11 U.S.C. § 362(d)(2)(A)-(B).

**WHEREFORE**, the Movant requests for the following relief:

(1)     an Order lifting the stay, authorizing Movants to, among other things, exercise their state law rights to take possession of the Property and remove any personal property from the Property.

(2)     that the Court waive the 14-day stay of Bankruptcy Rule 4001(a)(3); and

(3)     for such other and further relief as the Court deems just and equitable.

Respectfully submitted, this 13th day of December, 2018.

Rountree & Leitman, LLC

By:  /s/ David S. Klein
        David S. Klein
        Georgia Bar No. 183389
        dklein@randllaw.com
        **Counsel for Movants**

2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
(404) 856-0540

# EXHIBIT "A"

2018139034    DEED BOOK **27084** Pg **688**

Real Estate Transfer Tax $0.00

Filed and Recorded:
**8/13/2018 5:05:47 PM**
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

| | |
|---|---|
| <u>After recording return to:</u><br>Arnall Golden Gregory LLP<br>171 17th Street, NW, Suite 2100<br>Atlanta, Georgia 30363<br>Attn: David B. McAlister, Esquire | **CROSS REFERENCE TO:**<br>Deed Book 25998, Page 1, DeKalb County<br>Georgia Records, |

### DEED UNDER POWER OF SALE

THIS INDENTURE, made this 7th day of August, 2018, by ALLIANCE FOR CHANGE THROUGH TREATMENT, LLC ("Grantor"), acting through its duly appointed agent and attorney-in-fact, SILVERLEAF FUNDING, LLC ("Lender"), and KING GROUP MGMT LLC, as to a 66.67% undivided interest, and SUKHMANI INVESTMENTS, LLC, as to a 33.33% undivided interest (collectively, "Grantee");

### W I T N E S S E T H:

WHEREAS, Grantor executed and delivered to Woodbridge Mortgage Investment Fund 3A, LLC ("Woodbridge") a certain Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement, dated December 9, 2016, recorded in Deed Book 25998, Page 1, DeKalb County, Georgia records, as assigned by Woodbridge to Lender by Assignment of Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement, dated June 11, 2018, recorded in Deed Book 26986, Page 319, aforesaid records (collectively, the "Security Deed"), conveying the hereinafter described property, which Security Deed secures the payment of that certain Promissory Note, dated December 9, 2016, from Grantor to Woodbridge, in the original principal amount of $227,000.00, as assigned by Woodbridge to Lender (collectively, the "Note"), with interest as specified therein, and such other indebtedness of Grantor as is defined in the Security Deed; and

12497274v1

DEED BOOK 27084 Pg 689

WHEREAS, default under the terms of the Note and Security Deed has occurred, and whereas by reason of said default, Lender elected pursuant to the terms of the Note and Security Deed to declare the entire outstanding indebtedness due under the Note and secured by the Security Deed immediately due and payable; and

WHEREAS, the entire outstanding indebtedness still being in default, and according to the terms of the Security Deed, Lender did advertise said property for sale once a week for four weeks in a newspaper in DeKalb County, Georgia, wherein the Sheriff carried his advertisement, namely *The Champion*, said dates of publication being July 12, 2018, July 19, 2018, July 26, 2018 and August 2, 2018; and

WHEREAS, the Notice of Foreclosure Sale in the form of a copy of the Notice of Sale submitted to the publisher was provided to the Grantor at least thirty days prior to the foreclosure sale date; and

WHEREAS, Lender did expose the hereinafter described property for sale to the highest bidder for cash on the first Tuesday in August, 2018, within the legal hours of sale at the usual place for conducting Sheriff's sales in DeKalb County before the Courthouse door at Decatur, Georgia, in said County, and offered said property for sale at public outcry to the highest bidder for cash, when and where Grantee bid TWO HUNDRED FORTY-ONE THOUSAND ONE AND No/100 DOLLARS ($241,001.00); and

WHEREAS, the aforementioned bid by Grantee was the highest and best bid, the hereinafter described property was knocked off to Grantee for said sum bid by Grantee;

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Grantor, acting through Lender, as Grantor's attorney-in-fact, has bargained, sold, granted, and conveyed and by these presents does hereby bargain, sell, grant and convey to the Grantee, its heirs, representatives, successors, and assigns, the fee simple interest of the Grantor in the following described property:

ALL THAT TRACT OR PARCEL of land situate, lying and being in Land Lot 210 of the 18th District, DeKalb County, Georgia, being known and designated as Building H (formerly known and commonly referred to as Building 800 and on occasion as Unit One), Habersham at Northlake Condominium, together with its

-2-

12497274v1

DEED BOOK 27084 Pg 690

appurtenant percentage of undivided interest in the common elements as described in that certain Amended and Restated Declaration of Condominium for Habersham at Northlake Condominium recorded in Deed Book 4836, Page 439, DeKalb County records, as amended by First Amendment dated September 30, 1983, and recorded in Deed Book 4844, Page 361, DeKalb County records and by Second Amendment dated March 19, 1984 and recorded in Deed Book 4938, Page 673, DeKalb County records, by Third Amendment dated July 16, 1984, recorded in Deed Book 5023, page 317, Corrective Third Amendment dated August 10, 1984, recorded in Deed Book 5041, Page 781, DeKalb County records, Fourth Amendment dated August 10, 1984, recorded in Deed Book 5041, page 784, DeKalb County records, and Fifth Amendment dated February 4, 1985 and recorded in Deed Book 5146, Page 114, DeKalb County deed records, and in accordance with Plat recorded in Condominium Plat Book 5, page 125, as well as Condominium Plans filed in Condominium Plans File 127, said Clerk's office. Said Declaration, Site Plan and Condominium Plans are incorporated herein for all purposes, subject to (A) recorded utility easements serving the above-described property, and (B) restrictions contained in the Declaration.

Said property being commonly known as **3556 Habersham at Northlake, Building H, Tucker, Georgia**.

Together with all and singular the rights, members, and appurtenances thereto appertaining; also, all the estate, right, title, interest, claim, or demand of Grantor, its successors, representatives, and assigns, legal, equitable, or otherwise whatsoever, in and to the same.

TO HAVE AND TO HOLD the same premises and every part thereof unto the said Grantee, its successors and assigns, to its own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as Grantor, or its successors and assigns, did hold and enjoy the same.

This conveyance is made subject to any and all outstanding ad valorem taxes, assessments, restrictions, restrictive covenants, rights-of-way and easements of record, if any.

-3-

12497274v1

DEED BOOK 27084 Ps 691
**Debra DeBerry**
Clerk of Superior Court
DeKalb County, Georgia

IN WITNESS WHEREOF, Lender, as Agent and Attorney-in-Fact for Grantor, has hereunto affixed its hand and seal, the day and year first above written.

SILVERLEAF FUNDING, LLC,
as Agent and Attorney-in-Fact for
ALLIANCE FOR CHANGE THROUGH TREATMENT, LLC

Signed, sealed and delivered
in the presence of:

_____

Unofficial Witness

By: _____

Name: _Bradley D. Sharp_

Title: _CRO_

Notary Public  Roberta L. Aranda

My Commission Expires:

_April 28, 2021_

ROBERTA L. ARANDA
Notary Public – California
Los Angeles County
Commission # 2194449
My Comm. Expires Apr 28, 2021

[SEAL]

[NOTARIAL SEAL]

12497274v1

-4-

# EXHIBIT "B"

IN THE _Magistrate_ COURT OF DEKALB COUNTY

STATE OF GEORGIA

_Roynthel + Steiman_ ................ VS ................ _Cassandra Johnson-Landy_

_behalf of King Group mgmt LLC_ ................ _Allina J Chanel, Mary Trustees_

_and Buckman investments inc_

PLAINTIFF ................ DEFENDANT

CASE NO. ____18D54764____

LETTER TO JUDGE

Your Honor,

1) I am currently requesting proof of Delivery regarding Dispossessory
Warrant and Writ of possession. As of late, I was
NEVER Contacted or Served regarding any action.
I have two or Building (Commercial) properties which
are currently involved in a fraudulent conveyance
that includes the following appeared parties:

① Start Bank & Trust

② Rivendale Funding NOT silver leaf Funding

③ Will bridge... (all attached Dumpal Attorneys on all
attached Documentation.)

④ Proof of Action Being Filed

⑤ Copy of Bank Rupty with Property Listed
(attached) will be listed.

2) Document Showing Guarantor as Cassandra Johnson-Landy

3) Copy of Incomplete Warrant. This was taped to my
Door.

4) Copy of Bankrupty Conveyance by Magistrate Court & Detail
Court Regarding Case __18D54667440__ basically it appears
these attorneys were against
Federal reports have been made to FTC for Cassandra
Federal Offices such as the FTC & Other
& Other.

NAME: _Cassandra Johnson Landy_

ADDRESS: _861 Mattlee Valley Place_

Chase Transferred for chapter 13 to chapter 7
in the U.S. District Court Northern District
18-55697-LRC

CITY _Grayson_ STATE _GA_ ZIP _30017_

TELEPHONE NO: _678-860-3621_

SIGNATURE: _Cassandra Johnson-Landy_

CJLandy4967@gmail.com

Cjlandy1967@gmail.com

18D54764

King Group Mgmt, LLC and Sukhmani Investments, LLC

c/o Rountree & Leitman, LLC

2800 N. Druid Hills Rd., Bldg. B, Ste. 100, Atlanta, GA 30329

**Plaintiff's Name and Address**

VS.

Alliance for Change Through Treatment, LLC, Cassandra Johnson-Landry

and All Others

3558 Habersham at Northlake, Bldg. H, Tucker, GA 30084

**Defendant's Name and Address**

**MAGISTRATE COURT OF DEKALB COUNTY**

## DISPOSSESSORY WARRANT

**Plaintiff's Attorney and Address**

Ga. Bar No. 183389

David S. Klein

Rountree & Leitman, LLC

2800 N. Druid Hills Rd., Bldg B., Ste. 100, Atlanta, GA 30329

Personally appeared the undersigned who upon oath says that he is (owner), (attorney at law), (agent), (attorney in fact) for the owner of said premises, and that Defendant is in possession as tenant of premises at the above address in DeKalb County.

**FURTHER:**

☐    That said tenant fails to pay rent now due thereon;

☐    That tenant is holding said house and premises over and beyond the term for which the same was rented or leased to him;

☒    That said tenant is a tenant at sufferance; (Andrea)

The said owner desires and has demanded possession of said house and premises, and the same has been refused by the said defendant and affiant makes this affidavit that a warrant may issue for the removal of said defendant together with his property from said house and premises.

**PLAINTIFF PRAYS:**

(a) judgment for the past due rent in the amount of $_____;

(b) rent accruing up to the date of judgment or vacancy at the rate of $_____ per _____

(c) other  Attorney's fees and cost of litigation under O.C.G.A. Sec. 13-6-11

## SUMMONS

TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:

The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 270, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons, (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit in writing or orally (orally means in front of a deputy clerk). If such answer is not made to said affidavit on or before the _____ day of _____, 20____, a writ of possession shall issue instanter as by law provided, and a judgment by default will be taken against you for all rents demanded in the complaint.

Witness, the Honorable Berryl A. Anderson, Judge of said Court.

Sworn to, subscribed and filed before me, this _____ _____

Affiant

By: _____    Phone No. 404-856-0540

Deputy Clerk

## MARSHAL'S ENTRY OF SERVICE

I have served the foregoing affidavit and summons on the Defendant(s) by delivering a copy of the same:

☐    Personally    ☐    Defendant not found in the jurisdiction of this Court

☐    To a person sui juris residing on the premises (Name) _____

Age ____ Wt. ____ _____

☐    By posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed with adequate postage thereon, said copy containing notice to the Defendant(s) to answer at the place stated in said summons.

DATE OF SERVICE _____, 20____    _____    Deputy Marshal

MAGISTRATE COURT
DEKALB COUNTY
8/20/2018 11:3

8/30/2018                                    Odyssey File & Serve - Filing History

# Filing History



| Filing Status | Filing Code | Filing Type | Filing Description | Clier |
|---|---|---|---|---|
| ▼ Case # 18D54764 - King Group Mgmt, LLC,Sukhmani Investments, LLC VS Alliance for | | | | |
| Draft # 2906587 started Thursday, August 30, 2018 at 2:51 PM EST by cassandra landry | | | | |
| Draft | Answer | EFile | ANSWER TO DISSOP WARRANT | ACT |
| ▶ Case # 18D54764 - King Group Mgmt, LLC,Sukhmani Investments, LLC VS Alliance for | | | | |
| Draft # 2906465 started Thursday, August 30, 2018 at 2:41 PM EST by cassandra landry | | | | |
| ▶ Case # 18D54764 - King Group Mgmt, LLC,Sukhmani Investments, LLC VS Alliance for | | | | |
| Draft # 2905438 started Thursday, August 30, 2018 at 12:34 PM EST by cassandra landry | | | | |

1          20    items per page                              1 - 3 of 3 items

© 2018 Tyler Technologies                                          Version: 2017.0.5.115

**Information to identify the case:**

| Debtor 1 | **Cassandra Johnson Landry** | | | Social Security number or ITIN | 408–21–5102 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | EIN | __ __–__ __ __ __ __ __ __ |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN | __ __ __ __ |
| | | | | EIN | __ __–__ __ __ __ __ __ __ |

United States Bankruptcy Court   **Northern District of Georgia**
Court website: www.ganb.uscourts.gov

Case number:   18–55697-lrc

Date case filed in chapter  13      4/3/18

Date case converted to chapter  7      9/14/18

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline          12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).  Copy fees or access charges may apply. A free automated response system is available at 866–222–8029 (Georgia Northern). You must have case number, debtor name, or SSN when calling.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Cassandra Johnson Landry | |
| 2. All other names used in the last 8 years | aka Cassandra Landry | |
| 3. Address | 869 Natchez Valley Trace Grayson, GA 30017 | |
| 4. Debtor's attorney Name and address | Pro Se | |
| 5. Bankruptcy trustee Name and address | Neil C. Gordon Arnall, Golden & Gregory, LLP Suite 2100 171 17th Street, NW Atlanta, GA 30363 | Contact phone (404) 873–8596 |

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                                    page 1

35808021344011

Debtor **Cassandra Johnson Landry**                                                                Case number **18–55697–lrc**

| | | |
|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | M. Regina Thomas<br>Clerk of Court<br><br>1340 United States Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, GA 30303 | Office Hours: 8:00 a.m. – 4:00 p.m.<br><br>Court website: www.ganb.uscourts.gov<br><br>Contact phone 404–215–1000 |

| | | |
|---|---|---|
| **7.** | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Bring a copy of this notice with you. Creditors may attend, but are not required to do so. Cellular phones and other devices with cameras are not allowed in the building. | **October 16, 2018 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>TO THE DEBTOR: Bring an original government-issued photo ID and confirmation of social security number. Provide the Trustee a copy of your most recently filed tax return seven days prior to the meeting, but DO NOT FILE WITH THE COURT. | Location:<br><br>**Third Floor – Room 365, Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303** |

| | |
|---|---|
| **8.** | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

| | | |
|---|---|---|
| **9.** | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 12/17/18** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **10.** | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

| | |
|---|---|
| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | |
|---|---|
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                                    page 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    *        CHAPTER 7
                                          *
**CASSANDRA JOHNSON LANDRY,**             *        CASE NO. **18-55697-LRC**
                                          *
          DEBTOR.                         *

## NOTICE OF APPOINTMENT OF INTERIM TRUSTEE
## AND RESCHEDULED MEETING OF CREDITORS

     Neil C. Gordon having rejected the appointment as interim trustee, the United States Trustee gives notice that, pursuant to 11 U.S.C. § 701, **Robert Trauner** is appointed as interim trustee in this case and is designated to preside over the meeting of creditors. The trustee shall serve under the blanket bond heretofore approved. Unless creditors at the first meeting of creditors held pursuant to 11 U.S.C. § 341(a) elect another trustee, the interim trustee appointed herein shall serve as trustee without further appointment or qualification under the same bond.

     The name and address of the interim trustee and the date, time, and location of the rescheduled meeting of creditors are as follows:

| | |
|---|---|
| **Robert Trauner**<br>P.O. Box 421025<br>Atlanta, GA 30328 -0825<br>E-mail: rtrauner9@gmail.com<br>Phone: (404) 520-1496 | **October 22, 2018, at 3:30 p.m.**<br>Third Floor, Room 367<br>Richard Russell Federal Building & U.S. Courthouse<br>75 Ted Turner Drive, S.W.<br>Atlanta, GA 30303 |

Notice given by:     DANIEL M. MCDERMOTT
                      UNITED STATES TRUSTEE, REGION 21

                      *s/ Jeneane Treace*
                      R. Jeneane Treace
                      Georgia Bar No. 716620
                      United States Department of Justice
                      Office of the United States Trustee
                      362 Richard B. Russell Federal Building
                      75 Ted Turner Drive, S.W.
                      Atlanta, Georgia 30303
                      (404) 331-4437
                      *jeneane.treace@usdoj.gov*

**Debtor: Cassandra Johnson Landry**   Chapter 13 Plan Section 3.2      **Case Number: 18-55697**

| | | | | | | | | | | Account Number |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | H&R Block | 285,000.00 | 1440 Highland | 313,500 | Unknown | Unknown | 8.950% | 0.00 | 0.00 | 1428 |
| ☐ | H&R Block | 281,770.15 | 1440 Highland | 313,500 | Unknown | Unknown | 7.072% | 0.00 | 0.00 | 1428 |

| ☐ | H&R Block | 348,518.40 | 1440 Highland | 313,500.00 | Unknown | Unknown | 5.900% | 0.00 | 0.00 | 1308 |
| ☐ | H&R Block | 71,349.42 | 06/29/2005 1440 Highland | 313,500.00 | Unknown | Unknown | 8.50% | 0.00 | 0.00 | 1429 |

| ☐ | H&R Block | 275,542.90 | 1440 Highland | 313,500.00 | Unknown | Unknown | 6.127% | 0.00 | 0.00 | 1428 |
| ☐ | ReadyCap Lending | 455,834.75 | 3547 Bldg F | 370,000.00 | Unknown | Unknown | 5.75% | 0.00 | 0.00 | 5002 |

| ☐ | First Franklin | 440,257.90 | 04/21/2005 869 Natchez | 444,000.00 | Unknown | Unknown | 6.750% | 0.00 | 0.00 | 4492 |
| ☐ | Citifinancial Mortgage | 204,250 | 2969 Sweetbriar | 179,500.00 | Unknown | Unknown | 8.95% | 0.00 | 0.00 | 5102 |

| ☐ | Woodbridge Group | 227,000.00 | 3554 Bldg H | 370,000 | Unknown | Unknown | 11.000% | 0.00 | 0.00 | 5102 |
| ☐ | Riverdale Funding | 227,000.00 | 3554 Bldg H | 370,000 | Unknown | Unknown | 11.000% | 0.00 | 0.00 | 5102 |

| ☐ | CMImortgage | 204,250.00 | 05/2004 2969 Sweetbriar | 179,500 | Unknown | Unknown | 8.450% | 0.00 | 0.00 | 5102 |
| ☐ | Nationstar | 63,472.00 | 1440 Highland | 313,500 | Unknown | Unknown | 8.50% | 0.00 | 0.00 | 8588 |

3 of 4

**RIVERDALE**
**FUNDING, LLC.**
Jeff Jenkins
207 Mockingbird Lane
Suite 402
Johnson City TN, 37604
Phone: (423) 328-1161
Email: jjenkins@riverdalefunding.com

October 14, 2016

Ms. Cassandra Landry
Alliance for Change Through Treatment, LLC
3556 Habersham at Northlake, Bldg. H
Tucker, GA 30084

Re:    Commercial Loan to Alliance for Change Through Treatment, LLC

Dear Ms. Landry:

This letter confirms the terms and conditions upon which Riverdale Funding, LLC (hereinafter referred to as the "Lender"), or its assignee(s) or affiliates, agrees to lend to Alliance for Change Through Treatment, LLC (hereinafter referred to as the "Borrower") the principal sum of $227,000.00 (said principal amount together with interest thereon is hereinafter referred to as the "Loan") subject to the following terms, provisions, limitations and conditions:

1.    **Interest, Repayment and Term.**

During the term of the Loan, the outstanding principal of the Loan shall bear interest at a fixed rate per annum equal to eleven percent (11%).

During the term of the Loan, payments of interest only shall be paid monthly in arrears, such monthly payments shall commence on the first day of the second calendar month following the closing. Contemporaneously with and as a condition of the closing of the Loan, the Borrower shall establish an interest and escrow reserve account with the Lender in an amount equal to twelve (12) months' interest and escrow payments, from which the monthly payments on the Loan shall be remitted to the Lender.

The entire principal balance of the Loan, together with all unpaid interest and fees, shall be due and payable in a balloon payment on the date which is one year from the date of the closing (the "Maturity Date").

2.    **Commitment Fee.**

Borrower shall pay to Lender a commitment fee in the amount of $13,620.00, of which an advance commitment fee of $4,000.00 shall be returned to Lender with this commitment letter and the balance, of $9,620.00, is to be paid at closing. Notwithstanding anything herein to the contrary, this commitment fee shall be deemed to have been fully earned upon the execution of this commitment letter and shall be due and payable in full from the Borrower and/or any Guarantor regardless of whether the

Borrower_____    Guarantor_____

Ms. Cassandra Landry
Alliance for Change Through Treatment, LLC
October 14, 2016
Page 2

Loan closes or not, so long as the failure to close the Loan is not the result of a default or failure by Riverdale Funding, its successors and/or assigns. Should this loan not close as a result of the default or failure by Riverdale Funding, its successors and/or assigns, said advance commitment fee shall be returned to the Borrower in full without offset.

3.  **Prepayment.**

The Borrower may prepay the Loan indebtedness in whole or in part any time upon fifteen (15) days prior written notice to the Lender (the "Prepayment Notice"). All full or partial prepayments of principal shall be applied first to the payment of unpaid late charges, then to accrued and unpaid interest, and the balance on the account of the unpaid principal in inverse order of maturity. Such partial prepayments shall not affect the Borrower's obligation to make regular installments required thereunder until the entire Note balance is fully paid.

4.  **Guarantor**

The note evidencing the Loan shall be unconditionally guaranteed by Ms. Cassandra Landry.

5.  **Security/Documentation.**

This commitment letter is intended to set forth the general terms under which the Loan will be made and does not set forth each and every provision which will be included in the Loan Documents. All closing documents for the Loan shall be substantially consistent with this letter and shall contain such other terms and conditions as are customarily required by the Lender in transactions of this nature, and as may be required by counsel to the Lender.

In addition to other items of collateral or security as provided elsewhere herein, the Loan shall be secured by:

Mortgage/Deed of Trust. A valid first lien upon the Borrower's fee simple interest in certain real estate owned by Borrower at 3556 Habersham at Northlake, Bldg. H, Tucker, Georgia, together with all appurtenances to said property and all other buildings and improvements now or hereafter erected thereon. The final legal description of the mortgaged premises shall be satisfactory to the Lender. There shall be included under the lien of the Lender's mortgage all open space land, all proposed public or private roadways or portions thereof, all drainage, utility, or other easements, and all other similar lands, easements, appurtenances, or rights which may be reasonably necessary in order to develop and/or use the mortgaged property in the intended manner.

Security Agreement. A valid blanket first lien on and security interest in and to all personal property and fixtures of Borrower or Guarantor used or usable or incidental to the use and operation of the mortgaged property, whether now owned or later acquired. Borrower and/or Guarantor shall execute at closing a UCC-1 for filing with the Secretary of State.

Borrower: _____        Guarantor: _____

Ms. Cassandra Landry
Alliance for Change Through Treatment, LLC
October 14, 2016
Page 9

(d)   There exists no default under the Loan documents and no event or condition which could become a default with the passage of time or giving of notice;

(e)   Borrower accepting this commitment on or before October 18, 2016 by signing and returning the enclosed copy of this letter to Lender with the applicable fees;

(f)   Satisfaction of all other conditions and requirements set forth in this Commitment Letter;

(g)   Lender's review of the credit report of Borrower and Guarantor and determination that the same is satisfactory to Lender in its sole discretion; and

(h)   Lender's receipt and approval of an appraisal, addressed to Lender, indicating that the mortgaged property located at 3556 Habersham at Northlake, Bldg. H, Tucker, GA has a value of not less than $884,000.00. Lender shall also receive a broker's price opinion satisfactory to it in its sole discretion. In the event the Lender determines that the appraisal does not support the proposed loan amount, Lender may offer a counterproposal to lend a different amount. In the event the Borrower does not accept the Lender's counterproposal, the prepaid portion of the commitment fee shall be returned to the Borrower.

20.   **Reliance.**

Neither this commitment nor any obligation or undertaking of Lender set forth in this Commitment Letter, may be relied on by third parties without the express consent of Lender to such reliance.

Very truly yours,

**RIVERDALE FUNDING, LLC**

By _____
Joseph Hughis

The undersigned hereby accepts this commitment and agrees to be bound by its terms and provisions.

Alliance for Change Through Treatment, LLC

By _____ /CEO

Date: 11/15/2016

Date: 11/15/2016
Borrower:

Cassandra Landry /CEO

Guarantor:



**Arnall**
**Golden**
**Gregory** LLP

Atlanta Office
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
Direct phone: 404.873.8718
Direct fax: 404.873.8719
E-mail: david.mcalister@agg.com

June 26, 2018

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Alliance for Change Through Treatment, LLC
3556 Habersham at Northlake, Building H
Tucker, Georgia 30084

Re:   (i)   Promissory Note, dated December 9, 2016 from Alliance for Change
Through Treatment, LLC ("Borrower") to Woodbridge Mortgage Investment
Fund 3A, LLC ("Woodbridge"), in the original principal amount of
$227,000.00, as assigned by Woodbridge to Silverleaf Funding, LLC
("Lender") (the "Note")
NO

(ii)   Deed to Secure Debt, Assignment of Leases and Rents and Security
Agreement, dated December 9, 2016, from Borrower to Woodbridge,
recorded in Deed Book 25998, Page 1, DeKalb County, Georgia records, as
assigned by Woodbridge to Lender (collectively, the "Security Deed"), with
respect to property at 3556 Habersham at Northlake, Building H, Tucker,
Georgia

Gentlemen:

Our firm represents Lender, the owner and holder of the above-referenced Note and
Security Deed (collectively with all other documents evidencing, securing or guaranteeing the
Note, the "Loan Documents").

Each of the Loan Documents is now in default because of the failure to perform all of the
obligations owed to Lender under the terms and conditions of the Loan Documents, including the
failure to make principal and/or interest payments as required under the Loan Documents.

In accordance with the terms and conditions of the Loan Documents, the entire amount of the
present outstanding balance of both principal and accrued interest on indebtedness secured by the
Security Deed (all such monies due on said indebtedness hereinafter collectively referred to as the
"Amounts Due") has been and is hereby declared by Lender to be immediately due and payable.

Unless the Amounts Due are paid in full within ten (10) days from the receipt of this letter, the
provision for attorneys' fees in the Loan Documents will be enforced, as provided by O.C.G.A. §13-1-
11, and you will be required to pay such stipulated attorneys' fees. The payment for attorneys' fees

12042038v1


**Arnall
Golden
Gregory LLP**

Alliance for Change Through Treatment, LLC
June 26, 2018
Page 2

will be in addition to your obligation to pay the Amounts Due. If you pay the Amounts Due within ten (10) days after the receipt of this letter, you will not be required to pay the attorneys' fees.

This letter shall also serve as notice that Lender will immediately initiate foreclosure proceedings against the property encumbered by the Security Deed and also exercise its other rights under the Security Deed, which rights will be in addition to the rights which are executed, noticed or discussed herein. The sale under the Security Deed is to be scheduled for the first Tuesday in August, 2018, between the hours of 10:00 a.m. and 4:00 p.m. on the steps of the Courthouse for DeKalb County, Georgia.

Enclosed is a copy of the Notice of Sale which has been or will be submitted to the publisher of the legal newspaper for DeKalb County. All inquiries concerning the Amounts Due, payments and correspondence regarding this matter should be directed to the undersigned.

Georgia law requires that this notice letter include the name, address and telephone number of the individual or entity who shall have authority to negotiate, amend and modify any and all terms of the Loan Documents, although Lender is not required to negotiate, amend or modify any of the Loan Documents. The name, address and telephone number of such entity is: Silverleaf Funding, LLC, 14140 Ventura Boulevard, Suite 302, Sherman Oaks, California 91423 [747-247-2820].

A copy of this letter is also being sent to you by regular mail. Refusal of delivery is deemed, under the law, to be equivalent to notice. A copy of this letter is being mailed to the guarantor.

Sincerely,

ARNALL GOLDEN GREGORY LLP

David B. McAlister

DBM:drb
Enclosure
cc:    Ms. Cassandra Landry (w/encl)
       Mr. George Shoup (email – w/encl)
       Mr. Daniel Stermer (email – w/ encl)
       Mr. David Dachelet (email – w/encl)

12042038v1

DAVID S. KLEIN, ESQ.
404-856-0540
dklein@randllaw.com



**ROUNTREE
& LEITMAN**
L L C

Attorneys at Law
2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329

August 17, 2018

**VIA U.S. MAIL**
**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Alliance For Change Through Treatment, LLC and All Other Occupants
3556 Habersham at Northlake
Building H
Tucker, Georgia 30084

**VIA U.S. MAIL**
**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Alliance For Change Through Treatment, LLC and All Other Occupants
3554 Habersham at Northlake
Building H
Tucker, Georgia 30084

RE:    Demand for Possession of 3556 Habersham at Northlake, Building H,
       Tucker, Georgia 30084 (the "Property")

Dear Sir/Madam:

This law firm represents King Group Mgmt, LLC and Sukhmani Investments, LLC ("Owners") concerning the Property. The Owners purchased the Property at a foreclosure sale on August 7, 2018. As an occupant after the foreclosure sale of the Property, you are considered to be a tenant at sufferance under Georgia law.

Accordingly, demand is hereby made that you immediately vacate the Property. If you fail to vacate the Property, my client(s) will be forced to file a dispossessory action against you pursuant to O.C.G.A. § 44-7-50 et seq.

If you wish to make arrangements to voluntarily vacate the Property, please contact my office at the number or e-mail listed above within three (3) days of receipt of this letter.

Sincerely,

ROUNTREE & LEITMAN, LLC

David S. Klein

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES,<br>LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered)<br><br>**Docket Ref. Nos. 2396, 2397, & 2398** |

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF PLAN AND PROCEDURES AND DEADLINE FOR OBJECTING TO CONFIRMATION OF PLAN, AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. *Approval of Disclosure Statement.* By order dated August 22, 2018 [Docket No. 2396] (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors (the "Debtors"), approved the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2398] (as it may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and Its Affiliated Debtors* [Docket No. 2397] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan"),[2] a copy of which is annexed as Exhibit A to the Disclosure Statement.

1. *Deadline for Voting on the Plan.* By the Disclosure Statement Order, the Bankruptcy Court established **October 8, 2018 at 4:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only Holders of Claims in Classes 3, 4, 5, and 6 under the Plan are entitled to vote on the Plan and will receive Ballots for casting such votes. To be counted, original Ballots must **actually be received** on or before the Voting Deadline by Garden City Group, LLC (the "Voting Agent") at:

| If by First Class Mail: | If by Overnight Mail or Hand Delivery: |
|---|---|
| Woodbridge Group of Companies, LLC | Woodbridge Group of Companies, LLC |
| c/o Garden City Group, LLC | c/o Garden City Group, LLC |

---

[1]     The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

[2]     All capitalized terms used but not otherwise defined herein shall have the meaning provided to them in the Plan.

<u>Exculpation and Limitation of Liability</u>.

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person, including to any Holder of a Claim or an Equity Interest, for any prepetition or postpetition act or omission in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created, executed, or contemplated in connection with the Plan, or the administration of the Plan or the property to be distributed under the Plan; *provided, however*, that nothing in this Section 11.12 shall release or otherwise affect any Person's rights under the Plan or the Confirmation Order; and *provided, further*, that the exculpation provisions of this Section 11.12 shall not apply to acts or omissions constituting actual fraud or willful misconduct by such Exculpated Party as determined by a Final Order. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute actual fraud or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the Exculpated Parties shall be entitled to rely on the written advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. The Confirmation Order shall serve as a permanent injunction against any Person seeking to enforce any Causes of Action against the Exculpated Parties that are encompassed by the exculpation provided by this Section 11.12 of the Plan.

<u>Term of Injunctions or Stays</u>.

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays in the Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant as of the Confirmation Hearing (excluding any injunctions or stays contained in or arising from the Plan or the Confirmation Order), shall remain in full force and effect through and inclusive of the Effective Date.

5. *Additional Copies of Documents*. Copies of the Plan are available for review free of charge at http://cases.gardencitygroup.com/wgc/. In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent at Woodbridge Group of Companies, LLC, c/o Garden City Group, LLC, P.O. Box 10545, Dublin, Ohio 43017-0208, or by contacting the Voting Agent via email to WGCInfo@choosegcg.com with "Woodbridge Solicitation" referenced in the subject line.

Dated: August 22, 2018

*/s/ Sean M. Beach*
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Betsy L. Feldman (No. 6410)
Rodney Square, 1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 576-3266
Fax:    (302) 571-1253

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Counsel for the Debtors and Debtors in Possession*

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| FIRST FRANKLIN | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| FIRST FRANKLIN | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| FIRST FRANKLIN | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| GA DEPT OF COMMUNITY HEALTH | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| GREAT AMERICA FINANCIAL SERV | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| H AND R BLOCK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| H AND R BLOCK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| H AND R BLOCK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| H AND R BLOCK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| H AND R BLOCK | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| HOMEBANC MORTGAGE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| HOMEBANC MORTGAGE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| HOMEWARD RESIDENTIAL INC | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| HOMEWARD RESIDENTIAL INC | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| HURON LAW GROUP | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| INTERNAL REVENUE SERVICE | Priority | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| JP Morgan Chase Bank, N.A. | Secured | ~~redacted~~ | 0.00 | 0.00 | 0.00 | 0.00 |
| JPMORGAN CHASE BANK NA | Secured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| MIDLAND FUNDING LLC | Unsecured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| NATCHEZ TRACE HOA, INC. | Secured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| NATIONSTAR | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| NEIMAN MARCUS | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| OCWEN LOAN SVC/OPTION ONE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| OCWEN LOAN/NATIONSTAR | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| QUANTUM3 GROUP LLC | Unsecured | NA | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| READYCAP LENDING | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| READYCAP LENDING | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| REGENCY MORTGAGE | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| REGIONS MORTGAGE | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| RIVERDALE FUNDING | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| RIVERDALE FUNDING | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| RIVERDALE FUNDING | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| ADVANTAGE COLLECTION | Unsecured | 300.00 | NA | NA | 0.00 | 0.00 |
| SELECT PORTFOLIO SERVICES | Unsecured | 0.00 | NA | NA | 0.00 | 0.00 |
| SOUND TELECOM | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| SOUTHWEST CHASE | Unsecured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| THE DOWNS HOMEOWNERS ASSO | Secured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| TITLEMAX OF GEORGIA | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| VALERI BURNOUGH | Unsecured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| VERIPRO SOLUTIONS | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| VERIPRO SOLUTIONS, INC | Secured | 0.00 | 9,000.00 | ~~redacted~~ | 0.00 | 0.00 |
| WELLS FARGO | Secured | 157,113.09 | NA | NA | 0.00 | 0.00 |
| WILMINGTON SAVINGS FUND SOC | Secured | ~~redacted~~ | ~~redacted~~ | ~~redacted~~ | 0.00 | 0.00 |
| WILMINGTON TRUST COMPANY | Secured | ~~redacted~~ | ~~redacted~~ | 26,000.01 | 0.00 | 0.00 |
| WILSHIRE CREDIT CORP. | Secured | ~~redacted~~ | NA | NA | 0.00 | 0.00 |
| WOODBRIDGE MORTGAGE INVER | Unsecured | 227,000.00 | 223,693.54 | 0.00 | 0.00 | 0.00 |

UST Form 101-13-FR-S (9/1/2009)

**Summary of Disbursements to Creditors:**

| | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | ~~$0.00~~ | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | ~~$0.00~~ | $0.00 | $0.00 |
| **TOTAL SECURED:** | ~~$0.00~~ | **$0.00** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | ~~$0.00~~ | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | ~~$0.00~~ | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS** | ~~$0.00~~ | **$0.00** | **$0.00** |

**Disbursements:**

| | |
|---|---|
| Expenses of Administration | ~~$0.00~~ |
| Disbursements to Creditors | $0.00 |
| **TOTAL DISBURSEMENTS:** | ~~$0.00~~ |

12)  The trustee certifies that the foregoing summary is true and complete and all administrative matters for which the trustee is responsible have been completed. The trustee requests that the trustee be discharged and granted such relief as may be just and proper.

Dated: 09/18/2018                          By:/s/ Melissa J. Davey
                                                          Trustee

STATEMENT: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (9/1/2009)**

## IN THE MAGISTRATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ReadyCap Lending LLP                                    *

           Plaintiff,                              *
                              *

vs.                                                    *     CASE NO. 18D46674A
                              *

Alliance for Change Through Treatment, LLC           *
                              *

           Defendant.                             *

### ORDER OF STAY PURSUANT TO BANKRUPTCY

    The Defendant having filed a Chapter 13 Bankruptcy proceeding in the United

States Bankruptcy Court for the Northern District of Georgia, being Case No. 18-55697.

    IT IS HEREBY ORDERED that this instant action be, and the same is hereby

stayed pending further order of this Court.

    SO ORDERED, this 25 day of June , 2018.

_____
JUDGE
MAGISTRATE COURT OF DEKALB COUNTY

FILED IN OPEN COURT, THIS 25 DAY OF
June , 2018.
Monica McDonald
CLERK, MAGISTRATE COURT
DEKALB COUNTY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE |
| CASSANDRA JOHNSON LANDRY, | NO. <u>18-55697-lrc</u> |
| Debtor. | CHAPTER 7 |
| | |
| KING GROUP MGMT, LLC, and SUKHMANI INVESTMENTS, LLC, | |
| Movants, | |
| vs. | **CONTESTED MATTER** |
| CASSANDRA JOHNSON LANDRY, Debtor, S. GREGORY HAYS, Trustee, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **Notice of Hearing and Motion for Relief from the Automatic Stay** on the following parties by depositing  in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

**Cassandra Johnson Landry**
869 Natchez Valley Trace
Grayson, GA 30017

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

6

**United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 13th day of December, 2018.

/s/ David S. Klein_____
David Klein, Georgia Bar No. 183389
dklein@randllaw.com