UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CASSANDRA JOHNSON LANDRY. | : | CASE NO. 18-55697 -LRC |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO REMOVE TRUSTE, AND FOR SANCTIONS AGAINST DEBTOR**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee Hays**") for the bankruptcy estate of Cassandra Johnson Landry ("**Debtor**") and hereby submits *Trustee's Response in Opposition to Debtor's Motion to Remove Chapter 7 Bankruptcy Trustee (the "Removal Motion") and Debtor's Motion for Hearing to Reschedule Part II of Creditors Meeting (the "Reschedule Motion") (together the "Motions")*, and respectfully shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these Motions pursuant to 28 U.S.C. §§ 157 and 1334. These Motions presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### *Introduction*

2. The Removal Motion provides no documentation as why the Debtor believes the Trustee has a conflict in this matter with Wilmington Trust and simply states; "The removal of the Standing Chapter 7 Trustee, S. Gregory Hayes (sic) is proper due to his business relationship with Wilmington Trust, a party in this bankruptcy proceeding which conflicts with the execution of duties as a trustee and the ability to report criminal activity in this case."

3.      The Debtor vaguely mentioned the alleged conflict during the 341 Meeting when Debtor implied the Trustee had a conflict by attending a conference with Wilmington Trust.

4.      Trustee Hays has no business relationship with Wilmington Trust and a search of over 5,000 contacts in his Microsoft Outlook file includes only one employee of Wilmington Trust that Trustee Hays knows socially, and has never had any business dealings.

5.      A Google search including the names "S. Gregory Hays" and "Wilmington Trust" reveals that Trustee Hays spoke at the American Bankruptcy Institute's Winter Leadership Conference in 2015 where an employee of Wilmington Trustee also spoke. This Google search also reveals several old issues of the *AIRA Journal* published by the Association of Insolvency and Restructuring Advisors ("AIRA") where Trustee Hays has served on the Board of Directors since 2007. Wilmington Trust has sponsored AIRA professional events over the years, but Trustee Hays has had no business relationship with Wilmington Trust.

### *Removal of Trustee*

6.      With regard to Debtor's request to remove Trustee Hays, Section 324(a) of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, *for cause*." 11 U.S.C. § 324 (2017 (emphasis added). Section 324(b) of the Bankruptcy Code further provides that, if a trustee is removed under Section 324(a), then "such trustee or examiner shall thereby be removed *in all other cases* under this title in which such trustee or examiner is then serving *unless* the court orders otherwise." 11 U.S.C. § 324(b) (2017 (emphasis added).

7.      Removal of a trustee is "*as serious an action as a bankruptcy judge could possibly decide*" and should "*not [be] undertaken lightly.*" *In re Walker*, 2004 WL 3152787 (S.D. Fla. Dec. 1, 2004), *aff'd*, *Walden v. Walker*, 515 F.3d 1204 (11th Cir. 2008) (emphasis added). Accordingly,

2

a party seeking to remove a trustee must show by "*clear and convincing evidence*" that this extreme remedy is warranted under the circumstances. *Id.* (emphasis added).

8. Debtor has not made any showing that removal of Trustee Hays should even be considered, is merited, or established it through "clear and convincing evidence." Debtor has failed to show that his allegations in this regard are supported by evidence or are likely to have evidentiary support after a reasonable opportunity for further discovery or investigation.

9. To the contrary, Trustee Hays has no conflict with Wilmington Trust. Trustee Hays should not be removed from the Bankruptcy Case. Instead, he should be commended for his efforts in the face of an uncooperative, Pro Se Debtor and the Debtor should be Ordered to produce requested document and cooperate or the Debtor's case should be dismissed for failure to cooperate with the Trustee.

### *The Reschedule Motion*

10. The Debtor's 341 Meeting was held on November 27, 2018 and Trustee Hays spent about 1 ½ hours questioning the Debtor. At the request of Trustee Hays, the Office of the United States Trustee participated in the 341 Meeting. The Trustee requested numerous documents and continued the Meeting until December 18, 2018. The Trustee prepared a summary of requested documents discussed at the 341 Meeting and sent to Debtor three times. A copy of the final email and attachment is included as Exhibit A. The Debtor did not appear at the continued 341 Meeting and filed the Reschedule Motion the day before the scheduled meeting.

11. To date, the Debtor has not produced any of the documents first requested on November 27, 2018 and where Trustee Hays has followed-up in writing by email three times.

12. The Debtor's bankruptcy schedules indicate assets with a value of $200,000 at Northwestern Mutual. These assets are not properly exempted and Trustee Hays has requested

3

statements on these two accounts that the Debtor had failed to produce since first requested on November 27, 2018.

13. The Debtor testified at her 341 Meeting that she had valuable litigation claims against two governmental agencies, the Department of Family and Children's Services and the Department of Behavioral Health and Developmental Disabilities (See Exhibit A). The Georgia Department of Community Health ("GDCH") filed a Complaint to Determine Dischargeability of Debt on December 17, 2018. GDCH filed claim #20-1 for $42,634.37 for overpayment of Medicaid claims. GDCH alleges the Debtor submitted false claims and in Paragraph 72 of Document 119 states: "Defendant-Debtor's submission of false claims amounted to actual fraud."

### *Sanctions*

14. In short, the request to have Trustee Hays removed is completely meritless. It is not grounded in law or based on actual evidence. By forcing Trustee Hays to address these specious allegations, Debtor has only hindered and delayed Trustee Hays' administration of this Bankruptcy Case, caused significant additional costs and expenses for the Bankruptcy Estate. Accordingly, the Court should deny Debtor's request to remove Trustee Hays, and Debtor should be sanctioned in the amount necessary to reimburse the Bankruptcy Estate for the costs that Trustee Hays has incurred in defending against Debtor's specious and vindictive request. *See In re JIK Industries, Inc.*, 155 B.R. 321, 323 (Bankr. W.D.N.Y. 1993) (sanctioning a *pro se* party that moved to remove trustee "in an amount to compensate the estate for expenses incurred defending this motion to remove," where the court determined that there was no basis for removal and the motion was motivated by vindictiveness).

WHEREFORE, Trustee Hays respectfully requests that the Court (i) deny Debtor's request to remove Trustee from the Bankruptcy Case; (ii) Deny Debtor's motion to delay the continued

341 Meeting, (iii) Order the Debtor to produce the requested documents on Exhibit A, (iv) impose sanctions against Debtor in an amount necessary to compensate the Bankruptcy Estate for the expenses incurred by Trustee Hays in responding to the specious and meritless claims set forth in the Motion, and (v) grant Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 21 day of December, 2018.

By: _____
S. Gregory Hays, Trustee

**EXHIBIT "A" FOLLOWS**

# Greg Hays

| | |
|---|---|
| **From:** | Greg Hays |
| **Sent:** | Thursday, December 13, 2018 4:58 PM |
| **To:** | Cassandra Landry |
| **Subject:** | RE: Cassandra Landry / Chapter 7 Case Number 18-55697 |
| **Attachments:** | Landry Documents to Produce to Trustee Updated on 12-13-18.docx |

I updated the attached list and highlighted the most critical information that I must have.

Please provide ASAP.

**From:** Greg Hays
**Sent:** Thursday, December 13, 2018 4:35 PM
**To:** Cassandra Landry <cjlandry1967@gmail.com>
**Subject:** FW: Cassandra Landry / Chapter 7 Case Number 18-55697
**Importance:** High

Dear Mrs. Landry:

I originally requested the documents identified in the attached schedule be produced seven days in advance of your continued 341 Meeting which is scheduled for Tuesday, December 18th at 11:00. That deadline has passed and I must have the information requested by **Monday December 17th at noon** to provide me with time to prepare.

If the documents are not produced, I will have to recommend to the court that your case be dismissed.

**From:** Greg Hays
**Sent:** Thursday, December 06, 2018 3:12 PM
**To:** Cassandra Landry <cjlandry1967@gmail.com>
**Subject:** FW: Cassandra Landry / Chapter 7 Case Number 18-55697
**Importance:** High

The continued 341 Meeting is on December 18th and we need the requested documents.

**From:** Greg Hays
**Sent:** Wednesday, November 28, 2018 2:33 PM
**To:** Cassandra Lanssdry <cjlandry1967@gmail.com>
**Subject:** Cassandra Landry / Chapter 7 Case Number 18-55697

Dear Mrs. Landry:

1

Pursuant to your 341 Meeting of Creditors yesterday, attached is a summary of the documents I requested to be produced during the meeting along with issues that must be amended in your bankruptcy schedules.

Please provide the document at least 7 days in advance of your continued 341 meeting which is schedule for December 18th at 11:00

**S. Gregory Hays, CTP, CIRA**
**Managing Principal**
**Hays Financial Consulting, LLC**
2964 Peachtree Road, Suite 555
Atlanta, GA 30305-2153
Office: (404) 926-0051
Mobile: (404) 218-1088
Website: www.haysconsulting.net

### Cassandra Johnson Landry
### Case No. 18-55697

## Document to Be Produce to Trustee
## and Required Amendments to Schedules

On the Docket, Document #1, Page 26, Question 23 you indicated you had an annuity with a value of $100,000 with Northwestern Mutual and exempted on Schedule C. **Provide the most recent statement from Northwestern Mutual.**

On Document #1, Page 28, Question 31 you indicated you had life insurance with a value of $100,000 with Northwestern Mutual and $75,000 for Farmers New World and these cash values were exempted on Schedule C. **Provide the last statement from Northwestern Mutual and Farmers New World.**

*Victor Borowsky's phone number is 770-771-0606*

*Amend your answers to Question #21 and #31 based on the current values on the statements provided by Mr. Borowsky.*

*Provide you homeowner's insurance policy and including information on all specific riders for $5,000 of art and $15,000 in jewelry.*

*Provide a complete package on all three real properties and the mortgages you claim are fraudulent.*

*Provide current copy of the IRA statement for account you testified had less than $1,000.*

Pursuant to the prior 341 recording, you provided some additional information to the Chapter 13 trustee on the businesses that is not on the docket. ***Provide that information and amend your schedules as appropriate to list all your businesses.*** Amended schedule to add the value of the business to page 25 in question #19.

The schedules you filed in April indicate the value of the LLC is $600,000 and the Inc. is valued at $25,000. Identify the correct company name in your bankruptcy schedules. The Chapter 13 trustee stated on Docket #60 page 2 – "The Chapter 13 petition and schedules fail to disclose Debtor's interest in all corporations which are still active, in violation of 11 USC Section 521. Provide correct information on all businesses. ***Amend the schedules to show all business interests, proper values, and proper exemptions.***

Docket #60 on page 2 item 10 filed on 8/29/18 states: "Prior to the filing, Debtor transferred a business to her father. The Trustee requests documentation supporting the transfer, including bank account statements, or other proof of payment. The Trustee also requests a statement from the Debtor showing the justification for and purpose of the transfer and complete contact information for the transferee, so that the Trustee can determine whether the transfer is voidable under 11 USC Section 546, 547 and/or 548. ***Amend SOFA question #18 on Docket #1, page 16 and provide complete information on the transfer to your father.***

Pursuant to Docket #1 on page 15 filed on 4/3/18 you indicate you had three automobile accidents and stated you would provide detail on those claims. You testified there were only two automobile accidents. ***Amended your schedules to identify the two automobile accident claims and the value you place on those claims.***

You testified at the 341 meeting that Family and Children Services owed you $2 million. You did not schedule that claim and must amend the schedules. ***Amend you schedules to identify your claims against the Department of Family and Children's Services.***

You testified at 341 meeting that Department of Behavioral Health and Developmental Disabilities owed you $30 million. You did not schedule that claim and must amend the schedules. ***Amended your schedule to identify your claims against Department of Behavioral Health and Developmental Disabilities.***

The Chapter 13 trustee requested documents including all bank statements for all bank accounts used by Debtor and business since January 2017 including the Publix Credit Union account. You testified you did not produce all of this information to the Chapter 13 trustee. ***Provide a copy to me of all bank statements for you individually and your companies since January 2017.***

In your 341 meeting in the Chapter 13 case you testified that you disputed most all of the claim of creditors and indicated you planned to file objections. The Chapter 13 trustee stated: "Debtor disputes each and every claim filed in this cases, and intends to seek disallowance, in full or in part, of each claim. Debtor has not taken appropriate action to do so." "Debtor may not have enough debt to warrant a reorganization. Without a bankruptcy purpose, it may be inappropriate for Debtor to seek bankruptcy protection" 11 USC 1325(a)(7). You indicated at the 341 meeting on November 28 that you still disputed all claims. **Provide an updated schedule of all claims and the claims you dispute and amend your schedules as appropriate.**

**Provide your 2016 and 2017 complete tax returns and the tax return for the corporation.**

**Provide information on the Department of Treasury claim for $13,187 that you dispute.** This is mentioned on Docket #41 page 6.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the forgoing *Trustee's Response in Opposition to Debtor's Motion to Remove Trustee, And For Sanctions Against the Debtor* by depositing a copy of the same in the United States first class mail, with adequate postage affixed to ensure delivery to the following entities at the addresses stated:

Lindsay P. Kolba
Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Spring Street SW
Atlanta, GA 30303

Cassandra Johnson Landry
869 Natchez Valley Trace
Grayson, GA 30017

This 21 day of December, 2018.

_____
S. Gregory Hays