# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE: ) Case No.: 18-55697-LRC

Cassandra Johnson-Landey )

) Chapter: 7

Debtor(s)

**Objection to order Denying motion to Remove Trustee and submission of documents**

Debtor is submitting the above objections to Remove Trustee as outlined in the typed Format Dated January 17, 2019. Reasons for objection is outlined in Dated Document.

Dated: 1/17/19

Signature: Cassandra Johnson-Landey

Printed Name: Cassandra Johnson-Landey

Address: 869 Natchez Valley Trace
Grayson, Georgia 30017
678 860-3621

Phone:

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
| CASSANDRA JOHNSON-LANDRY | ) | CHAPTER 7 |
|  | ) |  |
| DEBTOR | ) | CASE NO: 18-55697-LRC |
|  | ) |  |

### Objection to Order Denying Motion to Remove Trustee and Submission of Documents

**1.**

Order was issued on January 11, but was not received until after 4pm on January 16th which appeared to have been intentionally facilitated in order for the Debtor to miss the deadline regarding the filing of this objection.

**2.**

Debtor received a letter of approval from the presiding judge, regarding employment of Herbert Broadfoot II PC. Counsel for the Chapter 7 Trustee S. Gregory Hays signed on January 9, 2019 and written on January 8, 2019. This action took place PRIOR to the debtors January 10, 2019 court which indicates malicious intent, premeditative planning/actions, biasness and lack of regard for the best interest of the estate.

**3.**

This action also raises the question of both racial/ethic biasness and discrimatory practices which are civil rights and Due Process violations. It was very apparent feedback provided by the Debtor was not important nor did the court allow the debtor to provide adequate real time verbal objection pertaining to the employment of Counsel for the Trustee, Again, indicating plans to liquidate the estate in a non-transparent manner.

**4.**

Forcing the debtor to contract with a Trustee who is very adversarial, disruptive and passive aggressive which causes both mental and emotional distress. I do fear for my life based on the trustee's unpredictable passive aggressive actions such as contacting particular creditors etc. to partner as ALLIES against the debtor personally which validates the estate's best interest not be the focus or priority.

**5.**

The trustee has access to various computerized systems which allowed him to begin the investigation of fraud upon the receipt of this case, however the focus appears to build a case against the Debtor personally in order to profit for any liquidation as a form of retaliation which has occurred on several occasions since this Trustee was assigned.

1

**6.**

Forcing the debtor to pay for the cost of legal counsel at the rate of 325.00 per hour for trustee which contradicts the purpose of being in bankruptcy. The rejection of dismissal of the Chapter 7 Trustee and employment of the Legal Counsel was planned to create additional financial distress onto the estate which is viewed as a form of retaliation.

**7.**

The person who is listed on the email submitted by the assigned Trustee, S. Gregory Hays is NOT the debtor. The list of requested items were sent electronically WITHOUT a Certificate of Service.

**8.**

The above action does not substantiate an official and valid document. The Trustee does not have the best interest of the estate as the priority in this case. Although the Trustee follow set policies, procedures and guidelines as required by the US Federal Bankruptcy Courts, it is very apparent he is choosing to utilize his authority in an unlawful manner against the Debtor, which is abusive and unethical.

**9.**

In regards to retaliation as the result of objecting to Orders, Reconsideration and more is considered unethical, fair and unjust. I do foresee this action as a remedy as the result of the filing of this motion via of attempting to obtain the entire estate utilizing illegal tactics.

**10.**

The Order for documents such as financial information is a mere tactic to assist the Chapter 7 Trustee with manipulating and possible modifying information for his self-gain to enhance his financial status/worth and is not related to the best interest of the estate. This is also being used to cover fraud conducted by peers and colleagues which were and are connected to all properties owned.

**11.**

Requesting an extension for the purpose of obtaining legal consultation and assistance regarding this matter.

**12.**

Regarding the competency level of S. Gregory Hays clarification is needed as his services list Forensic Accounting, but on record he stated he was a Trustee.

Date: January 17, 2019
Printed Name: Cassandra Johnson-Landry
Signed Name: *[signature]*
Address: 869 Natchez Valley Trace
      Grayson, Georgia 30017
      678.860.3621


Cc: Herbert C, Broadfoot II, PC, Chapter & Trustee Attorney
    2964, Peachtree Road, N. W. Suite 555. Atlanta Georgia

## CERTIFICATE OF SERVICE

This Certificate of Service was sent to S. Gregory Hays/Hays Financial Consultation LLC. via the United States Postal Service on the **17th day of January 2019.** Item submitted: Objection to Order Denying Motion to Remove Trustee and Submission of Documents, I am over the age of 18 years upon submission.

Mailing Address: 2964 Peachtree Road
           Suite 555
           Atlanta, Georgia  30305-2153

**Date: January 17, 2019**
**Printed Name: Cassandra Johnson-Landry**
**Signed Name:** *[signature]*
**Address: 869 Natchez Valley Trace**
       **Grayson, Georgia 30017**
       **6786.860.3621**

Cc: Herbert C, Broadfoot II, PC, Attorney for Chapter 7 Trustee. S. Gregory Hays
    2964, Peachtree Road, N. W. Suite 555. Atlanta Georgia  30305-2153

3

**IT IS ORDERED as set forth below:**

**Date: January 9, 2019**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | CASE NO. 18-55697-LRC |
| | : | |
| | : | |

## ORDER APPROVING EMPLOYMENT OF ATTORNEY FOR TRUSTEE SUBJECT TO OBJECTION

S. Gregory Hays, Trustee (the "**Trustee**") in the case of the above-named Debtor, filed his Application on January 7, 2019 [Docket No. 129] for approval of the employment of Herbert C. Broadfoot II, P.C. as Trustee's attorney. No notice of hearing on the Application is necessary. Pursuant to the certificate of service shown on the docket, Trustee served the

Application on the United States Trustee. The Application and accompanying Declaration demonstrate that Herbert C. Broadfoot II of the law firm is qualified to practice in this Court, that the law firm is disinterested and represents no interest adverse to the Debtor or the estate, and that this case justifies employment of counsel for the specified purposes. Accordingly, it is hereby

**ORDERED** that, pursuant to 11 U.S.C. Section 327 and Bankruptcy Rule 2014, the Application is **GRANTED** and the Trustee is authorized to employ Herbert C. Broadfoot II, P.C. as his attorney during this Chapter 7 case. It is further

**ORDERED** that compensation shall be paid to Herbert C. Broadfoot II, P.C. only upon notice, hearing, and approval by the Court of an appropriate application pursuant to 11 U.S.C. Sections 330 and 331, and Bankruptcy Rule 2016. It is further

**ORDERED** that this Order is entered subject to written objection by the United States Trustee or any other party in interest within twenty-one (21) days from the date of entry of this Order. Any objection to this Order shall be served on the United States Trustee, Trustee, and proposed counsel for Trustee. If an objection is timely filed, then proposed counsel for Trustee shall schedule a hearing on the Application and such objection pursuant to the Court's open Calendar Procedures, and shall provide notice of such hearing to the United States Trustee, Trustee, and the objecting party.

**END OF DOCUMENT**

Prepared and Presented this 8th day of January, 2019.

/s/ *Herbert C. Broadfoot II*

Herbert C. Broadfoot II

Proposed Attorney for Trustee

Georgia Bar No. 083750

HERBERT C. BROADFOOT II, P.C.

2964 Peachtree Road, NW, Suite 555

Atlanta, Georgia 30305

Telephone: (404) 926-0058

019505                                    1 1 0 0 9 0 1 9 5 2 4 0 2 6

## DISTRIBUTION LIST

**United States Trustee**

Lindsay P. Kolba

Office of the United States Trustee

362 Richard Russell Building

75 Ted Turner Drive, SW

Atlanta, GA 30303

**Trustee**

S. Gregory Hays

Hays Financial Consulting, LLC

2964 Peachtree Road, Suite 555

Atlanta, GA 30305

**Debtor**

Cassandra Johnson Landry

869 Natchez Valley Trace

Grayson, GA 30017

**Proposed Attorney for Debtor**

Herbert C. Broadfoot II

2964 Peachtree Road, NW

Suite 555

Atlanta, GA 30305



Cassandra Johnson Lowery
Case No.   18-55697

## Document to Be Produce to Trustee
## and Required Amendments to Schedules

On the Docket, Document #1, Page 26, Question 23 you indicated you had an annuity with a value of $100,000 with Northwestern Mutual and exempted on Schedule C.  *Provide the most recent statement from Northwestern Mutual.*

On Document #1, Page 28, Question 31 you indicated you had life insurance with a value of $100,000 with Northwestern Mutual and $75,000 for Farmers New World and these cash values were exempted on Schedule C.  *Provide the last statement from Northwestern Mutual and Farmers New World.*

*Provide contact information for your broker, Victor Browskey.*

*Amend your answers to Question #21 and #31 based on the current values on the statements provided by Mr. Browskey.*

*Provide you homeowner's insurance policy and including information on all specific riders for $5,000 of art and $15,000 in jewelry.*

*Provide a complete package on all three real properties and the mortgages you claim are fraudulent.*

*Provide current copy of the IRA statement for account you testified had less than $1,000.*

Pursuant to the prior 341 recording, you provided some additional information to the Chapter 13 trustee on the businesses that is not on the docket.  *Provide that information and amend your schedules as appropriate to list all your businesses*. Amended schedule to add the value of the business to page 25 in question #19.

The schedules you filed in April indicate the value of the LLC is $600,000 and the Inc. is valued at $25,000. Identify the correct company name in your bankruptcy schedules. The Chapter 13 trustee stated on Docket #60 page 2 – "The Chapter 13 petition and schedules fail to disclose Debtor's interest in all corporations which are still active, in violation of 11 USC Section 521. Provide correct information on all businesses. ***Amend the schedules to show all business interests, proper values, and proper exemptions.***

Docket #60 on page 2 item 10 filed on 8/29/18 states: "Prior to the filing, Debtor transferred a business to her father. The Trustee requests documentation supporting the transfer, including bank account statements, or other proof of payment. The Trustee also requests a statement from the Debtor showing the justification for and purpose of the transfer and complete contact information for the transferee, so that the Trustee can determine whether the transfer is voidable under 11 USC Section 546, 547 and/or 548. ***Amend SOFA question #18 on Docket #1, page 16 and provide complete information on the transfer to your father.***

Pursuant to Docket #1 on page 15 filed on 4/3/18 you indicate you had three automobile accidents and stated you would provide detail on those claims. You testified there were only two automobile accidents. ***Amended your schedules to identify the two automobile accident claims and the value you place on those claims.***

You testified at the 341 meeting that Family and Children Services owed you $2 million. You did not schedule that claim and must amend the schedules. ***Amend you schedules to identify your claims against the Department of Family and Children's Services.***

You testified at 341 meeting that Department of Behavioral Health and Developmental Disabilities owed you $30 million. You did not schedule that claim and must amend the schedules. ***Amended your schedule to identify your claims against Department of Behavioral Health and Developmental Disabilities.***

The Chapter 13 trustee requested documents including all bank statements for all bank accounts used by Debtor and business since January 2017 including the Publix Credit Union account. You testified you did not produce all of this information to the Chapter 13 trustee. ***Provide a copy to me of all bank statements for you individually and your companies since January 2017.***

In your 341 meeting in the Chapter 13 case you testified that you disputed most all of the claim of creditors and indicated you planned to file objections. The Chapter 13 trustee stated: "Debtor disputes each and every claim filed in this cases, and intends to seek disallowance, in full or in part, of each claim. Debtor has not taken appropriate action to do so." "Debtor may not have enough debt to warrant a reorganization. Without a bankruptcy purpose, it may be inappropriate for Debtor to seek bankruptcy protection" 11 USC 1325(a)(7). You indicated at the 341 meeting on November 28 that you still disputed all claims. **Provide an updated schedule of all claims and the claims you dispute and amend your schedules as appropriate.**

**Provide your 2016 and 2017 complete tax returns and the tax return for the corporation.**

**Provide information on the Department of Treasury claim for $13,187 that you dispute.** This is mentioned on Docket #41 page 6.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE: Cassandra Johnson-Lindsey )       Case No: 18-55697-LRC
_____ )
                                )       Chapter 7
_____ )
                                )
Debtor(s)                       )

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 year of age, and that on the ____ day of _____, 20__, I served a copy of Objection to order Denying motion to Remove Trustee and Submitting documents which was filed in this bankruptcy matter on the ____ day of _____, 20__.

Mode of service (check one):  ☒ MAILED        ○ HAND DELIVERED

Name and Address of each party served (If necessary, you may attach a list.):

D. Gregory Hays                           2964 Peachtree Road NW, Suite 555 Atl GA
Herbert C. Broadfoot II P.C.                                          30305-2153

                                          2964 Peachtree Road NW, Suite 555 Atl GA 30305-2153

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: 1/17/19          Signature: Cassandra Johnson Lindsey

                        Printed Name: Cassandra Johnson Lindsey

                        Address: 869 Natchez Valley Trace
                                 Grayson, Georgia 30017
                                 678 860 3621

                        Phone:

(Generic Certificate of Service – Revised 4/13)