UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                     )    CHAPTER 7
                                           )
**CASSANDRA JOHNSON LANDRY,**              )    CASE NO. **18-55697-LRC**
                                           )
DEBTOR.                                    )

## STANDING CHAPTER 13 TRUSTEE'S RESPONSE TO DEBTOR'S REQUEST TO RECONVERT TO CHAPTER 13

COMES NOW Melissa J. Davey, Standing Chapter 13 Trustee, and files her Response to Debtor's Request to Reconvert to Chapter 13, and respectfully shows the Court as follows:

1.

Debtor filed the instant case under Chapter 13 on April 3, 2018. Debtor's Plan was not confirmed. On September 13, 2018, Debtor filed a *Notice of Convertion* [sic] *from Chapter 13 to Chapter 7 Bankruptcy* (Doc. No. 72), and the case converted to Chapter 7 pursuant to 11 U.S.C. Section 1307. The Chapter 13 Trustee was discharged from the case on September 19, 2018.

2.

Debtor filed a *Notice of Convertion* [sic] *from Chapter 7 to Chapter 13 Bankruptcy* on February 14, 2019 (Doc. No. 154) ("Notice"), seeking to reconvert the case to Chapter 13. In the Notice, Debtor claims that she has a right to reconvert under 11 U.S.C. Section 706(a).

3.

The right to convert from Chapter 7 to Chapter 13 pursuant to 11 U.S.C. Section 706(a) is not absolute, as the right may be denied due to a debtor's bad faith. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S. Ct. 1105 (2007). Moreover, Debtor does not have a right to convert under 11 U.S.C. Section 706(a) because she previously converted this case from Chapter 13 to Chapter 7 pursuant to Section 1307.

4.

There is a split in authority as to whether the Court has discretion pursuant to 11 U.S.C. Section 706(c) or 706(d) to permit a debtor to reconvert a case from Chapter 7 to Chapter 13, following a prior conversion from Chapter 13 to Chapter 7.  Some cases hold that there is an absolute prohibition to reconversion, while others hold that a case may reconvert if the circumstances warrant it.  *See In re Baker,* 289 B.R. 764 (Bankr. M.D. Ala. 2003) (collecting cases); *In re Sellers,* 2005 Bankr. LEXIS 3520 (Bankr. S.D. Ga. May 6, 2005) (collecting cases); *In re Schweickert*, 2016 Bankr. LEXIS 1767 (Bankr. M.D. Fla. Apr. 19, 2016) (noting no controlling authority in the Eleventh Circuit and finding that the court has authority to reconvert if the circumstances warrant reconversion).

5.

In the instant case, even if Debtor has a right to reconvert, the reconversion should be denied based on her bad faith.  Specifically, Debtor is unlikely to propose a confirmable plan, and the creditors are more likely to benefit from a Chapter 7 liquidation.

6.

When Debtor originally filed this case under Chapter 13, the proposed Plan failed to provide for the payment of any debts.  Although the Plan was generally unintelligible, Debtor provided testimony at the Meeting of Creditors that she disputed *each and every* debt in her case.  Debtor's disavowal of debts and failure to propose a repayment plan for any debt indicated that there was no purpose served in filing a Chapter 13 other than to delay creditors. This demonstrates a lack of good faith by the Debtor in violation of 11 U.S.C. Section 1325(a)(3) and 1325(a)(7).

7.

On January 15, 2019, Debtor filed a *Submission of Fraud Statement* (Doc. No. 137), which seems to indicate that Debtor believes she is not subject to the laws of the United States, and that she is a "free inhabitant" domiciled outside the United States pursuant to the Articles of Confederation, despite the fact that she listed a Georgia

address on her petition.  Debtor appears to be relying on the legal arguments of the sovereign citizen movement, which are frivolous legal arguments and indisputably meritless.  *See Mack v. Sweet*, 2017 U.S. Dist. LEXIS 213283 (N.D. Tex. Dec. 4, 2017).[1] The fact that Debtor repudiates that she is subject to the laws of the United States, which include the Bankruptcy Code, makes it unlikely that she will propose a confirmable Chapter 13 Plan if she reconverts to Chapter 13.

8.

Prior to the conversion to Chapter 7, Chapter 13 Trustee filed *Objections to Confirmation* on May 30, 2018 (Doc. No. 31) and August 29, 2018 (Doc. No. 60) (collectively, "objections").  All of the 26 objections remained outstanding at the time the case converted to Chapter 7 on September 13, 2018, including Trustee's objections that Debtor failed to provide proof of income, failed to demonstrate good faith, and failed to propose an intelligible plan of repayment for her creditors.

9.

Pursuant to a review of the Chapter 7 Trustee's *Objection to Exemptions* filed February 12, 2019 (Doc. No. 153), and *Report of Assets* filed February 18, 2019 (Doc. No. 156), it appears that the Chapter 7 Trustee has identified an asset or assets which may be subject to liquidation for the benefit of Debtor's creditors.

10.

As it does not appear that Debtor is likely to propose a confirmable Chapter 13 plan, creditors may benefit from the case remaining in Chapter 7. Further, Debtor's disavowal of all debts and repudiation that she is subject to the laws of the United States reflect bad faith, which justifies the denial of Debtor's request to convert to Chapter 13.

---

[1] It further appears that Debtor is quoting, word for word, language authored by Paul John Hansen for use in litigation involving Kent E. Hovind.  *See* WordPress blog of Paul John Hansen, *available at* http://www.pauljjhansen.com/?p=350, published June 10, 2011.  Both Mr. Hansen and Mr. Hovind appear to enjoy notoriety within the sovereign citizen movement.  Trustee notes that Mr. Hansen was enjoined from the unauthorized practice of law by the Supreme Court of Nebraska, which rejected his assertion that he was a "free inhabitant," and found his conduct to pose a risk of harm to the public.  *State v. Hansen*, 834 N.W.2d 793 (Neb. 2013).

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court deny Debtor's request to reconvert to Chapter 13 and for such other relief as this Court deems just and proper.

This _22_ day of February, 2019.

Respectfully submitted,

/s/

Mandy K. Campbell
GA Bar No. 142676
Attorney for Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, GA 30303
678-510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| CASSANDRA JOHNSON LANDRY | ) | CASE NO.: 18-55697-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

18-55697-LRC                    **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Response using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Heather D. Bock    heather.bock@mccalla.com,
bankruptcyecfmail@mccalla.com;BankruptcyECFMail@mrpllc.com
Herbert C. Broadfoot    bert@hcbroadfootlaw.com
Neil C. Gordon    angela.ford@agg.com,
carol.stewart@agg.com;ngordon@ecf.epiqsystems.com;ecf.alert+Gordon@titlexi.com
Whitney W. Groff    wgroff@law.ga.gov
S. Gregory Hays    ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com
A. Michelle Hart Ippoliti    Michelle.ippoliti@mccalla.com, bankruptcyecfmail@mccalla.com
Brian K. Jordan    ecfganb@aldridgepite.com, bjordan@ecf.inforuptcy.com
David S. Klein    dklein@randllaw.com,
yalamin@randllaw.com;1030641420@filings.docketbird.com
Lindsay P. S. Kolba    lindsay.p.kolba@usdoj.gov, lisa.maness@usdoj.gov
Andrew Houston McCullen    ecfganb@aldridgepite.com, amccullen@ecf.inforuptcy.com
L. Stephen O'Hearn    sohearn@meyersayers.com, ohearnnotices@gmail.com
Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
John D. Schlotter    John.schlotter@mccalla.com, bankruptcyecfmail@mccalla.com
Gregory M. Taube    greg.taube@nelsonmullins.com,
ayo.uboh@nelsonmullins.com;cynthia.harris@nelsonmullins.com
Robert Trauner    GA03@ecfcbis.com
Maria A. Tsagaris    maria.tsagaris@mccalla.com,
BankruptcyECFMail@mccallaraymer.com;mt3@mccallaraymer.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| CASSANDRA JOHNSON LANDRY | ) | CASE NO.: 18-55697-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

DEBTOR(S):
CASSANDRA JOHNSON LANDRY
869 NATCHEZ VALLEY TRACE
GRAYSON, GA 30017

February 22, 2019.

/s/
Mandy Campbell
GA Bar No. 142676
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:    678-510-1450