FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2019 MAR 28  AM 11: 12

M. REGINA THOMAS

BY
DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 7** |
| | ) | |
| **CASSANDRA JOHNSON-LANDRY** | ) | **CASE NO: 18-55697-LRC** |
| **(DEBITOR)** | ) | |
| | ) | |
| | ) | |
| | ) | |

## OBJECTION TO THE CHAPTER 13 TRUSTEE'S DENIAL FOR CONVERSION

COME NOW CASSANDRA JOHNSON-LANDRY, PRO-SE( CREDITOR), filing her response

to the Trustee's Denial for reconversion to Chapter 13, revealing views and statements which

are discriminatory, bias and personal as it pertains to the Chapter 13 Trustee.

1.

Creditor filed Chapter 13 on April 3, 2018. The Debtor later converted to Chapter 7 on

September 14, 2018 resulting in the discharge of the assigned Chapter 13 Trustee. Debtor

converted due to additional  amount of money required by the court monthly, while knowing

there was excessive fraud of various types on both personal and commercial properties.  The

Debtor's plan was not confirmed due to the assigned Chapter 13 Trustee and the current Chapter

7 Trustee not performing required duties

2.

In fact there was not concern regarding the Debtor's under Chapter 13, assuming they did not

have a clear understating of the Bankruptcy Process and Statutes. Given the Bankruptcy court is

PRIVATE INSTITIUTION funding under FEDERAL guidelines/policies and Procedures

without appropriate judicial oversight, why should there not be any effort to assist Petitioners.

3.

to providing intentional excuses regarding Debtor's to assist in the facilitation of exploiting both

Debtor and Co-Debtor based on their financial status and race. The non-confirmation Chapter 13

Trustee plan was deliberately orchestrated for financial gain. The Chapter 13 Trustee intentions

of assisting the Debtor and Co-debtor with Debt Relief and with the investigation of fraud did

was not the intentions of their "mission of protecting the. The goal was to UNLAWFULLY

acquire EVERY valuable assets owned by both Debtor and Co-Debtor and to protect the dirty

hands of colleagues.

2.

Due to the newly assigned Chapter 7 Trustee not lawfully performing required duties to include

the investigation of various fraud, filing required adverisial actions against creditors when

needed and or required, the Trustee was given COMPLETE control of the Debtor estate by the

presiding Judge and was allowed engage in any and all behaviors which were unethical. The

Chapter 7 Trustee's focus was to steal and liquidate the Debtors Commercial Properties,

Retirement and participating in the engagement of obvious negotiations without the consent and

or knowledge of Debtor, The Debtor requested to convert back to Chapter 13 on February 14,

2019. The Debtor did not claim she had the right to convert under 11 U.S.C. Section 706(a). The

Debtor utilized such statues to support her request.  Such tone used by the Chapter 13 Trustee

regarding the above statement appeared emotionally bias towards the Debtor.

3.

"Bad Faith" is a utilized in the context of others who may display or practice deceptive tactics,

not fulfilling stated obligations such as debts or contractual affairs. The Chapter 13 Trustee

utilized this term to a support her personal decision. No lawful decision should be finalized based

on both subjective and skewed opinions and views. Given the Debtor previously exposed both

Trustees, Chapter 13 and 7 unethical and conflictual dealings, regarding the asset of the Debtor

and Co-Debtor, the denial is unjust and retaliatory. The exposure of hidden agenda which rarely

are challenged by FEW Petitioner is rarely seen in a physical judicial venue.


4.

As cited by the Legal Counsel, Mandy Campbell Esq, for the Chapter 13 Trustee, Melissa Davey

under the United States Bankruptcy Court of the Northern District, "There is a split in authority

as to either the court has discretion under the 11 U.S.C Section 706. Subjectively, the meaning

clearly defines there is a level of subjectivity. Furthermore, referencing the Eleventh Circuit

having not controlling authority to reconvert?


5

The Petitioner did file a "FRAUD STATEMENT", on January 15, 2019. According to paragraph

7 of the Trustee 13 Objection, clear assumption and subjective statement were made such as,"

the Petitioner believed, "SHE IS NOT SUBJECT", to the laws of the land is a "Free Inhabitant".

From the Petitioner's view such references are racially bias and discriminatory. The purpose of

Law and Order is to maintain a fair and judicial infrastructure of all persons. Referencing the"

Articles of Confederation" is NOT appropriate. The Government did not grant free inhabitants

all privileges and immunities to free citizens in several states. I would suggest additional

knowledge be explored, prior to using such statements.


6.

There is no, "MOVEMENT" by the Petitioner. It is a individuals CHOICE and RIGHT to

exercise all appropriate actions on the United Stated Constitution as there are several version of

the United Stated Constitution, I am presuming the referenced "MOVEMENT" must pertain to

the those within a judicial system to NOT protect fair and equal treatment to person of color and

or other individuals who are viewed as not meeting, a CERTAIN STATUS OR STANDARD".

This allows for illegal and unethical processes resulting in the illegally taking of individual's

assets and more. In order words. Of course the Petitioner, will NEVER be seen as being in

"GOOD FAITH" as long as Judicial Officials assume there are can be taken illegally. Terms

such as "Sovereign Movement" and "Intelligent "are ~~clearing~~ used to describe the Petitioner's

Character and creates a premise for defamation.


Submitted this day 25th of March 2019.

Cassandra Johnson- Landry
P.O. BOX 1275
GRAYSON, GEORGIA 30017
678.860.3621
Cjlandry1967@gmail.com

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

IN RE: _Cassandra Johnson Brady_   Case No.: _18-55697-LRC_

Chapter _7_

Debtor(s)

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 year of age, and that on the _28_ day of _March_, 20_18_ served a copy of

_____

which was filed in this bankruptcy matter on the _3_ day of _April_ 20_18_

Mode of service (check one):   ☒ MAILED   ☐ HAND DELIVERED

Name and Address of each party served (If necessary, you may attach a list):

_Melissa Davey M Candy Campbell_
_Attorney for Chapter 13 Trustee_
_260 Peachtree Street, Suite 200_
_Atlanta GA 30303_

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: _28th of March 2019_   Signature: _Cassandra Johnson Brady_

Printed Name: _Cassandra Johnson Brady_

Address: _8691 Su_
_8697 Natchez Valley Trace_
_Grayson, Georgia 30017_

Phone: _678 860 3621_

(Generic Certificate of Service – Revised 4/13)