**IT IS ORDERED as set forth below:**



**Date: July 12, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

### __ORDER__

Before the Court is the Objection to Order Denying Motion to Remove Chapter 7 Bankruptcy Trustee and Submission of Documents (the "Objection") (Doc. 138, as amended by Doc. 140)), filed by Cassandra Landry ("Debtor").

On December 7, 2018, Debtor filed a motion to remove Greg S. Hays (the "Trustee") as the Chapter 7 trustee of her bankruptcy estate (the "Motion to Remove"). *See* Doc. 111). The Court held a hearing on the Motion to Remove on January 10, 2019, at the conclusion of which, the Court found no cause to remove the Trustee. The Court,

therefore, denied the Motion to Remove and further ordered Debtor to cooperate with the Trustee by producing documents to the Trustee and by attending the meeting of creditors scheduled for January 22, 2019. *See* Doc. 134.

On January 17, 2019, Debtor filed the Objection. In the Objection, Debtor appears to seek reconsideration of the Court's order denying the Motion Remove and of the Court's order to Debtor to cooperate with the Trustee. The Objection provides no legal basis upon which reconsideration would be appropriate. At the hearing, Debtor failed to establish any cause for removal of the Trustee, as required by § 324 of the Bankruptcy Code, and nothing in the Objection supports reconsidering the Court's ruling. *See* Fed. R. Bankr. P. 9023.

Rather, Debtor appears to suggest that she should be relieved from the obligation of producing documents to the Trustee because she intends to sue her creditors on her own behalf. Debtor is obligated under § 521(a) of the Bankruptcy Code to provide requested documents and information to the Trustee. Debtor's intentions to deal directly with her creditors does not obviate her obligation to cooperate with the Trustee. Accordingly, Debtor's request to "dismiss the documentation request" and for reconsideration of the Court's Order denying the Motion to Remove is **DENIED**.

2

**END OF DOCUMENT**

**Distribution List**

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

Lindsay P. S. Kolba
Office of the U.S. Trustee
Suite 362
75 Ted Turner Drive, S.W.
Atlanta, GA 30303