**IT IS ORDERED as set forth below:**

**Date: July 12, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the Response to Denial of Debtors Motion to Convert (the "Response") (Doc. 187), filed by Cassandra Landry ("Debtor").

On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On September 13, 2018, Debtor voluntarily converted her bankruptcy case to a case under Chapter 7. *See* Doc. 72. S. Gregory Hays (the "Chapter 7 Trustee") was appointed as trustee. The Chapter 7 Trustee filed a notice of assets and requested the setting of a claims bar date. Since that time, the Chapter 7 Trustee has abandoned the

bankruptcy estate's interest in most of Debtor's disclosed assets, including all of Debtor's real property.

On February 14, 2019, Debtor moved to reconvert her case to Chapter 13 (the "Motion to Reconvert").  Following a hearing held on March 28, 2019, the Court denied the Motion to Reconvert because the Chapter 7 Trustee is administering assets for the benefit of Debtor's creditors and Debtor's conduct during this case supports the conclusion that reconversion to Chapter 13 would not result in the confirmation of a Chapter 13 plan or payment to creditors.[1]

On June 11, 2019, Debtor filed the Response.  The Response appears to seek reconsideration of the Court's order denying the motion to reconvert.  Under Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Court may revise its decision "at any time before the entry of a final judgment adjudicating all the claims and all the

---

[1] Debtor complains about the Court's statements throughout the course of these proceedings regarding the fact that the Chapter 7 Trustee is the proper party to make decisions about the bankruptcy estate's interest in assets and claims.  She has also objected to the fact that the Chapter 7 Trustee has, in the course of his investigation of her financial affairs, made certain inquiries regarding her assets.  Contrary to Debtor's belief that she is being singled out and discriminated against and that the parties and the Court are engaged in a great conspiracy against her, this case is not extraordinary.  During these proceedings, the Court has simply and correctly stated the law—Debtor voluntarily chose to convert her case to Chapter 7, under which the trustee is the proper party to sue and be sued, 11 U.S.C. § 322, and the proper party to determine whether to abandon or liquidate assets.  The Chapter 7 Trustee is simply performing his statutory duties.  *See* 11 U.S.C. § 704.

parties' rights and liabilities."  FED. R. CIV. P. 54(b); *see also In re Otero County Hospital Association, Inc*., 585 B.R. 161, 165 (Bankr. D.N.M. 2018).  "Though Rule 54(b) does not provide any guidelines for determining whether reconsideration of a non-final order is appropriate, courts within the Eleventh Circuit have agreed that 'a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice.'" *In re White*, 2017 WL 2601891, at *2 (Bankr. N.D. Ga. June 15, 2017) (Hagenau, J.); *see also Ankeney v. Zavaras*, 524 F. App'x 454, 458, 2013 WL 1799997, at *3 (10th Cir. 2013); *In re Sciortino*, 561 B.R. 245, 250 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.).

The Response states no factual or legal basis that would satisfy Rule 54(b).  Debtor points to no intervening change in controlling law or newly discovered evidence that was not available to Debtor at the time of the hearing on the Motion to Reconvert and does not establish that the Court erred in denying the Motion to Reconvert.  Rather, the Response is replete with personal attacks on the integrity of the Court and the personality and competence of the Chapter 7 Trustee[2] that are not relevant to the issue of whether

---

[2] Debtor's concerns regarding the Chapter 7 Trustee's qualifications to serve in this case are unfounded and were

3

Debtor's case should be reconverted to Chapter 13.  The Response fails to address the reasons relied upon by the Court for denying the Motion to Reconvert—that Debtor has no intention of reorganizing in Chapter 13 and paying her legitimate creditors, while a Chapter 7 administration will benefit creditors and Debtor, to the extent that Debtor is eligible to receive a Chapter 7 discharge.  The Court remains convinced that whatever issues of fraud Debtor believes exist with regard to her secured creditors are best litigated in another forum.  Such a result is consistent with the purposes of this Court and the Bankruptcy Code, and the denial of the Motion to Reconvert was the appropriate holding under the circumstances of this case.

For this reason, the Response, to the extent that it seeks reconsideration of the Court's order denying the Motion to Reconvert, is, **DENIED**.

**END OF DOCUMENT**

**Distribution List**

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555

---

previously addressed when Debtor filed a motion to remove the Chapter 7 Trustee.  Debtor was given an opportunity to be heard regarding what she alleged were conflicts of interest that prevented the Chapter 7 Trustee from serving in this case.  Following the hearing, the Court denied the motion to remove.  *See* Doc. 134.  Contrary to Debtor's statements in the Response, there is no requirement that a Chapter 7 trustee be an attorney or that he or she be an individual with whom the debtor feels comfortable personally.  *See* 11 U.S.C. § 321(a).

2964 Peachtree Road
Atlanta, GA 30305

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

Lindsay P. S. Kolba
Office of the U.S. Trustee
Suite 362
75 Ted Turner Drive, S.W.
Atlanta, GA 30303