# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CASSANDRA JOHNSON- LANDRY**                **Case No. 18-55697-LRC**

**DEBTOR**

**CASSANDRA JOHNSON-LANDRY**
**PLAINTIFF**

---

## OBJECTION: NOTICE OF CERTAIN PROPERTY OF THE ESTATE

---

Debtor, Cassandra Johnson-Landry is in receipt of S. Gregory Hays, Chapter 7 proposal to abandon the following property due to property being burdensome, pursuant to 6007 U.S.C 5549s) and the Federal Bankruptcy Code 6007. (EXHIBIT A) and (EXHIBIT B).

Presiding Judge dismissed Plaintiffs Adversarial Proceeding No: 19-05218 on November 15, 2019 based on content noted (EXHIBIT C).

Objection to Plaintiffs Dismissal was submitted timely, however the Chapter 7 Trustees order to ratify, join or substitute into the complaint must take place within 14 days from November 15th, 2019. DEBTOR/Plaintiff received communication by US. First Clast Mail December 5th, 2019 (EXHIBIT D).

Plaintiff received an unofficial/unscanned overview of requested items, which Trustee stated were never submitted to him, by the Debtor/Plaintiff which was false. (EXHIBIT D). This was the Trustees attempt to cover himself, as he did not follow federal protocol nor did he make any reports to the Department of Justice regarding Fraudulent activity by others. I know for a fact discrimination is a key factor for his unjust actions.

Although, the Chapter 7 Trustee has the ability to Abandon property etc. as outlined within the Federal Bankruptcy Guidelines, The Debtor/Plaintiff completed a Statement of Intention which designated all items, which were not to be liquidated upon transfer to Chapter 7. Also, the Chapter 7 trustee was notified of Mortgage

1

Fraud regarding all Real Property, but took it upon himself to neither report or investigate all false claims which were filed under my bankruptcy,

Trustee immediately, assisted in the fraudulent Foreclosure, Eviction and Sale of two commercial properties. The presiding judge were provided with false facts regarding the property not realizing both properties were involved in a Ponzi Scheme resulting in multiple owners of each commercial properties. This was revealed by the Debtor and placed on record. The Trustee did not even investigate the Ponzi scheme and Fraudulent Conveyance, but he appeared to have obtained his percentage. Both Commercial Properties were involved in Wire, Mail and Bank Fraud in excess of over 300 thousand for each property.

There was no investigation regarding the about list fraud. The building were STOLEN from the Debtor and were NOT IN DEFAULT. It was very obvious all profits were dispersed to colleagues and both building were resold FRADULENTLY.

Debtor/Plaintiff converted to Chapter 7 on the 9th day of September, 2018. The creditors' *PROOF OF CLAIMS*, were already filed which carried over to the Debtors Chapter 7 case, however Trustee, allowed Fraudulent Creditors and Government Entities to file Proof of Claims under a new deadline.

Debtor is aware of the correlation of the collection of money from non-exempt liquidation contributing to money owed to creditors, however, Debtor was previously paying into the previous Chapter 13 account. Money was accumulated, but returned to the Debtor. This also contributed to the Chapter 13 Trustee not investigating and reporting the EXCESSIVE Mortgage Fraud.

The Real Property which were abandoned had no equity due to EXCESSIVE fraudulent loans taken out against each property without Debtor knowledge. However, it appears Trustee is very aware of who the responsible parties are. This also include the commercial properties.

<u>CONCLUSION</u>

As stated, Debtor/Plaintiff is objecting the Abandonment of Adversarial Cases to include named Defendants, Real Property and ALL Claims from both pre and post petitions. It's very apparent the Trustee is attempting to transfer the blame for not performing his job duties, while collecting his percentage from Debtors estate. In my opinion it is the Trustee's plan to liquidate the estate in a slow and unethical manner without validating all filed Proof of claims. Regardless, validation must occur.

As I continuously state listed mortgages were not generated by the Debtor/Plaintiff.  So, why are items being liquidated: 3556 Habersham at Northlake, Bldg H, Tucker Ga 30084 and 3547 Habersham at Northlake Blg F, Tucker Ga. Let's not forget the 310k and 101k Wire Transfers for the commercial properties as down payment. According to the Trustee no

debts were paid, so where is the money id the bldgs. were sold?  Also, if money owed by the Debtors, isn't it the Trustee's job to obtain all outstanding money owed to Debtor referring to items 3, 4 and 5 (EXHIBIT A). It appears to me the Trustee has collected money from items 3, 4 and 5 according to reported sources.

The Abandonment will provide and assist with the complete Dismissal of Adversary Proceeding 19-05218 and also assist with covering any and all illegal acts of fraud. All documents were uploaded into the Debtor's/Plaintiff's Bankruptcy Case Number 18-55697-LRC

16th Day of December 2019

Cassandra Johnson-Landry
P.O. Box 1275
Grayson, Georgia 30017
678.8603621

3

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

---

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day 16TH day of December 2019 **OBJECTION TO ABANDONMENT** within and foregoing by depositing a copy to listed parties via United States Mail. I am over the age of 18 years of age.

**S. GREGORY HAYS, CHAPTER 7 TRUSTEE**
**HAYS FINANCIAL CONSULTATION**
**2964 Peachtree Road, Suite 555**
**Atlanta, Georgia 30305-2153**

**HERBERT BROADFOOT, Esq**
 **Attorney for S. Gregory Hays, Chapter 7 Trustee**
 **2964 Peachtree Road, Suite 555**
**Atlanta, Georgia 30305-2153**

 **CASSANDRA JOHNSON-LANDRY, Pro Se**
**P.O. BOX 1275**
**Grayson, Georgia 30017**
**678.860.3621**

4

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA ATLANTA

**CASSANDRA JOHNSON- LANDRY**
**PETITIONER/DEBTOR**

**BRC NUMBER**

**18-55697LRC**

## MOTION FOR REQUEST FOR TRUSTEE REPORT

Petitioner request the following item from the Assigned Trustee CHAPTER 7 S. Gregory Hays

1. Efforts taken regarding reported Mortgage Fraud for Real Properties PRIOR TO ABANDONMENT.
2. Efforts taken regarding Commercial Mortgage and Wire Fraud regarding Commercial Properties PRIOR to Life of Stay, Which led to Foreclosure, Sale or other.
3. Money obtained from Personal Injury Case on 11.29.16 involving Willie Gary Firm.
4. Money obtained from Family and Children Services owed to Petitioner.
5. Investigation of Modified Transcripts for DHR Administrative Services which caused Petitioner to loose case which led to the non-filing of 30 million dollar lawsuit by Dorian Murry Esq who represented agency.
6. All money paid to Creditors and Names of Creditors
7. Investigation of Disputed and False Claims

Petitioner is requesting a **COMPLETE** report identifying money received, amount and entity receiving any and all monies.

24ᵗʰ Day of November 2019

Respectfully Submitted,

By

Cassandra Johnson Landry, Pro Se
P.O. Box 1275
Grayson, Georgia 30017
678.8603621

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                          :        CHAPTER 7
                                                :
CASSANDRA JOHNSON LANDRY                         :        CASE NO. 18-55697-LRC
                                                :
        Debtor.                                 :

### NOTICE OF ABANDONMENT OF CERTAIN
### PROPERTY OF THE ESTATE

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. § 554(a) and Federal Rule of Bankruptcy Procedure 6007, S. Gregory Hays, Chapter 7 Trustee ("Trustee") for the above-captioned estate, proposes to abandon the following described property as burdensome, fully exempt with no equity, and/or of inconsequential value and benefit to Debtor's estate:

> **Any and all claims, scheduled or unscheduled, referred to by Debtor in the attached "Motion For Request For Trustee Report" including without limitation personal injury claims**

> **Any claim for damages arising from prepetition conduct by Defendants named in Adversary Proceeding No. 19-05218**

**PLEASE TAKE FURTHER NOTICE** that any objections to this proposed abandonment must be filed with the Clerk of the United States Bankruptcy Court, 1340 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303 and served upon the Trustee at the address shown below within fourteen (14) days from the date of service of this Notice. If no objection is filed, the proposed abandonment shall be effective as provided in Federal Rule of Bankruptcy Procedure 6007 without further notice, hearing or order of the Court. If an objection is timely filed, a hearing thereon will be scheduled with notice provided to the objecting party or parties, the Trustee, the U.S. Trustee, and counsel to the Debtor.

This 5th day of December, 2019.


                                        /s/ S. Gregory Hays
                                        S. Gregory Hays
                                        Chapter 7 Trustee


Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, GA 30305
(404) 926-0060

# EXHIBIT C



**IT IS ORDERED as set forth below:**

**Date: November 15, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

---

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | BANKRUPTCY CASE |
| | : | 18-55697-LRC |
| Debtor. | : | |
| | : | |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | ADVERSARY PROCEEDING |
| | : | NO. 19-5218-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| H&R BLOCK MORTGAGE LLC, | : | |
| MORTGAGE ELECTRONIC SYSTEMS, | : | |
| OPTION ONE MORTGAGE, OCWEN LOAN | : | |
| SERVICING, LLC, PHH MORTGAGE | : | |
| SERVICES, DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the motion to dismiss (the "Motion") filed by defendants

Ada Services Corporation f/k/a H&R Block Mortgage Corporation ("Ada") and

1

Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon", and collectively with Ada, the "Defendants") (Doc. 15). The Motion seeks dismissal of a complaint (the "Complaint") filed by Cassandra Johnson Landry ("Plaintiff") against the Defendants for failure to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. Debtor opposes the Motion.

## I.  **Procedural History and Facts**

On April 3, 2018, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Case Number 18-55697-LRC the "Bankruptcy Case").[1] Plaintiff voluntarily converted the Bankruptcy Case to Chapter 7 on September 13, 2018. Bankruptcy Case, Doc. 72. On February 15, 2019, S. Gregory Hays ("Trustee"), the trustee of Plaintiff's bankruptcy estate, filed a notice of abandonment (the "Notice") with regard to real property known as 1440 Highland Lake Drive, Lawrenceville, GA 30045 (the "Property"). No objections were filed to the Notice.

Plaintiff filed the Complaint on May 22, 2019. Thereafter, the Defendants

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13–20039–TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

002825     42005002830015

filed the Motion, seeking dismissal of the Complaint for failure to state a claim.

Liberally construed, the Complaint alleges that, in April 2004, Plaintiff and her husband, Ivy Landry, purchased the Property from Timothy and Karen Hester. At the time Plaintiff purchased the Property, the Property was scheduled for foreclosure within the next seven days. The closing occurred on April 5, 2004, and a promissory note and security deed were signed. The law firm of Hardwick and Jackson (the "Law Firm") "facilitated the complete transaction," but the Law Firm had not been "authorized to conduct or facilitate any loan process for [the lender, Ada]." The Law Firm executed an unauthorized security deed and note. Ada did not have any representation at the closing. Prior to closing, Plaintiff provided the Law Firm with earnest money, but Ada was unaware of the deposit into the Law Firm's account. In 2005, the Law Firm created a deed under "Option One Mortgage" [n/k/a Sand Canyon]. Plaintiff was unaware of the Law Firm's wrongdoings during the closing process and did not become aware of the alleged fraud until she conducted extensive research because she and her husband suffered financial difficulties. In or around 2018-2019, Attorney Nathaniel Hardwick of the Law Firm was "sentenced and voluntarily surrendered" his Georgia law license.

In the Complaint, Plaintiff seeks temporary and permanent injunctions against disposition of the Property on the basis that the security deeds against the Property are fraudulent, damages to be proven at a jury trial in the amount of $85

3

million, and an order requiring all credit reporting agencies to correct all derogatory information regarding the Property.

## II. Conclusions of Law

The Court is required to examine its subject matter jurisdiction at the earliest opportunity. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). In doing so, the Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *See id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court may exercise "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811 (11th Cir. 2006). None of the relief sought by Plaintiff implicate matters that arise under the Bankruptcy Code or matters that arise in cases under the Bankruptcy Code. They are not causes of action created by the Bankruptcy Code and they can exist outside of the bankruptcy context. Accordingly, this Court lacks jurisdiction over Plaintiff's claims unless they are "related to" the Bankruptcy Case.

4

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.'" *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004).

Having considered the Complaint and the facts concerning the Bankruptcy Case, the Court concludes that the injunctive relief sought in the Complaint is not 'related to' the Bankruptcy Case. The Bankruptcy Case is a liquidation, rather than a reorganization. As the Trustee has abandoned the Property, the bankruptcy estate has no interest in the Property or in whether any party disposes of the Property. Neither will the bankruptcy estate be impacted in any way if Defendants are

5

42005002830033

ordered to correct any credit reporting made with regard to the Property. *See, e.g.,*
*In re Maxwell*, 2012 WL 3678609, *8 (Bankr. N.D. Ga. Aug. 2, 2012) (Mullins, J.)
(holding that a complaint to determine the validity of the mortgage creditor's lien
on property that has been abandoned by the Chapter 7 trustee is also not a "related
to" matter because there is "simply no nexus between" the complaint and the
related bankruptcy case); *In re Skillings*, 2012 WL 7009704, at *2 (Bankr. N.D.
Ga. Nov. 6, 2012) (Diehl, J.) (dismissing complaint for lack of subject matter
jurisdiction because the claims were "based on state law and nonbankruptcy
federal law, and the Property to which all of the claims relate[d] [was] not property
of the bankruptcy estate"). Accordingly, the Court lacks subject matter jurisdiction
over those claims, and they must be dismissed, pursuant to Rule 7012(b).

As to the claim for damages, the Trustee has not expressly abandoned any
causes of action and continues to investigate other assets. Accordingly, any claim
for damages arising from Defendants' prepetition conduct remain property of
Plaintiff's bankruptcy estate. *See* 11 U.S.C. § 541(a). Resolution of such claim in
Plaintiff's favor would impact the bankruptcy estate and, therefore, the Court has
"related to" subject matter jurisdiction over the damages claim.

That being said, Plaintiff is not the real party in interest to bring the claim, as
Trustee is the proper party to sue and be sued. *See* 11 U.S.C. § 323(b). "When a
third party tries to assert an action still vested in the trustee, the court should

6

dismiss the action." *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (citing *Pierson & Gaylan v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1253–54 (5th Cir. 1986); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131–32 (2d Cir. 1984)).  Rule 17(a)(3) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7017, provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  For this reason, the Court will not dismiss the damages claim without allowing Trustee an opportunity to ratify, join, or be substituted.

**III.  Conclusion**

For the reasons stated above, the Court concludes that the Court lacks subject matter jurisdiction over Plaintiff's requests for injunctive relief and that Plaintiff is not the real party in interest with regard to the damages claim. Therefore,

IT IS ORDERED that the portions of the Complaint seeking injunctive relief are DISMISSED for lack of subject matter jurisdiction;

7

IT IS FURTHER ORDERED that the Trustee shall have fourteen (14) days within which to seek to ratify, join, or be substituted into the remaining portion of the Complaint;

IT IS FURTHER ORDERED that, if Trustee fails to take such action within the time allowed, the Court will dismiss the remainder the Complaint without further notice or hearing.

**END OF DOCUMENT**

## DISTRIBUTION LIST

Gary J. Toman
Weinberg, Wheeler, Hudgins, Gunn & Dial
3344 Peachtree Rd NE
Suite 2400
Atlanta, GA 30326

Cassandra Johnson Landry
869 Natchez Valley Trace
Grayson, GA 30017

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

002825      4200500283042

**IT IS ORDERED as set forth below:**



**Date: November 15, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **CASE NUMBERS** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | BANKRUPTCY CASE |
| | : | 18-55697-LRC |
| Debtor. | : | |
| | : | |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | ADVERSARY PROCEEDING |
| | : | NO. 19-5218-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| H&R BLOCK MORTGAGE LLC, | : | |
| MORTGAGE ELECTRONIC SYSTEMS, | : | |
| OPTION ONE MORTGAGE, OCWEN LOAN | : | |
| SERVICING, LLC, PHH MORTGAGE | : | |
| SERVICES, DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the motion to dismiss (the "Motion") filed by defendants

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic

1

Registration Systems, Inc. ("MERS"), PHH Mortgage Services ("PHH"), and Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-OPT2, Mortgage-Pass-Through Certificates, Series 2006-OPT2 ("Deutsche Bank," and collectively with Ocwen, MERS, and PHH, the "Defendants") (Doc. 16). The Motion seeks dismissal of a complaint (the "Complaint") filed by Cassandra Johnson Landry ("Plaintiff") against the Defendants because it is an improper "shotgun pleading" and, alternatively, for failure to state a claim upon which relief can be granted in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed. *See* BLR 7007-1(c).

## I.  **Procedural History and Facts**

On April 3, 2018, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Case Number 18-55697-LRC the "Bankruptcy Case").[1] Plaintiff voluntarily converted the Bankruptcy Case to Chapter 7 on September 13, 2018. Bankruptcy Case, Doc. 72. On February 15, 2019, S. Gregory Hays ("Trustee"), the trustee of Plaintiff's bankruptcy estate, filed a notice of

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13–20039–TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

002825   42005002830051

abandonment (the "Notice") with regard to real property known as 1440 Highland Lake Drive, Lawrenceville, GA 30045 (the "Property").  No objections were filed to the Notice.

Plaintiff filed the Complaint on May 22, 2019.  Thereafter, the Defendants filed the Motion, seeking dismissal of the Complaint because it is an improper "shotgun pleading" and, alternatively, for failure to state a claim.

Liberally construed, the Complaint alleges that, in April 2004, Plaintiff and her husband, Ivy Landry, purchased the Property from Timothy and Karen Hester. At the time Plaintiff purchased the Property, the Property was scheduled for foreclosure within the next seven days.  The closing occurred on April 5, 2004, and a promissory note and security deed were signed.  The law firm of Hardwick and Jackson (the "Law Firm") "facilitated the complete transaction," but the Law Firm had not been "authorized to conduct or facilitate any loan process for [the lender, Ada]."  The Law Firm executed an unauthorized security deed and note.  Ada did not have any representation at the closing.  Prior to closing, Plaintiff provided the Law Firm with earnest money, but Ada was unaware of the deposit into the Law Firm's account.  In 2005, the Law Firm created a deed under "Option One Mortgage" [n/k/a Sand Canyon].  Plaintiff was unaware of the Law Firm's wrongdoings during the closing process and did not become aware of the alleged fraud until she conducted extensive research because she and her husband suffered

3

financial difficulties. In or around 2018-2019, Attorney Nathaniel Hardwick of the Law Firm was "sentenced and voluntarily surrendered" his Georgia law license.

In the Complaint, Plaintiff seeks temporary and permanent injunctions against disposition of the Property on the basis that the security deeds against the Property are fraudulent, damages to be proven at a jury trial in the amount of $85 million, and an order requiring all credit reporting agencies to correct all derogatory information regarding the Property.

## II. Conclusions of Law

The Court is required to examine its subject matter jurisdiction at the earliest opportunity. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). In doing so, the Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *See id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court may exercise "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811 (11th Cir. 2006). None of the relief sought by Plaintiff implicate matters that arise under

4

the Bankruptcy Code or matters that arise in cases under the Bankruptcy Code. They are not causes of action created by the Bankruptcy Code and they can exist outside of the bankruptcy context. Accordingly, this Court lacks jurisdiction over Plaintiff's claims unless they are "related to" the Bankruptcy Case.

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.'" *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004).

Having considered the Complaint and the facts concerning the Bankruptcy Case, the Court concludes that the injunctive relief sought in the Complaint is not

5

'related to' the Bankruptcy Case. The Bankruptcy Case is a liquidation, rather than a reorganization. As the Trustee has abandoned the Property, the bankruptcy estate has no interest in the Property or in whether any party disposes of the Property. Neither will the bankruptcy estate be impacted in any way if Defendants are ordered to correct any credit reporting made with regard to the Property. *See, e.g., In re Maxwell*, 2012 WL 3678609, *8 (Bankr. N.D. Ga. Aug. 2, 2012) (Mullins, J.) (holding that a complaint to determine the validity of the mortgage creditor's lien on property that has been abandoned by the Chapter 7 trustee is also not a "related to" matter because there is "simply no nexus between" the complaint and the related bankruptcy case); *In re Skillings*, 2012 WL 7009704, at *2 (Bankr. N.D. Ga. Nov. 6, 2012) (Diehl, J.) (dismissing complaint for lack of subject matter jurisdiction because the claims were "based on state law and nonbankruptcy federal law, and the Property to which all of the claims relate[d] [was] not property of the bankruptcy estate"). Accordingly, the Court lacks subject matter jurisdiction over those claims, and they must be dismissed, pursuant to Rule 7012(b).

As to the claim for damages, the Trustee has not expressly abandoned any causes of action and continues to investigate other assets. Accordingly, any claim for damages arising from Defendants' prepetition conduct remains property of Plaintiff's bankruptcy estate. *See* 11 U.S.C. § 541(a). Resolution of such claim in

J02825    42005002830079

Plaintiff's favor would impact the bankruptcy estate and, therefore, the Court has "related to" subject matter jurisdiction over the damages claim.

That being said, Plaintiff is not the real party in interest to bring the claim, as Trustee is the proper party to sue and be sued. *See* 11 U.S.C. § 323(b). "When a third party tries to assert an action still vested in the trustee, the court should dismiss the action." *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (citing *Pierson & Gaylan v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1253–54 (5th Cir. 1986); *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131–32 (2d Cir. 1984)). Rule 17(a)(3) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7017, provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). For this reason, the Court will not dismiss the damages claim without allowing Trustee an opportunity to ratify, join, or be substituted.

## III.   **Conclusion**

For the reasons stated above, the Court concludes that the Court lacks subject matter jurisdiction over Plaintiff's requests for injunctive relief and that

7

Plaintiff is not the real party in interest with regard to the damages claim. Therefore,

IT IS ORDERED that the portions of the Complaint seeking injunctive relief are DISMISSED for lack of subject matter jurisdiction;

IT IS FURTHER ORDERED that the Trustee shall have fourteen (14) days within which to seek to ratify, join, or be substituted into the remaining portion of the Complaint;

IT IS FURTHER ORDERED that, if Trustee fails to take such action within the time allowed, the Court will dismiss the remainder the Complaint without further notice or hearing.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Elizabeth Campbell
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, GA 30305

John Michael Kearns
Locke Lord LLP
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305

Cassandra Johnson Landry
869 Natchez Valley Trace

J02825   4200500283008B

Grayson, GA 30017

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

9

# EXHIBIT D

/ Hays
htree Rd. Ste. 555
A



Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :        CHAPTER 7
                                          :
CASSANDRA JOHNSON LANDRY                  :        CASE NO. 18-55697-LRC
                                          :
        Debtor.                           :

**RESPONSE TO DEBTOR'S MOTION FOR REQUEST FOR TRUSTEE REPORT**

COMES NOW S. Gregory Hays, Trustee, and responds to each numbered item in
Debtor's Motion as follows:

1) **Efforts taken regarding reported Mortgage Fraud for Real Properties PRIOR
   TO ABANDONMENT.**

2) **Efforts taken regarding Commercial Mortgage and Wire Fraud regarding
   Commercial Properties PRIOR to Life of Stay. Which led to Foreclosure, Sale or
   other.**

In connection with above two issues, the trustee requested documents regarding this
matter in November and December, 2018 [See Document #122]. The Trustee
requested the information again by email on January 23, 2019. No documents were
produced that provide any indication of mortgage fraud and no claim was scheduled
by the Debtor.

In an email to Debtor dated January 23, 2019 the Trustee stated as follows:

"Provide a complete package on all three real properties and the mortgages you
claim are fraudulent. In your testimony on 1/22/2019 you claimed all the
mortgages were fraudulent. Please provide copies of all documents you claim are
fraudulent."

The Debtor has not produced any clear documents and no claims were scheduled or
exempted by the Debtor.

**3) Money obtained from Personal Injury Case on 11.29.16 involving Willie Gary Firm.**

The Trustee requested information from the Debtor on this alleged claim in November and December 2018 [See Docket #122]. Willie Gary declined to represent the Debtor in 2018 after the Debtor did not provide documents requested to substantiate the Debtor's claim.

The Trustee again requested information by email on January 23, 2019 as follows:

"Pursuant to Docket #1 on page 15 filed on 4/3/18 you indicate you had three automobile accidents and stated you would provide detail on those claims. You testified there were only two automobile accidents. Amended your schedules to identify the two automobile accident claims and the value you place on those claims. *Provide the name of any lawyer you have employed to pursue those automobile claims and copies of the police reports and other information you may have documenting your claim."*

The Debtor has not produced any clear documents and no claim was scheduled or exempted by the Debtor.

**4) Money obtained from Family and Children Services owed to Petitioner.**

The Trustee requested the information from the Debtor in November and December 2018 [See Docket #122].

The trustee again requested information on January 23, 2019 in an email that stated:

"You testified at the 341 meeting that Family and Children Services owed you $2 million. You did not schedule that claim and must amend the schedules. **Provide any document you have on this claim and a***mend your schedules to identify your claims against the Department of Family and Children's Services*."

The Debtor has not produced any clear documents and no claim was scheduled or exempted by the Debtor.

2

**5) Investigation of Modified Transcripts for DHR Administrative Services which caused Petitioner to loose case which led to the non-filing of 30 million dollar lawsuit by Dorian Murry Esq who represented agency**

The Trustee requested information from the Debtor in November and December 2018 [See Docket #122].

The trustee again requested information on January 23, 2019 in an email that stated:

"You testified at 341 meeting that Department of Behavioral Health and Developmental Disabilities owed you $30 million. You did not schedule that claim and must amend the schedules. *Provide any documents you have and amend your schedules to identify your claims against Department of Behavioral Health and Developmental Disabilities."*

The Debtor has not produced any clear documents and no claim was scheduled or exempted by the Debtor.

**6) All money paid to Creditors and Names of Creditors.**

The Trustee has no funds in the estate and has paid no money to creditors.

**7) Investigation of Disputed and False Claims.**

The Trustee requested information on Creditors from the Debtor in November and December 2018 [See Docket #122].

The trustee again requested information by email dated January 23, 2019 as follows:

"In your 341 meeting in the Chapter 13 case you testified that you disputed most all of the claims of creditors and indicated you planned to file objections. The Chapter 13 trustee stated: "Debtor disputes each and every claim filed in this case, and intends to seek disallowance, in full or in part, of each claim. Debtor has not taken appropriate action to do so." "Debtor may not have enough debt to warrant a reorganization. Without a bankruptcy purpose, it may be inappropriate for Debtor to seek bankruptcy protection" 11 USC 1325(a)(7). You indicated at the 341 meeting on November 28 that you still disputed all claims. *Provide an updated schedule of all claims and the claims you dispute and amend your schedules as appropriate."*

The Debtor has not produced any clear documents regarding disputed claims and no amended claim schedules have been filed. There are no funds in the estate at this date and therefore no claims analysis has been undertaken.

Attached to this Response is a current copy of Form 1 prepared by the Trustee.

This 5th day of December, 2019.

/s/ S. Gregory Hays
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, GA 30305
(404) 926-0060

4

## UNITED STATES BANKRUPTCY COURT

### Northern District of Georgia

In    Debtor(s)
Re:   **Cassandra Johnson Landry**
      869 Natchez Valley Trace
      Grayson, GA 30017

      **xxx–xx–5102**

Case No.: **18–55697–lrc**
Chapter:  **7**
Judge:  **Lisa Ritchey Craig**

### NOTICE SETTING DEADLINE FOR
### FILING PROOFS OF CLAIM

You were previously notified that the schedules of the Debtor(s) disclosed no assets available for distribution to creditors. The Trustee now reports that funds may be available for distribution.

Therefore, you are hereby notified that, if you wish to participate in any distribution which may be paid from the estate, you must file a proof of claim on or before:

Non–government proof of claim: **5/20/19**

Government proof of claim: **05/20/19**

File with:
United States Bankruptcy Court
1340 United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303

Use Official Form B410 to file a claim. To file electronically visit www.ganb.uscourts.gov and access the ePOC tab. To obtain a claim form (B410) visit www.ganb.uscourts.gov and access the Forms tab.

**If you have already filed your proof of claim, it is not necessary to refile.**

M. Regina Thomas
Clerk of Court
U.S. Bankruptcy Court

Dated:  February 19, 2019

Form ntcpoc

022407                                    1 5 1 0 8 0 2 2 4 2 9 0 2 4