UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| CASSANDRA JOHNSON LANDRY, | : CASE NO. 18-55697-LRC |
| Debtor. | : CHAPTER 7 |

## TRUSTEE'S REPORT OF LITIGATION

COMES NOW S. Gregory Hays (the "Trustee") and files his Trustee's Report of Litigation as follows:

1. On January 9, 2020, Debtor Cassandra Johnson Landry acting *pro se* filed an "Amended Operative Complaint" in the United States District Court, Northern District of Georgia, naming the Trustee as a party defendant. Civil Action File 1:19-cv-03401-ELR-WLJ.

2. The Trustee timely filed on February 4, 2020 his "Motion of Defendant S. Gregory Hays to Dismiss Plaintiff's Amended Operative Complaint", a copy of which is attached to this Report.

Dated: February 12, 2020

HERBERT C. BROADFOOT II, P.C.

*/s/ Herbert C. Broadfoot II*
Georgia Bar No. 083750

2964 Peachtree Road N.W., Suite 555
Atlanta, GA 30305
(404)926-0058
bert@hcbroadfootlaw.com
Attorney for Trustee

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASSANDRA JOHNSON-LANDRY,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE; US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC.; HOMEBANC MORTGAGE CORPORATION; AAMES FUNDING CORPORATION; EMC MORTGAGE CORPORATION MCCALLA RAYMER LEIBERT PIERCE, LLC; S. GREGORY HAYS; NATCHEZ TRACE HOMEOWNERS ASSOCIATION; CARL W. WRIGHT; STACY RAE BEALS; and FRANK SANDERS,<br>Defendants. | Civil Action No.:<br><br>1:19-CV-03401-ELR-WEJ |

**MOTION OF DEFENDANT S. GREGORY HAYS TO DISMISS
PLAINTIFF'S AMENDED OPERATIVE COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

COMES NOW Defendant S. Gregory Hays, Chapter 7 Trustee (the "Trustee") and files this Motion for entry of an order dismissing the Amended Operative Complaint against the Trustee pursuant to Federal Rule of Civil Procedure 12(b)(1). As shown hereafter, Plaintiff failed to seek leave from the United States Bankruptcy

2254805v1

Court before filing the Amended Operative Complaint against the Trustee. The Trustee respectfully submits that this Court lacks subject matter jurisdiction and must therefore dismiss Trustee as a defendant.

## STATEMENT OF FACTS

On April 3, 2018, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (Case Number 18-55697-LRC) (the "Bankruptcy Case"). Plaintiff voluntarily converted the Bankruptcy Case to Chapter 7 on September 13, 2018. S. Gregory Hays was thereafter appointed Chapter 7 Trustee in the Bankruptcy Case and he continues to serve in that capacity.

On July 26, 2019, Plaintiff filed the "Nature of the Action" (the "Complaint") (Doc. 1) in this Court commencing this case against multiple defendants not including the Trustee.

On January 9, 2020, Plaintiff filed the "Amended Operative Complaint" (the "Amended Complaint") (Doc. 37) naming the Trustee as a defendant. While it is unclear what claims the Plaintiff asserts against the Trustee, Plaintiff alleges that the Trustee was a "willful co-conspirator" with other defendants who "conducted organized financial real estate institutional racketeering activities" subjecting them to liability pursuant to the RICO Act.

## LEGAL ARGUMENT

## THE COMPLAINT MUST BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBTAIN LEAVE OF COURT PURSUANT TO THE *BARTON* DOCTRINE

The Trustee now moves to dismiss the Amended Complaint against him for lack of subject matter jurisdiction. The United States Supreme Court stated in *Barton v. Barbour*, 104 U.S. 126, 127 (1881) that "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." The requirement that leave of Court must first be obtained to sue a receiver is referred to as the *Barton* doctrine. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000), *citing In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). *Barton* involved a receiver in a state court action; however, the circuit courts have extended the Barton doctrine to lawsuits against a bankruptcy trustee. Under the *Barton* doctrine, a plaintiff "must obtain leave of the bankruptcy court before initiating an action in district court when that action is against" a bankruptcy-court-approved officer. *See Carter*, 220 F.3d at 1253.

The Plaintiff failed to obtain leave of the Bankruptcy Court prior to filing the Amended Complaint. *Barton* dictates that leave of Court must have been obtained by Plaintiff prior to filing the Amended Complaint against the Trustee. Because

3

2254805v1

Plaintiff failed to obtain leave, this Court lacks subject matter jurisdiction. The Trustee must be dismissed from this action for Plaintiff's failure to obtain leave of Court prior to filing the Amended Complaint.

## CONCLUSION

WHEREFORE, the Trustee requests that this Court enter an order granting Trustee's motion and dismissing the Plaintiff's Amended Complaint against the Trustee for lack of subject matter jurisdiction and providing such other relief as the Court deems just and proper.

Dated: February 4, 2020

>Respectfully submitted,
>
>/s/ Herbert C. Broadfoot II
>Herbert C. Broadfoot II
>Georgia Bar No. 083750
>
>HERBERT C. BROADFOOT II, P.C.
>2964 Peachtree Road, N.W.
>Suite 555
>Atlanta, GA 30305
>Telephone: 404.926.0058
>bert@hcbroadfootlaw.com
>
>Attorney for Trustee

4

2254805v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION OF DEFENDANT S. GREGORY HAYS TO DISMISS PLAINTIFF'S AMENDED OPERATIVE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** has been sent **electronically via** the CM/ECF system **to registered users** and by United States Mail, first class postage prepaid, addressed to:

**Cassandra Johnson Landry**
**P.O. Box 1275**
**Grayson, GA 30017**

I further certify that this document has been prepared in 14 point Times New Roman font in compliance with the margin and type requirements of this Court.

This 4th day of February, 2020.

/s/ Herbert C. Broadfoot II
Georgia Bar No. 083750

Herbert C. Broadfoot II, P.C.
2964 Peachtree Road, N.W.
Suite 555
Atlanta, Georgia  30305
Telephone: (404) 926-0058
bert@hcbroadfootlaw.com

Attorney for Trustee
S. Gregory Hays

5

2254805v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | CASE NO. 18-55697-LRC |
| | : | |
| _____Debtor._____ | : | |

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I have on February 12, 2020 served a copy of the foregoing **Trustee's Report of Litigation** via the Court's ECF system, and by depositing a copy of same in the United States Mail, first class postage prepaid and addressed as follows:

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

Dated: February 12, 2020

HERBERT C. BROADFOOT II, P.C.

*/s/ Herbert C. Broadfoot II*
Herbert C. Broadfoot II
Georgia Bar No. 083750
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0058
bert@hcbroadfootlaw.com

Attorney for Trustee

3