**IT IS ORDERED as set forth below:**



**Date: April 7, 2020**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| **IN THE MATTER OF:** | : | **CASE NUMBER** |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

**ORDER**

On December 5, 2019, S. Gregory Hays (the "Trustee"), the Chapter 7 Trustee, filed a notice of proposed abandonment of any and all claims, scheduled or unscheduled, referred to by Debtor in her *Motion for Request for Trustee Report* (Doc. 231), including without limitation, personal injury claims and any claims for damages arising from prepetition conduct by Defendants named in Adversary Proceeding No. 19-05218 (Doc. 237) (the "Notice"). On December 19, 2019, Debtor filed an objection to the Notice (Doc. 240) (the

"Objection"). The Court held a hearing on the Objection on March 5, 2020.

A Chapter 7 trustee is permitted to abandon property of the estate after notice and a hearing "that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). "The trustee's power to abandon property is discretionary." *In re Blasingame*, 598 B.R. 864, 871 (B.A.P. 6th Cir. 2019) (citing *First Nat'l Bank v. Lasater*, 196 U.S. 115, 118–19, 25 S.Ct. 206, 207–08, 49 L.Ed. 408 (1905); *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987)); *see also Jennings v. Noble*, 523 F. App'x 649, 650 (11th Cir. 2013) ("Under 11 U.S.C. § 554(a), the bankruptcy court gives deference to the business judgment of the Trustee."). "Courts defer to the trustee's judgement [sic] and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." *Blasingame*, 598 B.R. at 871. "The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate." *Id*. "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *Id.* (citing Collier on Bankruptcy, 15th ed., rev. ¶ 554.02[4] (same)).

In this case, the Trustee proposes to abandon to Debtor various claims, scheduled and unscheduled, that Debtor has asserted in both an adversary proceeding related to this bankruptcy case (Case No. 19-05218) and in a suit filed in the Northern District of Georgia.

2

These claims appear to allege commercial mortgage and wire fraud prior to the entry of an order lifting the automatic stay to permit a foreclosure; prepetition mortgage fraud involving residential real property; a personal injury arising from a prepetition automobile accident; moneys owed to Debtor by Family and Children Services; and damages incurred as the result of the modification of transcripts of a "DHR Admin Services" hearing, which allegedly caused Debtor to lose a case "which led to the nonfiling of a $30 million lawsuit" (the "Claims").

At the hearing, the Trustee's counsel proffered that, although the Trustee requested information from Debtor to support the Claims twice in November and December 2018 in connection with the initial and continued meeting of creditors and followed up by electronic mail message in January 2019 (*see* Doc. 122), Debtor never responded to his requests. Debtor stated that she has "uploaded" into the Court's system the documents that support the Claims. The Trustee's counsel also proffered that the Trustee has read everything filed in the adversary proceeding and in the district court case. The Trustee concluded that any successful pursuit of the Claims would depend on Debtor's testimony. Given Debtor's uncooperative behavior and multiple attempts to remove the Trustee and disqualify his chosen counsel, the Trustee further concluded that he could not work with Debtor to successfully prosecute the Claims.

Debtor presented nothing at the hearing to persuade the Court that the Trustee's

assessment of the situation was in error. The Court has also read everything filed by Debtor in connection with the Claims, including the complaint filed in the adversary proceeding, and has witnessed Debtor's demeanor and conduct at multiple hearings throughout this bankruptcy case. At various hearings throughout the proceedings, Debtor has made unsupported and incomprehensible allegations of fraud and conspiracies against multiple parties.

The filed documents that Debtor contends support the Claims appear to be copies of random financial documents, such as mortgage interest statements, with no explanation as to the relevance of the documents to the Claims, *see, e.g.*, Doc. 132, and copies of UCC Financing Statements that Debtor apparently prepared listing herself as the secured party and her creditors as the debtors, along with Notices of Lien and Writ of Attachment of Real Property and Personal Property, apparently prepared by Debtor and filed in the District Court, *see* Docs. 166-169. Debtor has also filed nonsensical pleadings, such as *Notice to the Court of Fraud, Notice of Intent to Commit Fraud*, in which she asserted that she is a "free inhabitant," domiciled outside of the land owned and legislated by the United States and that the Trustee and his counsel wrongfully and in violation of their professional responsibility had advised the Court to apply written law to land not subject to that written law, *see* Doc. 143, and a *Mandatory Notice* that Debtor is a sovereign citizen, *see* Doc. 166. Frankly, nothing Debtor has stated in Court or filed in this case or the adversary proceeding

is coherent, and Debtor has never articulated any legitimate theory for the fraud and conspiracy claims.

Based on this, the Court can only conclude that, under the facts of this case, the Trustee, in good faith, conducted a reasonable investigation of the Claims and had a sufficient basis for concluding that the Claims are burdensome to the estate and of inconsequential value and benefit to the estate. Accordingly, the claims should be abandoned to Debtor, pursuant to § 554(a).

IT IS ORDERED that the Objection is **DENIED**, and the Notice is **APPROVED**;

IT IS FURTHER ORDERED that the Claims are **ABANDONED**.

## END OF DOCUMENT

**Distribution List**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**