UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-55697-LRC |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

### TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S
### MOTION TO DISMISS CASE

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Cassandra Johnson Landry ("**Debtor**"), and, by and through his undersigned counsel, hereby files this *Response in Opposition to Debtor's Motion to Dismiss Case* (the "**Response**") and in support thereof respectfully shows the Court the following:

### Background

### *a. General Background*

1. Debtor commenced the above-styled bankruptcy case, *pro se,* by filing a voluntary petition [Doc. No. 1] under Chapter 13 of Title 11 of the United States Code on April 3 2018 (the "**Petition Date**"), initiating Case No. 18-55697-LRC (the "**Case**"). On September 13, 2018, Debtor voluntarily converted her case from Chapter 13 to Chapter 7.

2. Two interim trustees rejected appointments in the Chapter 7 case. *See* [Doc. No. 86 and Doc. No. 94].

3. Trustee was thereafter appointed under 11 U.S.C. § 701(a)(1) on October 24, 2018, and he remains the duly acting Chapter 7 trustee in this Case.

4. On January 7, 2019, Trustee filed his *Application to Appoint Attorney for Trustee*

13529300v2

[Doc. No. 129], and the Court entered an *Order* [Doc. No. 130] on January 9, 2019, authorizing, subject to objection, the employment of Herbert C. Broadfoot II, P.C. ( "**Broadfoot P.C.**") as attorney for Trustee.

### b. The Property

5.    At the commencement of the Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a) (2019). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2019).

6.    On her *Schedule A/B: Property* [Doc. No. 1, page 26 of 86], Debtor scheduled her sole ownership interest in a "Northwestern Mutual – Variable Annuity" valued at $100,000.00 (the "**Annuity**"). Debtor also scheduled her sole ownership interest in a Northwestern Mutual insurance policy valued at $100,000.00 (the "**Insurance Policy**") [Doc. No. 1, page 28 of 86].

7.    On her *Schedule C: The Property You Claim as Exempt* [Doc. No. 1, page 33 of 86], Debtor scheduled an exemption in the Annuity of $100,000.00 and an exemption of $100,000.00 in the Insurance Policy citing no specific law under which such exemptions are allowed.

8.    On February 12, 2019, the Trustee filed his *Objection to Exemptions* [Doc. No. 153] On March 13, 2020, the Court entered an *Order Sustaining Trustee's Objection to Exemptions* [Doc. No. 263] without prejudice to Debtor's right to amend her exemption claims at such time as the Trustee takes possession of any estate property including funds obtained from

13529300v2

Northwestern Mutual.

### c. Debtor's Conduct Demonstrating Non-Cooperation

9. The Chapter 7 Section 341 Meeting of Creditors (the "**Section 341 Meeting**") was originally scheduled to be held on November 27, 2018. After Trustee conducted his initial examination of Debtor, the meeting was continued to December 18, 2018 for production of additional documents and information. Debtor filed a motion to remove the Trustee on December 7, 2018 [Doc. No. 111]. On December 17, 2018, Debtor filed a Motion for Hearing to Reschedule the continued Section 341 Meeting [Doc. No. 118].

10. On December 18, 2018, the Section 341 Meeting was continued again because Debtor failed to appear. This Court entered its Order on January 11, 2019 [Doc. No. 134] denying Debtor's motion to remove the Trustee and ordering Debtor to cooperate with the Trustee by producing documents and by attending the rescheduled Section 341 Meeting set for January 22, 2019.

11. On January 10, 2019, Debtor filed an objection to the Trustee's employment of Broadfoot P.C. as attorney for the Trustee [Doc. No. 133]. On January 17, 2019, the Debtor filed "objections" to this Court's Orders denying her motion to remove the Trustee [Doc. No. 138] and requiring the Debtor to cooperate with the Trustee by producing documents [Doc. No. 140].

12. On January 22, 2019, the Section 341 Meeting was finally concluded.

13. As stated above, the Trustee filed an *Objection to Exemptions* claimed by the Debtor on February 12, 2019. Thereafter on February 14, 2019, Debtor sought to reconvert her case from Chapter 7 to Chapter 13 [Doc. No. 154]. On June 4, 2019, this Court denied the reconversion of the case to Chapter 13 [Doc. No. 178].

13529300v2

14. On June 11, 2019, Debtor filed a responsive pleading tantamount to a motion for reconsideration of the Order denying reconversion of the case [Doc. No. 187]. The motion for reconsideration was denied by Order entered July 12, 2019 [Doc. No. 198].

15. On September 27, 2019, this Court approved the employment of Broadfoot P.C. by the Trustee despite Debtor's objection [Doc. No. 227]. Debtor next filed a "Notice of Removal of the Chapter 7 Bankruptcy Trustee's Attorney" [Doc. No. 244] which the Court dismissed on January 10, 2020 [Doc. No. 247].

16. On February 20, 2020, Debtor filed a motion to remove Broadfoot P.C. [Doc. No. 260] marking her third attempt to deny Trustee counsel of his choice. An Order denying the motion was entered April 7, 2020 [Doc. No. 267].

### *d. Debtor's District Court Case*

17. On July 26, 2019, Debtor filed a civil action in the United States District Court for the Northern District of Georgia captioned *Cassandra Johnson-Landry v. J.P. Morgan Chase Bank, et al.*, 1:19-cv-3401 [Doc. No. 1]. Subsequently on January 9, 2020, Debtor filed an Amended Complaint naming the Trustee as an additional defendant [Doc. No. 37].

18. The Trustee was forced to file a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to the Barton Doctrine because Debtor failed to obtain the requisite permission to sue the Trustee. The motion to dismiss was granted by Order entered March 9, 2020 [Doc. No. 81][1]

### *e. Debtor's Motion to Dismiss*

19. After 23 months of litigation in this Court and the District Court, Debtor filed an

13529300v2

Emergency Motion for Voluntary Dismissal of Case on March 5, 2020 [Doc. No. 261]. By Order and Notice entered April 7, 2020, this Court has set a deadline for any objections to dismissal.

20. Based upon the Trustee's investigation, the Insurance Policy described above has a cash value of approximately $35,000. The net surrender value of the Annuity is unknown, but may be substantial. While the Debtor may be able to exempt some of the value, there appears to be sufficient value to make a meaningful distribution to unsecured creditors in this case.

### *f. Trustee's Objection*

21. Trustee objects to the dismissal of the Case for the following reasons: (1) there appear to be assets which can be liquidated to make a meaningful distribution to unsecured creditors; (2) Debtor's litigious and recalcitrant conduct throughout the Case have caused time and expense for the Trustee in the exercise of his fiduciary duties which should be compensated; and (3) it would be inequitable to allow the Debtor to discharge her liabilities and retain non-exempt property.

### Relief Requested

22. Trustee requests an order from the Court denying Debtor's Motion to Dismiss.

### Basis for Relief Requested

### *a. There is No Cause to Grant Debtor's Motion to Dismiss*

23. "Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is something that you jump into and can only be rescued from if you show cause." *In re Dream Street, Inc.*, 221 B.R. 724, 725-726 (Bkrtcy. W.D. Tex. 1998). "While the debtor may choose to place [her]self in bankruptcy by filing a petition with this Court to

---

[1] The civil action was dismissed in its entirety on March 9, 2020.

13529300v2

commence [her] case, [s]he does not have the same degree of discretion in deciding whether [s]he will terminate the proceedings once they are started." *In re Blackmon*, 3 B.R. 167, 169 (Bankr. S.D.Ohio 1980).

24. "Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000); *In re Fleurantin*, 120 F. App'x 194, 197 (3d Cir. 2011); *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007). Instead, a debtor's case may be dismissed only for cause. 11 U.S.C. § 707(a) (2019). A debtor carries the burden on a motion to dismiss to prove that cause exists under Section 707. *Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 28 (6th Cir. BAP 2005); *In re Jabarin*, 395 B.R. 330, 337 (Bankr. E.D. Pa. 2008); *In re Aupperle*, 352 B.R. 43, 45 (Bankr. D.N.J. 2005).

25. There is a split in authority as to what standard a bankruptcy court should consider in determining whether a debtor has shown cause. On one end of the spectrum, bankruptcy courts find that dismissal should generally be granted unless some "plain legal" prejudice to creditors will otherwise result. *See In re Pinnick*, 598 B.R. 206, 210 (Bankr. W.D. Pa. 2019) (citing to cases that have used this standard). On the other end of the spectrum, courts find that "[e]ven if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors." *In re Turpen*, 244 B.R. 431 (8th Cir. BAP 2000); *see also In re Misty Mountain*, 270 B.R. 53 (W.D.Va. 2001); *In re Stephenson*, 262 B.R. 871 (Bankr. W. D. Okla. 2001). In the middle of these two extremes are courts that find that the test for cause turns on what is in the best interests of the debtor and the creditors of the estate with a particular emphasis on whether dismissal would be prejudicial to creditors. *In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. 2005). The better view is that a motion to dismiss should be denied if there is any showing of prejudice to creditors. Otherwise, the

13529300v2

Debtor's burden is shifted to the objecting party to negate cause with a showing of demonstrable prejudice.

26. Applying these principles of law here, and based on the current record before the Court, Debtor cannot carry her burden of proving cause sufficient to support a dismissal of the Case. Indeed, given the value of the Insurance Policy and possibly the Annuity, and a large amount of unsecured debts, not only will Debtor's creditors be prejudiced by a dismissal, but Debtor would benefit from her Case remaining an active case, including Debtor's ability to discharge her debts and realize her available exemption which she will not get if she is thrown back to State law.

27. A motion to dismiss a Chapter 7 case should be denied based upon equitable estoppel when a Debtor enjoys the benefits of her bankruptcy case and none of its detriments. *See, e.g., In re Segal*, 527 B.R. 85 (Bankr. E.D.N.Y. 2015); *Willis v. Rice (In re Willis)*, 345 B.R. 647 (8th Cir. B.A.P. 2006); *In re Scotto*, 2010 WL 1688743 (Bankr. E.D.N.Y. 2010). to enjoy the benefits of his case (the automatic stay) to the detriment of his creditors and his trustee who had expended substantial resources performing his fiduciary duties. *Id.* at 92-93.

28. after her case was filed and when faced with the threat of losing her home. In the meantime, her creditors have been kept at bay and Trustee has diligently performed his statutory duties. Ultimately, like the holdings in each of the above cases, the Court here should deny the Motion to Dismiss.

13529300v2

WHEREFORE, Trustee prays that the Motion to Dismiss be denied and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this 25th day of April, 2020.

HERBERT C. BROADFOOT II, P.C.
*Attorney for Trustee*

By: /s/ *Herbert C. Broadfoot II*
Herbert C. Broadfoot II
Georgia Bar No. 083750
bert@hcbroadfootlaw.com

2964 Peachtree Road, N.W., Suite 555
Atlanta, GA 30305
(404) 926-0058

13529300v2

## CERTIFICATE OF SERVICE

This is to certify that I, Herbert C. Broadfoot II, have this day served the foregoing *Trustee's Response in Opposition to Debtor's Motion to Dismiss Case* upon the following parties by first class United States mail at the addresses stated:

Office of the United States Trustee
Richard Russell Federal Building
362 Ted Turner Drive, SW
Atlanta, GA 30303

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

This 25th day of April, 2020.

/s/ Herbert C. Broadfoot II
Herbert C. Broadfoot II
Georgia Bar No. 083750

13529300v2