

**IT IS ORDERED as set forth below:**

**Date: May 26, 2020**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## <u>ORDER</u>

Before the Court is Debtor's Emergency Motion to Dismiss Chapter 7 Case (the

"Motion"). (Doc. 261).[1]   The Court held a hearing on the Motion on May 20, 2020.   The

Chapter 7 trustee, S. Gregory Hays (the "Chapter 7 Trustee"), opposes the Motion.

Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code

---

[1] Prior to the hearing, Debtor filed, and the Court has considered, two sets of documents in further support of the Motion—Doc. 274 and Doc. 280.

on April 3, 2018. (Doc. 1).   On September 13, 2018, Debtor voluntarily converted her case from Chapter 13 to Chapter 7.   On July 29, 2019, the Trustee filed an interim report, indicating that he has identified two assets for liquidation—an insurance policy and a variable annuity (the "Assets").   (Doc. 219).   The Trustee has abandoned all claims and causes of action of Debtor, scheduled or unscheduled.   *See* Docs. 237, 266.

Since his appointment, the Chapter 7 Trustee and his counsel have expended significant time and resources responding to pleadings filed and litigation initiated by Debtor, including an attempt to reconvert the case to Chapter 13 and multiple, meritless attempts to remove the Chapter 7 Trustee and to disqualify his chosen counsel.   *See* Doc. 154 (Debtor's Notice of Conversion from Chapter 7 to Chapter 13); Doc. 111 (Debtor's Motion to Remove Trustee); Doc. 133 (Debtor's Objection to Employment of Herbert C. Broadfoot II, P.C as Counsel to Trustee); Doc. 144 (Debtor's Motion to Remove Trustee's Attorney); Doc. 260 (Debtor's Motion to Remove Chapter 7 Bankruptcy Trustee Legal Counsel).   For example, Debtor sued the Chapter 7 Trustee in the District Court for the Northern District of Georgia, requiring the Chapter 7 Trustee's counsel to file a motion to dismiss the complaint.   *See* Case Number 19-3401, N.D. Ga. (the "District Court Action"); *see also* Docs. 256, 265 (Status Reports Regarding the District Court Action).   Many of these matters have required the Chapter 7 Trustee and his counsel to appear at court hearings.

2

In the Motion, Debtor asserted that she seeks dismissal of the case to allow her to pursue the District Court Action, contending that the bankruptcy case is no longer necessary because her claims can be resolved in the District Court. All claims pending in the District Court Action were dismissed by Judge Ross on March 20, 2020. At the hearing, Debtor also urged the Court to dismiss the case because being in bankruptcy has taken its toll on Debtor physically and emotionally and has been difficult on her family.

The Chapter 7 Trustee opposes dismissal of the case because he has identified assets that should be liquidated to pay the filed claims of creditors.[2] The Chapter 7 Trustee also expressed his opinion that the continuation of the case would benefit Debtor, as she would receive a discharge and it appears, based on the filed claims, that Debtor needs a discharge.

Under § 707(a), the Court may dismiss a Chapter 7 case only after notice and a hearing and only for "cause." 11 U.S.C. § 707(a). A debtor may request the voluntary dismissal of her case, but she, like other parties, must establish cause for dismissal. *Accord In re Brown*, 2005 WL 6489212, at *1 (Bankr. N.D. Ga. Mar. 7, 2005) (Bonapfel, J.) ("[T]he fact that a debtor proceeds without legal counsel and later finds out that the

---

[2] According to the claims registry, $4,528,678.84 in claims have been filed, $1,676,851.76 of which are classified as secured claims. Throughout these proceedings, Debtor has maintained that certain claims filed against the estate are fraudulent. *See, e.g.*, Doc. 132 (Motion to Disallow Claim of Creditor Deutsche Bank National Trust Company). As the Court explained during the hearing, generally, a Chapter 7 trustee reviews and objects to claims after assets have been liquidated and funds are available for payment of claims. Even allowing for the possibility that the Chapter 7 Trustee will object to and the Court will disallow some of the filed claims, the Court is confident that there will be allowed unsecured claims to be paid by the Chapter 7 Trustee when he is ready to do so.

3

bankruptcy filing was a bad choice does not constitute a valid ground for voluntary dismissal of a case where prejudice to other parties will occur.").   When determining whether a debtor has shown cause to dismiss a Chapter 7 case, courts often employ a balancing test that weighs the "debtor's reasons for requesting dismissal [against] the impact dismissal can be expected to have on the creditors."   *In re Jabarin*, 395 B.R. 330, 339 (Bankr. E.D. Pa. 2008) (denying debtor's motion to dismiss his case because he set forth no "credible or viable plan for paying his creditors outside of bankruptcy" and,   thus, "sending creditors back to their state remedies to fend for themselves at this point would be unduly prejudicial").

In this case, Debtor has not established cause for the dismissal, let alone cause that would outweigh the prejudice to creditors.   First, the reason for dismissal given by Debtor in the Motion is no longer extant, as the claims pending in the District Court Action have been dismissed.   Second, Debtor essentially complains that she is tired of being in bankruptcy and would like to move on with her life.   While it is true that this bankruptcy case has lingered longer than most Chapter 7 cases, Debtor is largely responsible for the length of the case and the number of matters and hearings held, having filed numerous often incomprehensible and legally unsupported requests for relief, unnecessarily multiplying the amount of time and effort on the part of all parties, including herself, and the Court.[3]   The

---

3  *See, e.g.*, Doc. 143 ((Amended) Submission: Notice of Fraud, Intent to Commit Fraud, in which she accused the

Court agrees with the Chapter 7 Trustee's assessment that it would be inequitable to allow Debtor to benefit from the automatic stay in this bankruptcy case for two years and then walk away after her litigation conduct has required the Chapter 7 Trustee to incur what are, undoubtedly, significant administrative expenses.

Even if the Court were to credit Debtor's desire to move on with her life as "cause" to dismiss this case, the Court would find that Debtor's wishes are outweighed by the prejudice to her creditors.  Debtor's unsecured creditors have been held at bay by the bankruptcy filing for two years.  The Chapter 7 Trustee proffered that liquidating the Assets will result in a distribution to those creditors.  The Court has no reason to believe that Debtor has the ability or the desire to pay her unsecured creditors if the case is dismissed.  On the other hand, the Chapter 7 Trustee, with Debtor's cooperation, should be able to liquidate the Assets fairly expeditiously.  This will allow the bankruptcy case to be concluded, giving Debtor the finality and closure she desires.  Additionally, if the Court does not dismiss the case, Debtor may be entitled to a discharge of the debts that remain unpaid, rather than facing collection action by her creditors.  For all of these reasons, the Court finds no cause to dismiss the case and

---

previous Chapter 7 trustee of failing to investigate the illegal foreclosure of properties due to conflicts of interest); Doc. 148 (Amended Objection to Claim Filed/Fraud Claim of Creditor Woodbridge Mortgage, in which she accuses certain attorneys of stealing commercial property); Doc. 240 (Objection: Notice of Certain Property of the Estate, in which Debtor accuses the Chapter 7 Trustee of taking action to cover up fraud and of assisting in the illegal foreclosure of commercial properties).

IT IS ORDERED that the Motion is **DENIED.**

**END OF DOCUMENT**

**Distribution List**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**