**IT IS ORDERED as set forth below:**

**Date: July 21, 2020**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is Debtor's *Objection to Order* (Doc. 290) (the "Objection") (Doc. 295). The Objection appears to seek reconsideration of an order denying Debtor's Emergency Motion to Dismiss Chapter 7 Case (the "Motion to Dismiss") (Doc. 274), which the Court entered following a hearing held on May 20, 2020 (the "Order").

As detailed more thoroughly in the Order, Debtor filed a voluntary petition for relief

under Chapter 13 of the Bankruptcy Code on April 3, 2018. (Doc. 1). On September 13, 2018, Debtor voluntarily converted her case from Chapter 13 to Chapter 7. S. Gregory Hays (the "Trustee") was appointed Chapter 7 trustee. On July 29, 2019, the Trustee filed an interim report, indicating that he has identified two assets for liquidation—an insurance policy and a variable annuity (the "Assets"). (Doc. 219). The Trustee has abandoned all other claims and causes of action of Debtor, scheduled or unscheduled. *See* Docs. 237, 266. Since his appointment, the Trustee and his counsel have expended significant time and resources responding to pleadings filed and litigation initiated by Debtor.

In the Motion to Dismiss, Debtor sought dismissal of the bankruptcy case to allow her to pursue an action she filed in the District Court for the Northern District of Georgia (the "District Court Action"), contending that the bankruptcy case is no longer necessary because her claims can be resolved in the District Court Action. However, in the Order, the Court noted that the District Court Action had been dismissed by Judge Ross on March 20, 2020. The Court also noted that, at the hearing on the Motion to Dismiss, Debtor urged the Court to dismiss the bankruptcy case because being in bankruptcy has taken its toll on Debtor physically and emotionally and has been difficult on her family. The Trustee opposed dismissal of the case because he has identified assets that should be liquidated to pay the filed claims of creditors. The Trustee also expressed his opinion that the continuation of the case would benefit Debtor, as she would receive a discharge of her

2

debts.

In the Order, after reviewing the applicable legal standard, the Court concluded that Debtor had not established "cause" for the dismissal within the meaning of § 707(a), let alone cause that would outweigh the prejudice to creditors, because: (1) the reason for dismissal given by Debtor in the Motion to Dismiss was no longer extant, as the District Court Action had been dismissed; and (2) dismissal of the case when a distribution could be made to creditors would be extremely inequitable, after Debtor had benefitted from the automatic stay in this bankruptcy case for two years and had caused much of the delay of which she complains. For those reasons, the Court denied the Motion to Dismiss, noting that Debtor's unsecured creditors have been held at bay by the bankruptcy filing for two years, the Trustee proffered that liquidating the Assets will result in a distribution to those creditors, who would likely otherwise go unpaid, and the Trustee can fairly expeditiously work toward closing the case.

As noted above, Debtor's Objection appears to seek reconsideration of the Order. Rule 9023 of the Federal Rules of Bankruptcy Procedure makes Federal Rule of Civil Procedure 59 applicable to cases under the Bankruptcy Code.[1] Although Rule 59(e)

---

[1] Rule 9023 applies to a motion for reconsideration filed within fourteen days of the entry of judgment. The more exacting standard of Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure apply to motions filed more than fourteen days after the entry of the judgment. Although the Objection was filed more than fourteen days after the Order was signed and docketed on May 26, 2020, Debtor asserts that she did not receive the Order in the mail until June 2, 2020. Therefore, the Court will apply the lesser standard of Rule 9023.

permits a court to alter or amend an order or judgment, it "'may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)). For this reason, Bankruptcy Local Rule 9023-1 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice. [And should only be filed] [w]henever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment." BLR 9023-1 (Bankr. N.D. Ga.).

To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. A 'manifest error' is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). It is not demonstrated merely because the losing party is disappointed. *See In re Murff*, 2016 WL 5118280, *2 (Bankr. N.D. Ga. Sept. 16, 2016) (Hagenau, J.).

Debtor supports her request for reconsideration with the following statements. First, she explains the several reasons why she was forced to file bankruptcy and why she is unable to continue working in her chosen career field. These reasons include: an adversarial action filed against her and her business by the Georgia Attorney General, evictions from her business property that were motivated by the improper purpose of

4

furthering the lender's participation in a Ponzi scheme, and an alleged forgery and embezzlement by her former business partner. While the Court is sympathetic to the events that have caused Debtor's financial distress, this information is not relevant to the Court's decision to deny the Motion to Dismiss.

Second, Debtor takes issue with the Trustee's decision to abandon certain causes of action. The abandonment was the subject of a prior order of this Court (Doc. 266) (the "Abandonment Order"), entered on April 7, 2020, after a full hearing. In the Abandonment Order, the Court considered Debtor's opposition to the abandonment. After noting that "[t]he trustee's power to abandon property is discretionary" and that the Court should defer to the Trustee's judgment, the Court concluded that the Trustee properly exercised his business judgment when he concluded that the claims he sought to abandon were either "burdensome to the estate or . . . of inconsequential value and benefit to the estate," within the meaning of § 554(a). The Court relied on the Trustee's proffer that Debtor had not provided him with any support for the claims, that he had read everything filed in the Adversary Proceeding and the District Court Action, and that he did not believe, based on Debtor's adversarial and uncooperative behavior, that he could successfully pursue the claims. Further, the Court noted that Debtor had presented nothing at the hearing to persuade the Court that the Trustee's assessment of the situation was in error. Relying in part on its own knowledge of Debtor's filings in the bankruptcy case and related

5

matters and her demeanor during court hearings, the Court concurred with the Trustee's assessment of the claims. Specifically, the Court noted that documents Debtor "uploaded" did not appear to support or explain her claims.

Debtor now offers nothing other than her conclusory and unsupported allegations that the Trustee failed to investigate her claims because of racial and discriminatory bias and his participation in a scheme to ensure kickbacks were received by creditors and other interested parties, including judges. She presents nothing now that she did not or could not have presented at the hearing on the motion to approve the abandonment. Even if the Court were to now consider the information in the Objection, it would not change the Court's conclusion regarding the Trustee's decision to abandon the claims. It remains clear that the Trustee correctly exercised his business judgment to abandon the claims back to Debtor to do with as she sees fit. A motion to reconsider the Court's refusal to dismiss her case is not an appropriate vehicle within which to address her continued disagreement with the Trustee's decision not to pursue her claims.

In the Order, the Court found no cause to dismiss the bankruptcy case because liquidation of the Assets will result in a benefit to creditors that outweighs any prejudice to Debtor in allowing the case to continue. In the Objection, Debtor puts forth nothing to call that conclusion into doubt.

Accordingly, the Court finds no basis to reconsider the Order, and

IT IS ORDERED that the Objection is **DENIED.**

**END OF DOCUMENT**

**Distribution List**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**