IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| | * | |
| CASSANDRA JOHNSON-LANDRY, | * | CASE NO. 18-55697-LRC |
| | * | |
| Debtor | * | Judge Lisa Ritchey-Craig |

| | | |
|---|---|---|
| S. GREGORY HAYS, Trustee of the | * | |
| Estate of Cassandra Johnson Landry, | * | |
| | * | |
| Objector, | * | |
| v. | * | CONTESTED MATTER |
| | * | |
| GEORGIA DEPARTMENT OF | * | |
| COMMUNITY HEALTH, | * | |
| | * | |
| Respondent/Claimant | * | |

**RESPONSE TO
TRUSTEE'S OBJECTION TO CLAIM NUMBER 20
OF THE GEORGIA DEPARTMENT OF COMMUNITY HEALTH
[#303]**

COMES NOW, the Georgia Department of Community Health (hereinafter "the Department"), by and through counsel Christopher M. Carr, Attorney General for the State of Georgia, and files this Response to Trustee's Objection to Proof of Claim Number 20, (d.e. #303), and shows the Court the following:

1.

On January 25, 2015, before the instant bankruptcy case was filed, the Department terminated[1] the Debtor and the company in which she held a fifty percent (50%) ownership

---

[1] Providers that are terminated from the Georgia Medicaid Program are no longer eligible to receive reimbursement for covered services furnished to eligible members.

#1203806

interest in, called Alliance for Change Through Treatment, LLC, ("ACTT"), from participating as a provider in the Georgia Medicaid Program.

2.

On April 3, 2018, the Debtor, acting Pro Se, filed a Chapter 13 bankruptcy case. The Debtor has represented herself throughout this bankruptcy case. On September 13, 2018, the Debtor requested that her case be converted to a Chapter 7. The case was automatically converted to a Chapter 7 case on September 14, 2018. On February 14, 2019, the Debtor filed a request to reconvert her case back to a Chapter 13. To date, the case has not been converted back to a Chapter 13, and it remains a Chapter 7 case.

3.

On September 19, 2018, the Department filed a proof of claim, Claim #20-1, ("Claim"), showing a debt of $42,634.37 for overpayment of Medicaid claims along with an itemization of the amount of its Claim.

4.

On August 26, 2020, the Chapter 7 Trustee filed an Objection to the Department's Claim, ("Objection"), on the grounds that the Department's Claim attached no documentation other than a brief listing of AR amounts and that the claim failed to state a basis for allowance against the bankruptcy estate of the Debtor.

5.

The Debtor was a provider in Georgia's Medicaid Program and providers are personally responsible for every claim submitted to the Department.

#1203806

6.

The Debtor, as a provider, is personally responsible for every claim that she, her agent, her company, ("ACTT"), submitted to the Department.

7.

The Debtor submitted Medicaid claims to the Department for payments totaling at least $42,634.37. The Department paid those Medicaid claims. It was determined that the Debtor was not entitled to those payments and that the Debtor had received overpayments totaling $42,634.37. The Debtor was responsible for returning the overpayments to the Department and did not do so.

8.

Pursuant to Part I, Chapter 100, Section 106(M), of Georgia's Medicaid Manual, as a general condition of participation, all enrolled providers must, "refund any overpayments to the Division within required timeframes."

9.

Pursuant to Part I, Chapter 100, Section 106(L), of Georgia's Medicaid Manual, as a general condition of participation, all enrolled providers must: "accept responsibility for every claim submitted to the Division that bears the provider's name or Medicaid/PeachCare for Kids provider number. Submission of a claim by a provider or his agent, acceptance of a Remittance Advice, or acceptance of claim payments constitutes verification that the services were performed by that provider (or under his direct supervision, if allowed by the Division) and that the provider authorized submission of the claim for reimbursement. Remittance Advices shall be deemed accepted if the provider does not notify the Division or its third party administrator to the contrary in writing within ninety (90) days after their issuance. Payments shall be deemed

#1203806

accepted when cashed, negotiated, or deposited, including those payments deposited electronically."

10.

The Department's Claim #20-1 should be allowed as-filed.

11.

Pursuant to Bankruptcy Rule 3001(f), the Department's Claim #20-1 is prima facie correct as to the validity and amount of the claim.

12.

"A party objecting to a claim must produce evidence to rebut the claim or the claim will prevail." *In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005). "The mere denial of the validity or amount is not sufficient to sustain an objection to a claim." *Id*. Testimony alone from the Debtor at a hearing is not sufficient evidence to shift the burden. *In re Richardson,* 2007 Bankr. LEXIS 5054 (Bankr. S.D. Ga. June 21, 2007).

13.

The Trustee has not met his burden. The Trustee has not provided any evidence to overcome the presumption of validity and amount of the Department's Claim. Therefore, the Department's Claim should be allowed as-filed and the Trustee's Objection should be denied.

14.

To the extent the burden shifts, the itemization attached to its Claim supports the amount reflected on its Claim. Therefore, the Department's Claim should be allowed as-filed and the Trustee's Objection should be denied.

#1203806

WHEREFORE, the Georgia Department of Community Health respectfully requests that the Court deny and overrule the Trustee's Objection to Claim, that the Department's Claim #20-1 be allowed as-filed, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 25<u>th</u> day of September, 2020.

|  |  |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| JULIE ADAMS JACOBS | 003595 |
| Senior Assistant Attorney General | |
| | |
| /s/ Logan Winkles | . |
| LOGAN WINKLES | 136906 |
| Senior Assistant Attorney General | |
| | |
| /s/ Whitney Groff | |
| WHITNEY GROFF | 738079 |
| Assistant Attorney General | |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Whitney Groff
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 656-3338
Fax: (404) 657-3239
wgroff@law.ga.gov

#1203806

## CERTIFICATE OF SERVICE

      I certify that I am over the age of 18 and that on the date written below a copy of the foregoing *Response to Trustee's Objection to Claim No. 20 filed by the Georgia Department of Community Health* was served by email or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

The following parties have been served via U.S. Mail:

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre – Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Lindsay P. S. Kolba
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Dated: September 25, 2020         /s/ Whitney Groff        
                                                    WHITNEY GROFF
                                                    Assistant Attorney General

#1203806