**IT IS ORDERED as set forth below:**

**Date: December 8, 2020**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| **IN THE MATTER OF:** | : | **CASE NUMBER** |
|---|---|---|
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is Debtor's Motion for Fraud Investigation Status Prior to Transferring Bankruptcy from Chapter 13 to Chapter 7 (the "Motion") (Doc. 233). The Motion asserts that the Chapter 13 Trustee previously assigned to Debtor's bankruptcy case and S. Gregory Hays (the "Trustee"), the current Chapter 7 Trustee, have failed to investigate Debtor's fraud claims. When the Trustee abandoned such claims (Doc. 231) and Debtor objected to the abandonment (Doc. 240), the Court held a hearing to consider

Debtor's objections on March 5, 2020 (the "Hearing"). On April 7, 2020, the Court entered an order overruling Debtor's objections and approving the notice of abandonment (Doc. 266) (the "Order").

In the Order, the Court noted that a Chapter 7 trustee is permitted to abandon property of the estate after notice and a hearing "that is burdensome to the estate or that is of inconsequential value and benefit," 11 U.S.C. § 554(a), and that such actions are "discretionary," *In re Blasingame*, 598 B.R. 864, 871 (B.A.P. 6th Cir. 2019) (citing *First Nat'l Bank v. Lasater*, 196 U.S. 115, 118–19, 25 S.Ct. 206, 207–08, 49 L.Ed. 408 (1905); *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987)); *see also Jennings v. Noble*, 523 F. App'x 649, 650 (11th Cir. 2013) ("Under 11 U.S.C. § 554(a), the bankruptcy court gives deference to the business judgment of the Trustee."). The Court further concluded that, under the circumstances of this case, the Trustee relied on his business judgment in good faith and conducted a reasonable investigation before concluding that Debtor's various claims of fraud, scheduled and unscheduled, lacked merit and should be abandoned. The Court also found that Debtor had presented nothing at the Hearing to persuade the Court that the Trustee's assessment was in error.

For these same reasons, the Court finds that Debtor's Motion must be, and hereby is, **DENIED**.

**END OF DOCUMENT**

**Distribution List**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**