**IT IS ORDERED as set forth below:**

**Date: February 3, 2021**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
|  | : |  |
|  | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is Debtor's Objection to Trustee Withdrawal of Objection to Claim No. 20-1 Filed By DCH (Doc. 323) (the "Objection") and Debtor's Objection to Claim of Creditor Georgia Department of Community Health, Claim No. 20 (Doc. 142) (the "Claim Objection").

On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On September 13, 2018, Debtor voluntarily converted her bankruptcy

case to a case under Chapter 7. *See* Doc. 72. S. Gregory Hays (the "Trustee") was appointed as trustee. The Trustee filed a notice of assets and requested the setting of a claims bar date.

On September 19, 2018, the Georgia Department of Community Health ("GDCH") filed a proof of claim asserting an unsecured claim in the amount of $42,634.37 (the "Claim") arising from Medicaid Claims Adjustments and Audit Finding; Manual 1-106 L&M." The Claim states that GDCH has a right to set off the amount owed against accounts receivable of Debtor's business entity, Alliance for Change Through Treatment, LLC ("ACTT"), and the attachment to the Claim indicates that the amount owed resulted from an audit of the Medicaid claims of ACTT. Debtor filed the Claim Objection on January 22, 2019. Debtor opposes payment of the Claim because the Claim is "based on retaliation" and Debtor was targeted by GDCH for testifying regarding GDCH's failure to provide medical treatment to one of her patients. Other than making this blanket allegation, the Claim Objection simply attaches numerous "exhibits" that Debtor apparently believes supports the disallowance of the Claim without additional explanation.

On August 26, 2020, the Trustee objected to the Claim (Doc. 303). The Trustee objected to the Claim because it did not include supporting documentation to establish Debtor's individual liability for the amounts due in connection with the audit. The Trustee scheduled a hearing on his objection for October 1, 2020 (the "Hearing"). On September

2

25, 2020, GDHC filed a response to the Trustee's objection (Doc. 314). In support of the Claim, GDCH stated that "Debtor was a provider in Georgia's Medicaid Program and providers are personally responsible for every claim submitted to" GDCH; Debtor submitted Medicaid claims to [GDCH] for payments totaling at least $42,634.37"; GDCH "paid those Medicaid claims"; it "was determined that the Debtor was not entitled to those payments"; and "Debtor was responsible for returning the overpayments to [GDCH] and did not do so." GDCH argued that the Trustee had not met his burden of rebutting the prima facie validity of the Claim. At the Hearing, the Trustee announced his intention to withdraw his objection to the Claim and, on November 4, 2020, did so (Doc. 322).

On November 18, 2020, Debtor filed the Objection, in which she asserts that the Trustee should not have accepted supporting documentation from GDCH months after the filing of the Claim because the failure to provide the documentation is a legitimate basis for objecting to the Claim. Debtor again argues that the Claim should be disallowed because it arose from GDCH's "premeditated plans to eliminate Debtor as a Medicaid Provider based on key incriminating evidence currently being held by Debtor, which would incriminate many officials. . . ." The Objection references an administrative hearing at which a ruling was "unjustly" rendered finding that GDCH's actions were not retaliatory. Debtor additionally objects to the Claim on the basis that Debtor is not personally liable for the overpayments received by ACTT and because Debtor appealed the audit findings, but

3

Debtor does not explain the outcome or current status of any such appeal. The purpose of the Objection appears to be to move the Court to refuse to accept the Trustee's withdrawal of his objection to the Claim.

The Court will not force the Trustee to pursue his objection to the Claim. It is the Trustee's statutory duty, when a purpose would be served, to examine proofs of claims and to object to improper claims. 11 U.S.C. § 704(a)(5). Based on the information filed by GDCH and Debtor and the Trustee's statements during the Hearing, the Court has no basis to conclude that the Trustee did not exercise sufficient business judgment in investigating the basis for the Claim and deciding not to pursue his objection to the Claim.

Further, the Court cannot sustain the Claim Objection because Debtor lacks standing to object to the Claim. Chapter 7 debtors lack standing to object to a claim unless the case is a surplus case that will result in a distribution under § 726(a)(6), or the underlying debt is nondischargeable. *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009); *see also In re Cannon*, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017); *In re Coleman*, 131 B.R. 59, 61 (Bankr. N.D. Tex. 1991) (finding Chapter 7 debtors lacked standing to object to a claim because they had "not shown that there will be a surplus"). Here, a review of the claims registry and the Trustee's final report suggests that there will be no distribution under § 726(a)(6), and Debtor has not established otherwise. *See* Doc. 332. Additionally, the debt at issue does not appear to be nondischargeable. The GDCH filed a complaint

4

asserting that this debt was nondischargeable, but dismissed it voluntarily. *See* Case No. 18-5340, Doc. 19. The deadline for objecting to the dischargeability of a particular debt has long since passed without the filing of any other action to determine the debt represented in the Claim to be nondischargeable.

For these reasons, the Court finds that the Objection and the Claim Objection must be, and hereby are, **DENIED.**

**END OF DOCUMENT**

**Distribution List**

**Herbert C. Broadfoot, II**
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Whitney Groff**
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334