**IT IS ORDERED as set forth below:**

**Date: February 3, 2021**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is *Debtor's Objection to Order Denying Debtor's Motion to Investigate Fraud via Submission of Fraud, Notice of Intent to Commit Fraud (Doc. 194) and Order Denying Objection to Claim No. 1 of The Downs Homeowners Association (Doc. 195)* (the "Objection," Doc. 214).

On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On September 13, 2018, Debtor voluntarily converted her bankruptcy

case to a case under Chapter 7. *See* Doc. 72. S. Gregory Hays (the "Trustee") was appointed as trustee. The Trustee filed a notice of assets and requested the setting of a claims bar date.

On April 18, 2018, The Downs Homeowners Association, Inc. ("The Downs") filed a proof of claim asserting a secured claim in the amount of $2,911.25 (the "Claim") arising from homeowner's association dues (Claim Number 1, the "Claim"). On February 8, 2019, Debtor object to the Claim (Doc. 150). On July 12, 2019, the Court denied the objection to the Claim because the objection failed to state a claim, as the Claim "evidences a secured claim for unpaid homeowner's association dues that complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, is "prima facie evidence of the validity and amount of" the Claim," and Debtor failed to raise any legitimate issues with the Claim. On July 25, 2019, Debtor filed the Objection, asserting that the amount of the homeowner's association dues that remained owing stated in the Claim was incorrect.[1] The Downs has not responded to the Objection.

Nonetheless, the Court cannot sustain the Claim Objection because it is moot and because Debtor lacks standing to object to the Claim. The Trustee's final report indicates

---

[1] Although the Objection appears to pertain to the Court's Order at Doc. 194, which denied Debtor's Motion to Investigate Fraud via Submission of Fraud, Notice of Intent to Commit Fraud (Doc. 147), nothing in the Objection attempts to explain why the Order (Doc. 194) was in error or provides any basis for the Court to reconsider its decision therein,

that he does not intend to pay the Claim.  *See* Doc. 332.

Further, Chapter 7 debtors lack standing to object to a claim unless the case is a surplus case that will result in a distribution under § 726(a)(6), or the underlying debt is nondischargeable.  *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009); *see also In re Cannon*, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017); *In re Coleman*, 131 B.R. 59, 61 (Bankr. N.D. Tex. 1991) (finding Chapter 7 debtors lacked standing to object to a claim because they had "not shown that there will be a surplus").  Here, a review of the claims registry and the Trustee's final report suggests that there will be no distribution under § 726(a)(6), and Debtor has not established otherwise.  *See* Doc. 332.  Additionally, the debt at issue does not appear to be nondischargeable.  The Downs has not filed a complaint for a determination that the Claim is for a nondischargeable debt, and the deadline for objecting to the dischargeability of a particular debt has long since passed.

For these reasons, the Court finds that the Claim Objection must be, and hereby is, **DENIED;**

**IT IS FURTHER ORDERED** that, to the extent that the Objection seeks relief from the Court's Order denying *Debtor's Motion to Investigate Fraud via Submission of Fraud, Notice of Intent to Commit Fraud (Doc. 194)*, the Objection (Doc. 214) is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

**Herbert C. Broadfoot, II**
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**The Downs Homeowners Association, Inc.**
c/o Lazega & Johanson, LLC
P.O. Box 250800
Atlanta, Georgia 30325