**IT IS ORDERED as set forth below:**



**Date: February 3, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is Debtor's Objection to Claim of Natchez Trace Homeowners Association, Inc. (Doc. 173) (the "Claim Objection").

On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On September 13, 2018, Debtor voluntarily converted her bankruptcy case to a case under Chapter 7. *See* Doc. 72. S. Gregory Hays (the "Trustee") was appointed as trustee. The Trustee filed a notice of assets and requested the setting of a

claims bar date.

On June 13, 2018, Natchez Trace Homeowners Association, Inc. ("Natchez") filed a proof of claim asserting a secured claim in the amount of $2049.87 (the "Claim") arising from homeowner's association dues (Claim Number 19). Debtor opposes payment of the Claim because she asserts that the amount owed is only $550. Natchez has not responded to the Objection.

Nonetheless, the Court cannot sustain the Claim Objection because it is moot and because Debtor lacks standing to object to the Claim. The Trustee's final report indicates that he does not intend to pay the Claim. *See* Doc. 332.

Further, Chapter 7 debtors lack standing to object to a claim unless the case is a surplus case that will result in a distribution under § 726(a)(6), or the underlying debt is nondischargeable. *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009); *see also In re Cannon*, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017); *In re Coleman*, 131 B.R. 59, 61 (Bankr. N.D. Tex. 1991) (finding Chapter 7 debtors lacked standing to object to a claim because they had "not shown that there will be a surplus"). Here, a review of the claims registry and the Trustee's final report suggests that there will be no distribution under § 726(a)(6), and Debtor has not established otherwise. *See* Doc. 332. Additionally, the debt at issue does not appear to be nondischargeable. Natchez has not filed a complaint for a determination that the Claim is for a nondischargeable debt, and the deadline for

2

objecting to the dischargeability of a particular debt has long since passed.

For these reasons, the Court finds that the Claim Objection must be, and hereby is,

**DENIED.**

**END OF DOCUMENT**

**Distribution List**

**Herbert C. Broadfoot, II**
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Natchez Trace Homeowners Association, Inc.**
G. Lanier Coulter
1770 Indian Trail Road
Suite 440
Norcross, GA 30093