**IT IS ORDERED as set forth below:**

**Date: February 3, 2021**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is Debtor's Objection to Claim of Select Portfolio LLC (Doc. 126, as amended by Doc. 149) (the "Claim Objection").

On April 3, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On September 13, 2018, Debtor voluntarily converted her bankruptcy case to a case under Chapter 7. *See* Doc. 72. S. Gregory Hays (the "Trustee") was appointed as trustee. The Trustee filed a notice of assets and requested the setting of a

claims bar date.

On July 12, 2018, Select Portfolio Servicing, Inc. ("SPS") filed a proof of claim asserting a secured claim on behalf of Wilmington Trust, National Association (the "Claim") arising from a residential real estate loan (Claim Number 17-2). Debtor opposes payment of the Claim because she received a letter from SPS indicating that the lien on real estate would be released and a Form 1099-C evidencing cancellation of indebtedness income of $145,863 received Debtor. SPS has not responded to the Objection.

Nonetheless, the Court cannot sustain the Claim Objection because it is moot and because Debtor lacks standing to object to the Claim. The Trustee's final report indicates that he does not intend to pay the Claim. See Doc. 332.

Further, Chapter 7 debtors lack standing to object to a claim unless the case is a surplus case that will result in a distribution under § 726(a)(6), or the underlying debt is nondischargeable. *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009); *see also In re Cannon*, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017); *In re Coleman*, 131 B.R. 59, 61 (Bankr. N.D. Tex. 1991) (finding Chapter 7 debtors lacked standing to object to a claim because they had "not shown that there will be a surplus"). Here, a review of the claims registry and the Trustee's final report suggests that there will be no distribution under § 726(a)(6), and Debtor has not established otherwise. *See* Doc. 332. Additionally, the debt at issue does not appear to be nondischargeable. SPS has not filed a complaint

2

for a determination that the Claim is for a nondischargeable debt, and the deadline for objecting to the dischargeability of a particular debt has long since passed.

For these reasons, the Court finds that the Claim Objection must be, and hereby is, **DENIED.**

### END OF DOCUMENT

**Distribution List**

**Herbert C. Broadfoot, II**
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Select Portfolio Servicing, Inc.**
P.O. Box 65250
Salt Lake City, UT 84165-0250