UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-55697-LRC |
| | ) | |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## RESPONSE OF TRUSTEE TO DEBTOR'S MOTION REQUESTING ITEMIZED STATEMENT FOR TRUSTEE AND TRUSTEE'S ATTORNEY

COMES NOW S. Gregory Hays, the Chapter 7 Trustee herein ("**Trustee**") and responds to Debtor's Motion filed February 7, 2021 [Doc. No. 345] (the "**Motion**"), by showing the Court as follows:

1.

Cassandra Johnson Landry (the "**Debtor**") filed the Motion which appears to request copies of the Applications for Compensation by the Trustee and the Trustee's attorney in this case.

2.

Attached to this Response are copies of the Trustee's Application for Compensation [Doc. No. 332-1] and the Application for Compensation of the Trustee's Attorney [Doc. No. 332-2]. This 10th day of February, 2021.

**HERBERT C. BROADFOOT II, P.C.**

By:*/s/ Herbert C. Broadfoot II*
Herbert C. Broadfoot II, Ga. Bar No. 083750

3

2964 Peachtree Road, N.W.
Suite 555
Atlanta, Georgia 30305
(404) 926-0058
bert@hcbroadfootlaw.com

*Attorney for Trustee*

4

Document   Page 3 of 25

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | CASE NO. 18-55697-LRC |
| | : | |
| Debtor. | : | |

## APPLICATION BY TRUSTEE FOR COMPENSATION

TO:   THE HONORABLE LISA RITCHEY CRAIG
      UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate, that the assets of said Debtors have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $116,868.78 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from October 24, 2018 through January 14, 2021. The statutory allowance is the sum of $9,093.44, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

Case 18-55697-lrc    Doc 347    Filed 02/10/21    Entered 02/10/21 16:47:28    Desc Main
Case 18-55697-lrc    Doc 332    Filed 02/01/21    Page 4 of 25    Entered 02/01/21 10:28:00    Desc
Application for Trustee Compensation    Page 2 of 4

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On April 3, 2018 (the "**Petition Date**"), Cassandra Johnson Landry ("**Debtor**") filed a voluntarily petition under Chapter 13 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-55697-lrc (the "**Bankruptcy Case**"). On September 14, 2018, the Bankruptcy Case was converted to one under Chapter 7 of the Bankruptcy Code. Trustee was ultimately appointed, and he remains, the duly acting Chapter 7 trustee in this Bankruptcy Case.

At the commencement of the Bankruptcy Case, the bankruptcy estate was created under 11 U.S.C. § 541(a), and it includes all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the bankruptcy estate acquires after commencement of the Bankruptcy Case.   11 U.S.C. § 541 (2014).

Trustee and his professionals have undertaken extensive investigation, identification, and recovery of interest in a certain whole life insurance policy and annuity contract, extensive investigation of Debtor's interest in certain real property and various claims asserted by Debtor, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totals approximately $115,000.

Trustee and his professional created this estate despite the Debtor's repeated efforts to disqualify the Trustee and his attorney and an attempt to reconvert and/or dismiss the Bankruptcy Case. Though this may appear to be a simple case based on the recoveries, the docket shows there were 234 docket entries since Trustee's appointment.

As said Trustee, your Applicant has or will pay in the final administration of the Bankruptcy Case out of his own funds expenses totaling $422.72, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

All required bankruptcy estate tax returns have been filed and the Trustee is proposing paying unsecured creditors a distribution of 44% on his Trustee Final Report.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $9,093.44 plus reimbursement of expenses in the amount of $422.72 and as the Court finds reasonable and just.

Respectfully submitted 15th day of January, 2021.

_/s/ S. Gregory Hays_
S. Gregory Hays
Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, N.W, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

# Hays Financial Consulting, LLC

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Cassandra Johnson Landry**
**Case # 18-55697-LRC**

### For the Period from    10/24/2018  to  1/14/2021

January 14, 2021

|  |  | Amount |
|---|---|---:|
| 1/10/2019 | Parking expenses | 7.00 |
|  | Expense Report for mileage to courthouse. | 9.20 |
| 1/31/2019 | Postage | 0.47 |
| 12/31/2019 | Postage | 2.30 |
| 1/12/2021 | 2021 Bond fee | 46.31 |
|  | Postage | 7.40 |
| 1/13/2021 | Case Closing Expenses: | 350.04 |
|  | Copies NFR - 245 notices @ 6 pages @ $0.15 per copy - $220.50 | |
|  | Postage NFR - 245 notices @ $0.51 per notice - $124.95 | |
|  | Postage distribution checks - 9 checks @ $0.51 per check - $4.59 | |
|  | **Total costs** | **$422.72** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                           :       CHAPTER 7
                              :
CASSANDRA JOHNSON LANDRY,   :      CASE NO. 18-55697-LRC
                              :
     Debtor.                   :
                              :

**APPLICATION OF HERBERT C. BROADFOOT II, P.C.**
**FOR ALLOWANCE OF COMPENSATION AS COUNSEL FOR THE CHAPTER 7**
**TRUSTEE**

COMES NOW Herbert C. Broadfoot II, P.C. ("**HCBPC**" or "**Applicant**"), attorney for S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Cassandra Johnson Landry (the "**Debtor**"), and, under 11 U.S.C. § 330 and Bankruptcy Rule 2016, applies for allowance of compensation. HCBPC seeks allowance of compensation in the amount of $23,775.00 for the period of January 2, 2019 through and after January 14, 2021 to the close of the case.  In support thereof, HCBPC respectfully shows as follows:

**Venue and Jurisdiction**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

2.     On April 3, 2018 (the "**Petition Date**"), Debtor filed a *pro se* voluntary petition under Chapter 13 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-55697-lrc (the

Case 18-55697-lrc    Doc 347    Filed 02/10/21    Entered 02/10/21 16:47:28    Desc Main
Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Page 8 of 25    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 2 of 18

"**Bankruptcy Case**"). On September 13, 2018, Debtor voluntarily converted her case from Chapter 13 to Chapter 7.

3.       Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1), two interim trustees having rejected appointments.

4.       The Chapter 7 meeting of creditors was held and concluded on January 22, 2019 pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**").

5.       Trustee filed his *Application for Approval of Employment of Herbert C. Broadfoot II, P.C. as Counsel for Trustee* [Doc. No. 129] on January 7, 2019, and the Court entered an *Order* [Doc. No. 130] on January 9, 2019, approving the employment, subject to objection.

**Narrative Summary of Services Performed**

*A. General Background Information*

6.       Trustee and his professionals have undertaken extensive investigation, identification, and recovery of interests in a certain whole life insurance policy and annuity contract, extensive investigation of Debtor's interest in certain real property and various claims asserted by Debtor, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totals approximately $115,000.00.

7.       Trustee and his professionals created this estate despite the Debtor's repeated efforts to disqualify the Trustee and his attorney and to reconvert and/or dismiss this Bankruptcy Case.

8.       As a result of these efforts, Trustee will make a meaningful distribution to unsecured creditors. Trustee and his attorney have achieved good results in this Bankruptcy Case.

*B. Summary of Fee Application*

9.      For the period from employment in January 2019 through the close of the case (the "**Application Period**"), HCBPC seeks compensation in the amount of $23,775.00.

10.      HCBPC has expended a total 63.4 professional hours in performing services for Trustee. The hourly rate charged is $375.00.

11.      If the Court grants the compensation requested in this Application, and after payment of other allowed administrative expenses, HCBPC estimates that there will be sufficient funds in the estate for Trustee to make a meaningful distribution to unsecured creditors.

## Particulars About the Application

12.      This application for allowance of compensation and reimbursement of expenses is the first application HCBPC has filed in this Case.

13.      Pursuant to the provisions of 11 U.S.C. §§ 330 and 331, HCBPC files this application in which it seeks compensation for services rendered as counsel for the Trustee for the period from January 7, 2019 through and after January 14, 2021.

14.      For the period covered by this application, HCBPC has devoted a total of more than 63.4 hours in rendering services in this Case. All the services for which compensation is sought have been rendered by Herbert C. Broadfoot II.

15.      With respect to the services which have been provided by HCBPC in this Case, Applicant shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate. HCBPC shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $23,775.00.

16.    HCBPC is a law firm with primary practice areas in Chapter 7 and Chapter 11 bankruptcy cases.

17.    HCBPC has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in Chapter 7 cases. The firm is well-versed in both the substantive and procedural issues which arise in such cases and, consequently, provides prompt, efficient, and effective legal services as required.

18.    HCBPC submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience, and reputation in cases of similar complexity and size in the geographic area in which it practices and in cases not proceeding under the Bankruptcy Code.  *See* 11 U.S.C. § 330(a)(3)(F) (2018); *see also In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 849 (3rd Cir. 1994) (citing to legislative history related to 11 U.S.C. § 330, adopted in 1978, for the proposition that "The unambiguous policy inspiring § 330(a), expressed most clearly [by Congress], is that *professionals and paraprofessionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts.*") (emphasis added).

19.    HCBPC shows that all services for which compensation is requested have been provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Case and for the benefit of the Debtor's Bankruptcy Estate and creditors.

20.    HCBPC submits that it is entitled to allowance of compensation in the amount of not less than $23,775.00 for fees that arose based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as detailed on Exhibit "A."  HCBPC shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing*

*Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below. The following summarizes the application of the *Johnson* factors to this Case:

(a) *Time and labor required*: HCBPC has expended more than 63.4 attorney hours during the Application Period. The legal issues presented by this Case have required time and attention, on a timely basis.

(b) *Novelty and difficulty of the legal questions*: This Case has involved numerous issues although these issues are not novel. Much of the difficulty encountered in the representation has arisen from the *pro se* Debtor's obstinance.

(c) *Skill required performing the legal services properly*: Trustee chose HCBPC because HCBPC has the requisite skill and experience to perform the necessary legal services properly and to otherwise interact with the Debtor. HCBPC submits that this Case has required extensive skill and experience.

(d) *Preclusion of other employment due to acceptance of this Case*: Time and attention were necessarily and properly devoted to this Case. The extent and nature of the time and attention limited the capacity of the Applicant to handle other matters.

(e) *Customary fee for similar work in the community*: HCBPC is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f) *Whether fee is fixed or contingent*: This is not a contingency fee case except that there would be no estate and no chance of payment of professionals without the actions undertaken to bring funds into the Bankruptcy Estate. As a result, HCBPC was at some risk of not being paid

until Trustee was able to obtain funds. HCBPC charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors. Time was charged at hourly rates for attorney time. Other relevant factors considered in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, the time constraints imposed by the client or the circumstances, and the rates of lawyers of reasonably comparable skills, experience, and reputation in non-bankruptcy matters of similar complexity and size. The compensation HCBPC is seeking to be paid in this Case, subject to Court approval under 11 U.S.C. § 330, is based on hourly rates.

(g)  *Time limitations imposed by the clients or circumstances*:  The time limitations were the normal ones in a Chapter 7 case.

(h)  *Amount involved and results obtained*:  HCBPC has assisted Trustee to create an estate of approximately $115,000.00.  If the Court grants the compensation requested in this Application, and after payment of other administrative expenses, Trustee will make a meaningful distribution to holders of allowed unsecured claims.

(i)  *Experience, reputation, and ability of attorneys*:  HCBPC has significant experience and ability in handling bankruptcy cases of the size and complexity of this Case and HCBPC has developed a reputation for such ability and experience.

(j)  *Undesirability of the Case*:  Two interim trustees rejected appointment in this Case prior to the Trustee. There were no funds in the Bankruptcy Estate from which to compensate the Trustee and HCBPC. *Pro se* cases are often challenging for trustees and professionals.

(k)  *Nature and length of the professional relationship with the client*:  This is not a factor in this Case.

15791610v1

(l) *Awards in similar cases*: HCBPC is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

(m)    *Other factors*: In the course of preparing this application, HCBPC reduced or eliminated certain time entries for its fees.

21.    Any compensation awarded by the Court will not be shared by HCBPC, and the firm has received no compensation from any source in connection with this Bankruptcy Case.

22.    Trustee has reviewed this Application and has approved the requested amount.

23.    HCBPC requests that this Application and attached exhibit be admitted into evidence at any hearing on this Application.

24.    Based on the foregoing, HCBPC seeks allowance of $23,775.00 as compensation.

25.    HCBPC requests that this Application be granted.

WHEREFORE, HCBPC respectfully prays:

(a) That HCBPC be allowed compensation in the amount of $23,775.00 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period January 7, 2019 through and after January 14, 2021;

(b)    That the Court grant the compensation sought herein and authorize payment as a Chapter 7 administrative expense and that the award be made final; and

(c)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 14th day of January, 2021.

> HERBERT C. BROADFOOT II, P.C.
> *Attorney for Trustee*
>
> By: */s/ Herbert C. Broadfoot II*
>     Herbert C. Broadfoot II
>     Georgia Bar No. 083750
>     bert@hcbroadfootlaw.com
>     2964 Peachtree Road, N.W., Suite 555
>     Atlanta, Georgia 30305

**EXHIBIT "A"**

15791610v1

Herbert C. Broadfoot II, P.C.
2964 Peachtree Road
Buckhead Centre - Suite 555
Atlanta, Georgia 30305

S. Gregory Hays, Chapter 7 Trustee                                                January 14, 2021
Hays Financial Consulting, LLC                                                              43-1
2964 Peachtree Road, N.W.
Suite 555
Atlanta, GA 30305


Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC


**Fees:**                                                                    Hours

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 01/02/19 | HCB | Office conference with Trustee to discuss representation in Chapter 7 case of Cassandra Johnson Landry, Debtor (.4); Review file and docket to determine status of case, action needed (.5) | 0.90 | $337.50 |
| 01/07/19 | HCB | Prepare and file Application to Employ Herbert C. Broadfoot II, P.C. (HCBPC) as attorney for Trustee (.7) | 0.70 | $262.50 |
| 01/08/19 | HCB | Prepare and upload Order granting Application to Employ attorney for Trustee (.5) | 0.50 | $187.50 |
| 01/10/19 | HCB | Prepare for hearing on Debtor's Motion to remove Trustee (.8); Attend hearing on Motion to remove Trustee (3.0); Prepare and upload Order denying Motion to remove Trustee (.7); Receipt and review of Debtor's Objection to employment of HCBPC as attorney for Trustee (.2) | 4.70 | $1,762.50 |
| 01/11/19 | HCB | Receipt and review of Order denying Motion to remove Trustee and requiring Debtor to attend 341 Meeting and to cooperate with Trustee (.1) | 0.10 | $37.50 |
| 01/17/19 | HCB | Receipt and review of Debtor's Objection to Order denying Motion to Remove Trustee (.2); Receipt and review of Debtor's Notice of Fraud, Intent to Commit Fraud (.5) | 0.70 | $262.50 |

Case 18-55697-lrc    Doc 347    Filed 02/10/21    Entered 02/10/21 16:47:28    Desc Main
Document    Page 17 of 25

Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 11 of 18

Matter No. 43-1                                                                    January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                             Page 2

| | | | | |
|---|---|---|---|---|
| 01/24/19 | HCB | Conference with Trustee regarding insurance policy assets, abandonment of properties, objection to Debtor's claims of exemptions (.3) | 0.30 | $112.50 |
| 01/28/19 | HCB | Review and sign off creditor's Order granting Motion for Relief from Stay (.2) | 0.20 | $75.00 |
| 02/08/19 | HCB | Telephone call with Ms. Euell, Senior Legal Process Coordinator, Northwestern Mutual concerning Debtor's insurance policies, and followup email to Ms. Euell to confirm conversation, request for information (.4) | 0.40 | $150.00 |
| 02/12/19 | HCB | Prepare and file Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 02/14/19 | HCB | Receipt and review of Debtor's Notice of Conversion from Chapter 7 to Chapter 13 (.2) | 0.20 | $75.00 |
| 02/15/19 | HCB | Email from Ms. Euell, Northwestern Mutual Senior Legal Process Coordinator, providing requested information about insurance policies and conference with Trustee concerning assets (.4) | 0.40 | $150.00 |
| 02/22/19 | HCB | Receipt of Order and Notice of Hearing of Conversion from Chapter 7 to Chapter 13 (.1); Review Chapter 13 Trustee's Response to Debtor's Request to Reconvert (.2) | 0.30 | $112.50 |
| 02/28/19 | HCB | Note Debtor's Change of Address filed (.1) | 0.00 | No charge |
| 03/27/19 | HCB | Email to attorney Mandy Campbell representing Chapter 13 Trustee regarding Northwestern Mutual insurance policies (.2) | 0.20 | $75.00 |
| 05/22/19 | HCB | Review of Complaints filed by and against Debtor: Adversary No. 19-05217; Adversary No. 19-05218 (.5) | 0.50 | $187.50 |
| 06/04/19 | HCB | Review of Order denying Debtor's Motion to Reconvert case to Chapter 13 (.3) | 0.30 | $112.50 |
| 06/10/19 | HCB | Telephone call with Ms. Angela Euell, | 0.40 | $150.00 |

Matter No. 43-1                                                       January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                              Page 3

| | | | | |
|---|---|---|---|---|
| | | Northwestern Mutual Senior Legal Process Coordinator, regarding values of life insurance and variable annuity policies (.2); Email to Ms. Euell to confirm request (.2) | | |
| 06/11/19 | HCB | Review Response of Debtor to Order Denying Debtor's Motion to Reconvert Case (.3) | 0.30 | $112.50 |
| 07/12/19 | HCB | Review of multiple Orders entered 7/12/2019, including Order and Notice of Hearing on Objection to Employment of HCBPC as attorney for Trustee; calendar hearing (.8) | 0.80 | $300.00 |
| 07/16/19 | HCB | Email to Ms. Euell of Northwestern Mutual requesting current information on policies (.2) | 0.20 | $75.00 |
| 07/23/19 | HCB | Receipt and review of Northwestern Mutual statement of current values of policies (.3) | 0.30 | $112.50 |
| 07/25/19 | HCB | Conference with Trustee concerning insurance and annuity policies - values, tax aspects, exemptions (.5) | 0.50 | $187.50 |
| 08/19/19 | HCB | Review Order rescheduling Hearing on Debtor's Objection to Employment of HCBPC and calendar new date (.2) | 0.20 | $75.00 |
| 09/23/19 | HCB | Review docket in preparation for 9/26/2019 hearing on Debtor's Objection to Employment (.2) | 0.20 | $75.00 |
| 09/25/19 | HCB | Prepare for hearing on Debtor's Objection to Employment (1.0) | 1.00 | $375.00 |
| 09/26/19 | HCB | Attend hearing on Debtor's Objection to Employment of HCBPC as attorney for Trustee (1.5) | 1.50 | $562.50 |
| 09/27/19 | HCB | Prepare and upload proposed Order granting Application to Employ HCBPC as attorney for Trustee (.5) | 0.50 | $187.50 |
| 11/13/19 | HCB | Prepare, file and serve Notice of Hearing on Trustee's Objection to Exemptions (.9) | 0.90 | $337.50 |

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

January 14, 2021
Page 4

| | | | | |
|---|---|---|---|---|
| 11/21/19 | HCB | Review of Orders dismissing adversary proceedings filed by Debtor against mortgage companies (.5) | 0.50 | $187.50 |
| 11/22/19 | HCB | Telephone call from attorney Chris Gunnells regarding claim for personal injury on behalf of Debtor (.3); Email to attorney Gunnells to send sample application for employment of special counsel (.3) | 0.60 | $225.00 |
| 11/26/19 | HCB | Review of Order rescheduling hearing on Trustee's Objection to Exemptions to 1/9/2020 (.1); Conference with Trustee regarding email from Jeneane Treace concerning status report and Debtor's allegations, Notice of Proposed Abandonment, reset hearing on exempt property (.5) | 0.60 | $225.00 |
| 12/04/19 | HCB | Conference with Trustee and preparation of Notice of Abandonment and Response to Debtor's Motion Requesting Trustee's Report (1.5) | 1.50 | $562.50 |
| 12/04/19 | HCB | Revise and finalize pleadings filed by Trustee (.5) | 0.50 | $187.50 |
| 12/20/19 | HCB | Review of Debtor's Motion for Delay (.1) | 0.10 | $37.50 |
| 01/07/20 | HCB | Review of Order Rescheduling Hearing and calendar hearing date (.2) | 0.20 | $75.00 |
| 01/09/20 | HCB | Review of Notice of Removal of Attorney for Trustee (.2); Review of Amended Operative Complaint filed by Debtor in U.S. District Court adding Trustee as Defendant (.6) | 0.80 | $300.00 |
| 01/10/20 | HCB | Review of Order Dismissing Notice of Removal of Trustee's Attorney (.2); Email from and to Jeneane Treace concerning Trustee added to U.S. District Court action (.3) | 0.50 | $187.50 |
| 01/11/20 | HCB | Research regarding Barton doctrine (.5) | 0.50 | $187.50 |
| 01/13/20 | HCB | Legal research regarding Barton doctrine, | 0.70 | $262.50 |

Matter No. 43-1                                                          January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                 Page 5

|  |  | dismissal of District Court civil action as to Trustee (.7) |  |  |
| --- | --- | --- | --- | --- |
| 01/13/20 | HCB | Further research regarding Barton doctrine (.8) | 0.80 | $300.00 |
| 01/13/20 | HCB | Preparation of Motion to Dismiss Trustee as Defendant (1.0) | 1.00 | $375.00 |
| 01/20/20 | HCB | Continued research and preparation of Motion to Dismiss Trustee (1.0) | 1.00 | $375.00 |
| 01/24/20 | HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 01/28/20 | HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 01/29/20 | HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 02/03/20 | HCB | Finalize Motion to Dismiss and Brief (.3); Telephone call with Clerk's Office regarding ECF (.2) | 0.50 | $187.50 |
| 02/04/20 | HCB | File Motion to Dismiss and Brief in U.S. District Court, including conference with clerk (.7) | 0.70 | $262.50 |
| 02/06/20 | HCB | Prepare, file and serve Motion for Continuance of Hearing on Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 02/10/20 | HCB | Receipt and review of multiple docket entries in U.S. District Court case (.6) | 0.60 | $225.00 |
| 02/12/20 | HCB | Prepare and file Trustee's Report of Litigation (1.0) | 1.00 | $375.00 |
| 02/19/20 | HCB | Review of multiple docket entries in U.S. District Court case (.3) | 0.30 | $112.50 |
| 02/20/20 | HCB | Receipt and review of Debtor's Motion to Remove Trustee's Attorney (.3) | 0.30 | $112.50 |
| 02/21/20 | HCB | Review of multiple entries on docket of U.S. | 0.30 | $112.50 |

Matter No. 43-1                                                    January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                          Page 6

|  |  | District Court (.3) |  |  |
|---|---|---|---|---|
| 02/28/20 | HCB | Review of multiple entries on docket of U.S. District Court, including Final Report and Recommendation that Trustee's Motion to Dismiss be granted (4) | 0.40 | $150.00 |
| 03/04/20 | HCB | Receipt and review of pleadings filed by Debtor regarding foreclosure and dispossessory (.3); Preparation for hearing on Trustee's Objection to Exemptions and Abandonment of Assets (1.0) | 1.30 | $487.50 |
| 03/05/20 | HCB | Attend hearing on Trustee's Objection to Exemptions and Abandonment of Assets (2.0); Review Debtor's Emergency Motion for Voluntary Dismissal of Case (.3) | 2.30 | $862.50 |
| 03/09/20 | HCB | Review of Orders and Judgment entered in U.S. District Court, civil case terminated (.3) | 0.30 | $112.50 |
| 03/10/20 | HCB | Office conference with Advocate from Georgia Department of Human Services sent at Debtor's request (NC); Conference with Trustee to discuss status of case (.5) | 0.50 | $187.50 |
| 03/11/20 | HCB | Prepare and upload Order Sustaining Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 03/27/20 | HCB | Prepare and file Trustee's Second Status Report of Litigation (.5) | 0.50 | $187.50 |
| 04/07/20 | HCB | Review of Orders approving Notice of Abandonment, denying Motion of Debtor to Remove Trustee's Attorney, and establishing Objection Deadline (.4) | 0.40 | $150.00 |
| 04/09/20 | HCB | Telephone call with Ms. Euell of Northwestern Mutual regarding surrender value of life insurance and annuity policies and email to confrim conversation (.4); Telephone conference with Trustee and Jeneane Treace concerning Debtor's request for dismissal of case (.3) | 0.70 | $262.50 |
| 04/16/20 | HCB | Email from Ms. Euell of Northwestern Mutual | 0.10 | $37.50 |

Matter No. 43-1                                                                    January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                            Page 7

| | | regarding policy values (.1) | | |
|---|---|---|---|---|
| 04/21/20 | HCB | Prepare Trustee's Objection to Debtor's Motion to Dismiss Case (1.0) | 1.00 | $375.00 |
| 04/25/20 | HCB | Finalize and file Trustee's Objection to Dismissal of Case (1.0) | 1.00 | $375.00 |
| 05/04/20 | HCB | Review and calendar Notice of Hearing (.1) | 0.10 | $37.50 |
| 05/19/20 | HCB | Conference call with Trustee and Shawna Staton regarding hearing on Debtor's Dismissal of Case, Trustee's Objection (.5); Email to Shawna Staton to send U.S. District Court pleadings (.2) | 0.70 | $262.50 |
| 05/20/20 | HCB | Prepare for hearing on Debtor's Motion to Dismiss Case (.5); Attend hearing (.5) | 1.00 | $375.00 |
| 05/26/20 | HCB | Review of Order Denying Debtor''s Emergency Motion to Dismiss Case (.2) | 0.20 | $75.00 |
| 05/27/20 | HCB | Email to Ms. Euell at Northwestern Mutual requesting funds from surrender of insurance and annuity policies (.4) | 0.40 | $150.00 |
| 06/02/20 | HCB | Telephone call from Ms. Euell regarding payment of funds, tax liability, and email to Ms. Euell to confirm conversation(.4) | 0.40 | $150.00 |
| 06/03/20 | HCB | Email from and to Ms. Euell regarding payment of funds to Trustee (.3) | 0.30 | $112.50 |
| 06/09/20 | HCB | Emails from and to Ms. Euell regarding checks payable to Trustee, W-9 form (.3) | 0.30 | $112.50 |
| 06/12/20 | HCB | Review of Order and Judgment from U.S. District Court dismissing Appeal 18-cv-5095 (.3) | 0.30 | $112.50 |
| 06/16/20 | HCB | Review Debtor's Objection to Order denying dismissal of case (.3) | 0.30 | $112.50 |
| 07/09/20 | HCB | Prepare and file Report of Trustee's Receipt of Funds (.5) | 0.50 | $187.50 |

Matter No. 43-1                                          January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                  Page 8

| | | | | |
|---|---|---|---|---|
| 07/17/20 | HCB | Email to Debtor in response to her inquiry about disbursements by Trustee from estate account (.2) | 0.20 | $75.00 |
| 07/21/20 | HCB | Review of Order Denying Debtor's Objection to prior Order denying Motion to Dismiss case (.3) | 0.30 | $112.50 |
| 07/29/20 | HCB | Review Claims Register in preparation for Objections to Proofs of Claim (1.0) | 1.00 | $375.00 |
| 07/30/20 | HCB | Review of Debtor's Objection to Order (.2) | 0.20 | $75.00 |
| 08/12/20 | HCB | Prepare objection to claim (.5) | 0.50 | $187.50 |
| 08/17/20 | HCB | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 08/18/20 | HCB | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 08/20/20 | HCB | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 08/21/20 | HCB | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 08/26/20 | HCB | Finalize, file and serve Objections to Claims, Notice of Hearing (1.5) | 1.50 | $562.50 |
| 09/10/20 | HCB | Review of Order Denying Debtor's Objection to Order dated 7/21/2020 (.2) | 0.20 | $75.00 |
| 09/25/20 | HCB | Review Response of Georgia Dept. of Community Health to Trustee's Objection to Claim (.3) | 0.30 | $112.50 |
| 09/30/20 | HCB | Review change of address filed by Debtor (.1) | 0.10 | $37.50 |
| 09/30/20 | HCB | Prepare for hearing on Trustee's Objections to Claims (.8) | 0.80 | $300.00 |
| 10/01/20 | HCB | Attend telephonic hearing on Trustee's Objections to Claims (1.2) | 1.20 | $450.00 |

Matter No. 43-1                                                           January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                    Page 9

| 11/04/20 | HCB | Prepare and file Withdrawal of Trustee's Objection to Claim of Georgia Dept. of Community Health (.6) | 0.60 | $225.00 |
| 12/03/20 | HCB | Review of Order Granting Trustee's Motion to Disallow Claims (.3) | 0.30 | $112.50 |
| 01/05/21 | HCB | Prepare Application for Compensation for Attorney for Trustee (4.0) | 4.00 | $1,500.00 |
|  |  | Hours: | 63.40 |  |
|  |  | Total fees: |  | $23,775.00 |

---

**Billing Summary**

| Previous balance | $0.00 |
| Payments & adjustments | 0.00 |
| Current fees & expenses | 23,775.00 |
| **Total now due** | **$23,775.00** |

Please make checks payable to Herbert C. Broadfoot II, P.C.
Tax ID No. 58-2462679

## CERTIFICATE OF SERVICE

This is to certify that I, Herbert C. Broadfoot II, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Response of Trustee to Debtor's Motion Requesting Itemized Statement for Trustee and Trustee's Attorney* by first class mail on those persons or entities set forth below at the address stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

This 10th day of February, 2021.

/s/ Herbert C. Broadfoot II
Herbert C. Broadfoot II
Georgia Bar No. 083750

15053388v1