**IT IS ORDERED as set forth below:**

**Date: March 12, 2021**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## ORDER

On December 8, 2020, the Court entered an order (the "Order") (Doc. 326) denying Debtor's Motion for Correction (Doc. 316) (the "Motion"). In the Motion, Debtor complained that S. Gregory Hays (the "Trustee") had filed a notice of proposed abandonment of Alliance for Change Through Treatment, LLC ("ACTT") (Doc. 155) (the "Notice") that proposed to abandon ACTT without noting that it is a limited liability company. In the Order, the Court found that there was no need to correct the Notice

because the "the Notice clearly stated that ACTT is a limited liability company rather than a sole proprietorship and, therefore, was sufficient to put all parties on notice of the Trustee's intent to abandon the bankruptcy estate's interest in ACTT."

On January 26, 2021, Debtor filed an "Objection" to the Order (the "Objection", Doc. 331). According to the Objection, the Court erred in stating that the Trustee filed the Notice on February 5, 2019, when, in fact, the Trustee filed the Notice on February 15, 2019. Debtor is correct that the Notice was filed on February 15, 2019. Accordingly, the Court will amend the Order to state that the Trustee filed the Notice on February 15, 2019. The Objection also asserts that the Court erred in stating that the Notice proposed the abandonment of ACTT, when, in fact, it proposed the abandonment of certain real property. The Notice proposed the abandonment of ACTT and other items of property that were not of any apparent relevance to the Motion. Therefore, the Court did not specifically mention all of the items of property listed in the Notice. The Order is not mistaken on that point.

In the Objection, Debtor also insists that a notice of abandonment is not "applicable" if it does not list the property with the same name and spelling as the property is identified on Form 1 (Individual Estate Property Record and Report Asset Case Report), which she indicates is attached to the Objection as Exhibit E. Exhibit E appears to be a copy of the Notice, however. The Court believes that, by Form 1, Debtor is referring to the Trustee's Interim Report (Doc. 219) (the "Interim Report"). In the Interim Report, the

Trustee identified Debtor's interest in "Alliance For Change Through Treatment, 95% ownership Abandoned per Notice, Docket # 155."  The Trustee filed the Interim Report on July 29, 2019, which was after he filed the Notice.  The Court fails to see how the failure to identify ACTT as a limited liability company in the Interim Report renders the Notice ineffective.  To the contrary, the Court concludes that, pursuant to § 554 of the Bankruptcy Code and Rule 6007 of the Federal Rules of Bankruptcy Procedure, the Trustee properly abandoned any interest the bankruptcy estate had in ACTT.

For these reasons,

IT IS ORDERED that the Order is corrected to reflect that the Trustee filed the Notice on February 15, 2019;

IT IS FURTHER ORDERED that the Objection is DENIED in all other respects.

## END OF DOCUMENT

**Distribution List**

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Herbert C. Broadfoot, II
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017