Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk

APR 0 8 2021

By_____
Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT OF THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| | ) |
| | ) |
| | ) |
| CASSANDRA JOHNSON-LANDRY | ) |
| DEBTOR | ) |
| | ) |

CHAPTER 7
BRC 18-55697LRC

-----------------------------------------------------------------------------------------------

## COUNTER RESPONSE TO TRUSTEE TO DEBTOR'S OBJECTION TO APPLICATION OF COUNSEL TO THE TRUSTEE FOR COMPENSATION

Debtor, Cassandra Johnson-Landry received Order and Notice of Rescheduled Hearing dated March 24, 2021 on March 31, 2021, Debtor, FIRMLY objects. Within the Order it stated Debtor's presence was unknown. Debtor's presence was known during the calendar call. Based on previous Telephonic Hearing and In-Person Hearings, if an associated party to ANY bankruptcy case was not presence, the assigned Judicial Clerk to the assigned Judge would call the calendar at minimum twice. If required parties are not present said Judicial Clerk would instruct which action to take place or a request to reschedule by a Trustee or Legal Counsel would follow.

If Debtor was experiencing technical difficulties with her phone, Debtor's ability to listen and identify those parties which were present would have been impossible. Debtor, would have also followed all court directives such as calling back into the provided number with required code if there was a disconnect. However, there was no disconnection nor technical issues experienced by the Debtor.

Debtor called in 5 to 7 minutes prior to the scheduled time. This can be proven very easily by the court and via A T and T, if there has been no redacting of or elimination of the recorded hearing, which appears to have taken place.

Furthermore, additional evidence of Debtor presence included:

1.  Presiding Judge approving the Trustee's and Legal Counsel payment of approximately 23k.

2.  Debtor overhearing the conversation of Herbert Broadfoot II, Esq, Legal Counsel to Chapter 7 Trustee, with an individual in the background due to his phone not muted resulting in Judicial Clerk instructing Herbert Broadfoot II, Esq. to mute his phone.

3.  Debtor would not have known the presence of additional Legal Counsel initials W. P was presence to represent assigned cases.

Ironically, when Debtor takes a stance as Pro Se, there appears to be a level of retaliation which immediately follows such as a payment of sort to financially exhaust Debtor. According to the Court Debtor LACKS STANDING, therefore Debtor would assume the ruling regarding Application for Compensation would remain the same. (EXHIBIT A)

8th<sup>st</sup> Day of April 2021

CASSANDRA JOHNSON-LANDRY, PRO SE
678.860.3621
CJLandry1967@gmail.com

2

## IN THE UNITED STATES BANKRUPTCY COURT OF THE
## NORTHERN DISTRICT OF GEORGIA
## CERTIFICATE OF SERVICE

I, CASSANDRA JOHNSON-LANDRY, DEBTOR, CURRENTLY SUBMIT VIA USPS
**OBJECTION TO ORDER AND NOTICE OF RESCHEDULED HEARING FOR APRIL
14, 2021 AT 10:30AM** to all listed parties below. DEBTOR IS OVER THE AGE OF 18
YEARS, **Debtor requests mailings to listed parties on current Bankruptcy Matrix in
addition.**

**R, JENEANE TREACE UST**
**Office of The United States Trustee**
**75 Ted Turner Drive, S.W., Room 362**
**Atlanta, GA 30303**

**JOHNATHAN ADAMS, ESQ,**
**Office of The United States Trustee**
**75 Ted Turner Drive, S.W., Room 362**
**Atlanta, GA 30303**

**S. Gregory Hays**
**296 Peachtree Road NW, STE 555**
**Atlanta Ga, 30305**

**Herbert Broadfoot II, Esq**
**296 Peachtree Road NW, STE 555**
**Atlanta Ga, 30305**

**8th Day of April 2021**

**CASSANDRA JOHNSON-LANDRY, PRO SE**
**678.860.3621**
**CJLandry1967@gmail.com**

3

# EXHIBIT A

**IT IS ORDERED as set forth below:**

**Date: March 24, 2021**

Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **CASE NUMBER** |
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697 -LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

### ORDER AND NOTICE OF RESCHEDULED HEARING

It appearing to the Court that Debtor experienced technical difficulties attending a telephonic hearing on the Final Report and Applications for Compensation (the "Report and Applications," Doc. 332) and that her presence at the hearing was unknown to the Court, it is hereby

ORDERED that a **rescheduled, telephonic hearing** will be held on the Report and Applications (the "Hearing") on **April 14, 2021**, at 10:30 a.m. in Courtroom 1204, United

States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

IT IS FURTHER ORDERED that the Chapter 7 Trustee shall have through and including March 31, 2021, within which to file a response to Debtor's objection to the Final Report and Applications (Doc. 350) or to amend the Final Report or Applications;

IT IS FURTHER ORDERED that, given the current public health crisis, the Hearing is telephonic only.

NOTICE IS GIVEN that any party may join the hearing by calling 888-363-4734 and entering access code 2563361 followed by # key;

IT IS ORDERED that, pursuant to BLR 5073-1, all parties are prohibited from recording or broadcasting the proceedings conducted by the United States Bankruptcy Court.

**END OF DOCUMENT**

**Distribution List**

**ALL PARTIES ON THE COURT'S MAILING MATRIX**

2

18409012863017

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re: LANDRY, CASSANDRA JOHNSON  §  Case No. 18-55697-LRC
                                 §
                                 §
                                 §
                   Debtor(s)

---

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that S. Gregory Hays, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

1340 Richard B. Russell Bldg.

75 Ted Turner Drive, SW

Atlanta, GA 30303

Please take further notice that the Court will hold a hearing on the Trustee's Final Report and Applications for Compensation in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 10:10 a.m. on March 11, 2021.

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Date Mailed: 02/02/2021                    By: /s/ S. Gregory Hays

                                           Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555

UST Form 101-7-NFR (10/1/2010)

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|----------------|-------------------------|--------------------------|------------------|
| 19 | Natchez Trace Homeowners Association, Inc. | 2,049.87 | 2,049.87 | 0.00 | 0.00 |
| 25 | The Downs Homeowners Association, Inc. | 2,911.35 | 2,911.35 | 0.00 | 0.00 |

Total to be paid to secured creditors:    $         0.00
Remaining balance:                        $   115,625.7

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| Trustee, Fees - S. Gregory Hays | 9,093.44 | 0.00 | 9,093.44 |
| Trustee, Expenses - S. Gregory Hays | 422.72 | 0.00 | 422.72 |
| Attorney for Trustee Fees (Other Firm) - Herbert C. Broadfoot II, PC | 23,775.00 | 0.00 | 23,775.00 |

Total to be paid for chapter 7 administrative expenses:    $   33,291.16
Remaining balance:                                         $   82,334.55

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| None | | | |

Total to be paid for prior chapter administrative expenses:    $         0.00
Remaining balance:                                             $   82,334.55

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|-------------------------|--------------------------|------------------|

UST Form 101-7-NFR (10/1/2010)

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| 5 | Department of the Treasury | 0.00 | 0.00 | 0.00 |
| 23 | Cassandra Johnson Landry For Alliance For Change | 0.00 | 0.00 | 0.00 |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 82,334.55

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $187,192.71 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 44.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| 2 | Bureaus Investment Group Portfolio No 15 LLC | 13,719.40 | 0.00 | 6,034.33 |
| 3 | Valeri Burnough | 30,060.95 | 0.00 | 13,221.97 |
| 4 | American Express National Bank | 13,312.03 | 0.00 | 5,855.14 |
| 6 | Midland Funding LLC | 9,000.99 | 0.00 | 3,958.98 |
| 9 | Quantum3 Group LLC | 182.60 | 0.00 | 80.31 |
| 12 | Bank of America, N.A. | 22,656.01 | 0.00 | 9,964.98 |
| 13 | Bureaus Investment Group Portfolio No 15 LLC | 11,439.52 | 0.00 | 5,031.54 |
| 14 | CACH, LLC | 33,646.86 | 0.00 | 14,799.18 |
| 15 | Woodbridge Mortgage Investment Fund 3A, LLC | 0.00 | 0.00 | 0.00 |
| 16 | Emory Eastside Medical Center | 150.00 | 0.00 | 65.98 |
| 20 | Georgia Department of Community Health | 42,634.37 | 0.00 | 18,752.23 |
| 21 | Bureaus Investment Group Portfolio No 15 LLC | 10,389.98 | 0.00 | 4,569.91 |
| 22 | Alliance For Change Through Treatment LLC | 0.00 | 0.00 | 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| 22-2 | Alliance For Change Through Treatment LLC | 0.00 | 0.00 | 0.00 |
| 24 | Attachment and Bonding Ctr. Of Atlanta | 0.00 | 0.00 | 0.00 |
| 24-2 | Attachment and Bonding Ctr. Of Atlanta | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $ 82,334.55
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| None | | | | |

Total to be paid for tardily filed general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------:|-------------------------:|-----------------:|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

Prepared By: /s/ S. Gregory Hays

Chapter 7 Trustee

S. Gregory Hays
2964 Peachtree Road, NW, Ste. 555
Atlanta, GA 30305
(404) 926-0060

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST **Form 101-7-NFR (10/1/2010)**

Herbert C. Broadfoot II, P.C.
2964 Peachtree Road
Buckhead Centre - Suite 555
Atlanta, Georgia 30305

S. Gregory Hays, Chapter 7 Trustee                                                           January 14, 2021
Hays Financial Consulting, LLC                                                                          43-1
2964 Peachtree Road, N.W.
Suite 555
Atlanta, GA 30305

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

| Fees: | | | Hours | |
|---|---|---|---|---|
| 01/02/19 | HCB | Office conference with Trustee to discuss representation in Chapter 7 case of Cassandra Johnson Landry, Debtor (.4); Review file and docket to determine status of case, action needed (.5) | 0.90 | $337.50 |
| 01/07/19 | HCB | Prepare and file Application to Employ Herbert C. Broadfoot II, P.C. (HCBPC) as attorney for Trustee (.7) | 0.70 | $262.50 |
| 01/08/19 | HCB | Prepare and upload Order granting Application to Employ attorney for Trustee (.5) | 0.50 | $187.50 |
| 01/10/19 | HCB | Prepare for hearing on Debtor's Motion to remove Trustee (.8); Attend hearing on Motion to remove Trustee (3.0); Prepare and upload Order denying Motion to remove Trustee (.7); Receipt and review of Debtor's Objection to employment of HCBPC as attorney for Trustee (.2) | 4.70 | $1,762.50 |
| 01/11/19 | HCB | Receipt and review of Order denying Motion to remove Trustee and requiring Debtor to attend 341 Meeting and to cooperate with Trustee (.1) | 0.10 | $37.50 |
| 01/17/19 | HCB | Receipt and review of Debtor's Objection to Order denying Motion to Remove Trustee (.2); Receipt and review of Debtor's Notice of Fraud, Intent to Commit Fraud (.5) | 0.70 | $262.50 |

Case 18-55697-lrc   Doc 358   Filed 04/08/21   Entered 04/09/21 11:01:16   Desc Main
Document   Page 13 of 26

Case 18-55697-lrc   Doc 332-2   Filed 02/01/21   Entered 02/01/21 10:28:00   Desc
Application for Attorney Compensation   Page 11 of 18

Matter No. 43-1

Cassandra Johnson Landry, Debtor  18-55697-LRC

January 14, 2021

Page 2

| Date | | Attorney | Description | Hours | Amount |
|---|---|---|---|---|---|
| 01/24/19 | | HCB | Conference with Trustee regarding insurance policy assets, abandonment of properties, objection to Debtor's claims of exemptions (.3) | 0.30 | $112.50 |
| 01/28/19 | | HCB | Review and sign off creditor's Order granting Motion for Relief from Stay (.2) | 0.20 | $75.00 |
| 02/08/19 | | HCB | Telephone call with Ms. Euell, Senior Legal Process Coordinator,  Northwestern Mutual concerning Debtor's insurance policies, and followup email to Ms. Euell to confirm conversation, request for information (.4) | 0.40 | $150.00 |
| 02/13/19 | | HCB | Prepare and file Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 02/14/19 | | HCB | Receipt and review of Debtor's Notice of Conversion from Chapter 7 to Chapter 13 (.2) | 0.20 | $75.00 |
| 02/15/19 | | HCB | Email from Ms. Euell, Northwestern Mutual Senior Legal Process Coordinator, providing requested information about insurance policies and conference with Trustee concerning assets (.4) | 0.40 | $150.00 |
| 02/22/19 | | HCB | Receipt of Order and Notice of Hearing of Conversion from Chapter 7 to Chapter 13 (.1); Review Chapter 13 Trustee's Response to Debtor's Request to Reconvert (.2) | 0.30 | $112.50 |
| 02/28/19 | | HCB | Note Debtor's Change of Address filed (.1) | 0.00 | No charge |
| 03/27/19 | | HCB | Email to attorney Mandy Campbell representing Chapter 13 Trustee regarding Northwestern Mutual insurance policies (.2) | 0.20 | $75.00 |
| 05/22/19 | | HCB | Review of Complaints filed by and against Debtor: Adversary No. 19-05217; Adversary No. 19-05218 (.5) | 0.50 | $187.50 |
| 06/04/19 | | HCB | Review of Order denying Debtor's Motion to Reconvert case to Chapter 13 (.3) | 0.30 | $112.50 |
| 06/10/19 | | HCB | Telephone call with Ms. Angela Euell, | 0.40 | $150.00 |

Matter No. 43-1                                                          January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                     Page 3

|  |  |  |  |
|---|---|---|---|
|  | Northwestern Mutual Senior Legal Process Coordinator, regarding values of life insurance and variable annuity policies (.2); Email to Ms. Euell to confirm request (.2) |  |  |
| 06/11/19 HCB | Review Response of Debtor to Order Denying Debtor's Motion to Reconvert Case (.3) | 0.30 | $112.50 |
| 07/12/19 HCB | Review of multiple Orders entered 7/12/2019, including Order and Notice of Hearing on Objection to Employment of HCBPC as attorney for Trustee; calendar hearing (.8) | 0.80 | $300.00 |
| 07/16/19 HCB | Email to Ms. Euell of Northwestern Mutual requesting current information on policies (.2) | 0.20 | $75.00 |
| 07/23/19 HCB | Receipt and review of Northwestern Mutual statement of current values of policies (.3) | 0.30 | $112.50 |
| 07/25/19 HCB | Conference with Trustee concerning insurance and annuity policies - values, tax aspects, exemptions (.5) | 0.50 | $187.50 |
| 09/19/19 HCB | Review Order rescheduling Hearing on Debtor's Objection to Employment of HCBPC and calendar new date (.2) | 0.20 | $75.00 |
| 09/23/19 HCB | Review docket in preparation for 9/26/2019 hearing on Debtor's Objection to Employment (.2) | 0.20 | $75.00 |
| 09/25/19 HCB | Prepare for hearing on Debtor's Objection to Employment (1.0) | 1.00 | $375.00 |
| 09/26/19 HCB | Attend hearing on Debtor's Objection to Employment of HCBPC as attorney for Trustee (1.5) | 1.50 | $562.50 |
| 09/27/19 HCB | Prepare and upload proposed Order granting Application to Employ HCBPC as attorney for Trustee (.5) | 0.50 | $187.50 |
| 11/13/19 HCB | Prepare, file and serve Notice of Hearing on Trustee's Objection to Exemptions (.9) | 0.90 | $337.50 |

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

January 14, 2021
Page 4

| Date | | Attorney | | Description | Hours | Amount |
|---|---|---|---|---|---|---|
| 11/21/19 | | HCB | | Review of Orders dismissing adversary proceedings filed by Debtor against mortgage companies (.5) | 0.50 | $187.50 |
| 11/22/19 | | HCB | | Telephone call from attorney Chris Gunnells regarding claim for personal injury on behalf of Debtor (.3); Email to attorney Gunnells to send sample application for employment of special counsel (.3) | 0.60 | $225.00 |
| 11/26/19 | | HCB | | Review of Order rescheduling hearing on Trustee's Objection to Exemptions to 1/9/2020 (.1); Conference with Trustee regarding email from Jeneane Treace concerning status report and Debtor's allegations, Notice of Proposed Abandonment, reset hearing on exempt property (.5) | 0.60 | $225.00 |
| 12/04/19 | | HCB | | Conference with Trustee and preparation of Notice of Abandonment and Response to Debtor's Motion Requesting Trustee's Report (1.5) | 1.50 | $562.50 |
| 12/04/19 | | HCB | | Revise and finalize pleadings filed by Trustee (.5) | 0.50 | $187.50 |
| 12/20/19 | | HCB | | Review of Debtor's Motion for Delay (.1) | 0.10 | $37.50 |
| 01/07/20 | | HCB | | Review of Order Rescheduling Hearing and calendar hearing date (.2) | 0.20 | $75.00 |
| 01/09/20 | | HCB | | Review of Notice of Removal of Attorney for Trustee (.2); Review of Amended Operative Complaint filed by Debtor in U.S. District Court adding Trustee as Defendant (.6) | 0.80 | $300.00 |
| 01/10/20 | | HCB | | Review of Order Dismissing Notice of Removal of Trustee's Attorney (.2); Email from and to Jeneane Treace concerning Trustee added to U.S. District Court action (.3) | 0.50 | $187.50 |
| 01/11/20 | | HCB | | Research regarding Barton doctrine (.5) | 0.50 | $187.50 |
| 01/13/20 | | HCB | | Legal research regarding Barton doctrine, | 0.70 | $262.50 |

Case 18-55697-lrc    Doc 358    Filed 04/08/21    Entered 04/09/21 11:01:16    Desc Main
Document    Page 16 of 26

Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 17 of 18

Matter No. 43-1                                                                                                    January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                                                    Page 8

| | | | | |
|---|---|---|---|---|
| 07/17/20 *HCB | | Email to Debtor in response to her inquiry about disbursements by Trustee from estate account (.2) | 0.20 | $75.00 |
| 07/21/20 *HCB | | Review of Order Denying Debtor's Objection to prior Order denying Motion to Dismiss case (.3) | 0.30 | $112.50 |
| 07/29/20 *HCB | | Review Claims Register in preparation for Objections to Proofs of Claim (1.0) | 1.00 | $375.00 |
| 07/30/20 *HCB | | Review of Debtor's Objection to Order (.2) | 0.20 | $75.00 |
| 08/12/20 *HCB | | Prepare objection to claim (.5) | 0.50 | $187.50 |
| 08/17/20 *HCB | | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 08/18/20 *HCB | | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 08/20/20 *HCB | | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 08/21/20 *HCB | | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 08/26/20 *HCB | | Finalize, file and serve Objections to Claims, Notice of Hearing (1.5) | 1.50 | $562.50 |
| 09/10/20 | HCB | Review of Order Denying Debtor's Objection to Order dated 7/21/2020 (.2) | 0.20 | $75.00 |
| 09/25/20 | HCB | Review Response of Georgia Dept. of Community Health to Trustee's Objection to Claim (.3) | 0.30 | $112.50 |
| 09/30/20 | HCB | Review change of address filed by Debtor (.1) | 0.10 | $37.50 |
| 09/30/20 | HCB | Prepare for hearing on Trustee's Objections to Claims (.8) | 0.80 | $300.00 |
| 10/01/20 | HCB | Attend telephonic hearing on Trustee's Objections to Claims (1.2) | 1.20 | $450.00 |

Case 18-55697-lrc   Doc 358   Filed 04/08/21   Entered 04/09/21 11:01:16   Desc Main
Document       Page 17 of 26

Case 18-55697-lrc   Doc 332-2   Filed 02/01/21   Entered 02/01/21 10:28:00   Desc
Application for Attorney Compensation    Page 18 of 18

Matter No. 43-1                                                              January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                      Page 9

| | | | | |
|---|---|---|---|---|
| 11/04/20 | HCB | Prepare and file Withdrawal of Trustee's Objection to Claim of Georgia Dept. of Community Health (.6) | 0.60 | $225.00 |
| 12/03/20 | HCB | Review of Order Granting Trustee's Motion to Disallow Claims (.3) | 0.30 | $112.50 |
| 01/05/21 | HCB | Prepare Application for Compensation for Attorney for Trustee (4.0) | 4.00 | $1,500.00 |
| | | Hours: | 63.40 | |
| | | Total fees: | | $23,775.00 |

**Billing Summary**

| | |
|---|---|
| Previous balance | $0.00 |
| Payments & adjustments | 0.00 |
| Current fees & expenses | 23,775.00 |
| **Total now due** | **$23,775.00** |

Please make checks payable to Herbert C. Broadfoot II, P.C.
Tax ID No. 58-2462679

**CLAIMS TRANSFERRED FROK NOTH APPLICATION FOR COMPENSATION AND CLAIMS SUBMITTED**

| CLAIM NUMBER | CREDITOR | CLAIM ASSERTED | CLAIM TYPE | ALLOWED AMOUNT OF CLAIM | INTERIM PAYMENTS TO DATE | PROPOSED PAYMENT | OJECTION | ABANDONE BY CHAPTE TRUSTEE |
|---|---|---|---|---|---|---|---|---|
| 1 SUBMITED 4/35 18 2141 1451 | THE DOWNS HOA C/O LAZEGA AND JOHANSON P.O.BOX 250800 ATLANTA , GA 30325 BY BRADLEY W. GRIFFIN (PROPERTY: 1440 HIGHLAND LAKE DRIVE, LAWRENCEVILLE GEORGIA | 2911.35 | S | 2911.35 | 0.00 | 0.00 | SUBMITTED 2/8/19 BY CJLANDRY (ACCORDING TO DOCKEY ACTIVITY LOG RESPONSED WERE DUE IN 30 DAYS PLUS AN ADDITIONAL THREEE DAYS. DOCUMENTATION SUPPORTING FALSE CLAIM UPLOADED INTO BRC CASE. COPIES OF MONEY ORDERS REFLECTING PAYMENTS) ITEM (150) MORTGAGE FRAUD. INVESTIGATION DENIED BY BRC, | N 2/15/2019 (RELATED RE PROPERTY BURDENSOM |
| 2 SUBMITED 4/25 18 2150 842 | BUREAUS INVESTMENTS GROUP NO 15 | 13719.40 | U | 13719.00 | 0.00 | 6034.33 | CAPITAL ONE ? | N |
| 3 SUBMITED 4/27 18 2149 C05 | VALERI BURNOUGJH DELONG CALDWELL BRIDGERS FITZPATRICK AND BENJAMIN (SUBMITTED BY CHARLES BRIDGERS) | 30060.95 | u | 30060.95 | 0.00 | 13221.97 | SUBMITTED DOCUMENTATION SHOWING PROOF OF PAYMENT, DOCUMENTATION UPLOADED INTO BRC **CLIENT IS DECEASED AS OF 9/2020** | N |
| 4 SUBMITED 5/3 18 225 7C91 | AMERICAN EXPRESS (SUBMITTED BY BECKET AND LEE, MUKHERJEE, SABARI | 13312.03 | U | 13312.03 | 0.00 | 5855.14 | INDENTITY THEFT POLIOCE REPORT DATED 3/9/08 | |

## CLAIMS TRANSFERRED FROK NOTH APPLICATION FOR COMPENSATION AND CLAIMS SUBMITTED

| CLAI M NUMBER | CREDITOR | CLAIM ASSERTED | CLAIM TYPE | ALLOWED AMOUNT OF CLAIM | INTERIM PAYMENTS TO DATE | PROPOSED PAYMENT | OBJECTION | ABANDONE CHAPTER 7 TRUSTEE |
|---|---|---|---|---|---|---|---|---|
| 5 SUBMITTED 5/9/18 21436999 | DEPARTMENT OF TREASURY (FILED BY THE IRS) | 5000.00 | U | 5000.00 | 0.00 | 0.00 | IRS REVOKED CLAIM. ID THEFT | N |
| 6 SUBMITTED 5/16/18 21955879 | MIDLAND FUNDING LLC, SUBMITTED BY MIDLAND CREDIT MANAGEMENT. | 9000.99 | U | | 0.00 | 3958.98 | SUBMITTED ID THEFT REPORT SUBMITTED | N |
| 7 SUBMITTED 5/23/18 21984166 | WILMINGTON SAVINGS FUND C/OCARRINGTON (2969 SWEET BRIAR WALK SNELLVILLE GA 30039) | 199596.30 | S | 199596.30 | 0.00 | 0.00 | SUBMITED MORTGAGE FRAUD FALSE CLAIM HOME STOLEN AND SOLD WHILE IN BANKRUPTCY UNBEKNOWST TO DEBTOR AND CO-DEBTOR. DEBTORS WERE NOT NOTIFIED UNTIL PRIVATE INVESTIGATION TOOK PLACE. HOUSE WAS NOT ABANDONED BY DEBTOR AND CO-DEBTOR. UTILITIES WERE ON AND FRAUDULENT 1098'S UPLOADED IN BRC CASE. FRAUD INVESTIGATION DENIED. | Y 2/15/19 (RELATED RE PROPERTY BURDENSON LIFT OF STAY GRANTED |

**CLAIMS TRANSFERRED FROK NOTH APPLICATION FOR COMPENSATION AND CLAIMS SUBMITTED**

| CLAIM NUMBER | CREDITOR | CLAIM ASSERTED | CLAIM TYPE | ALLOWED AMOUNT OF CLAIM | INTERIM PAYMENTS TO DATE | PROPOSED PAYMENT | OBJECTION | ABANDON CHAPTER 7 TRUSTEE |
|---|---|---|---|---|---|---|---|---|
| 12 SUBMITTED 6/11/18 21600576 | BANK OF AMERICA (FILED BY BOA) | 22656.01 | U | 22656.01 | 0.00 | 9964.98 | Y ID THEFT | N |
| 13 SUBMITTED 6/11/18 21600812 | BUREAU INVESTMENT GROUP NO. 15(FILED BY PRA REECEIVABLES) | 11439.52 | U | 11439.52 | 0.00 | 5031.54 | Y ID THEFT | N |
| 14 SUBMITTED 6/11/18 21601605 | CACH LLC, (FILED BY RESURGENT CAPITAL SERVICES) | 33646.86 | U | 33646.86 | 0.00 | 14799.18 | Y SUBMITTED PROOF OF PAYMENTS | N |
| 15 SUBMITTED 6/11/18 21602414 EXHIBIT A | WOODBRIDGE MORTGAGE INVESTMENT FUND 3A LLC. (FILED BY ePOC) Electronic Proof of Claim | 6/11/18 CLAIM 15 223693.54 9/12/18 CLAIM 15 AMENDED CLAIM) | U | Sold 9/12/18 (STILL IN CHAPTER 13) | 0.00 | 0.00 | y | Y (BUT UNSECURED 3554 - 3556HABERS AT NORTHLA BLDG H |
| 16 SUBMITTED 6/13/18 21602977 | 21602977 EMORY EASTSIDE MEDICAL CENTER (ENTERED BY RESURGENT CAPITAL SERVICES) | 150.00 | U | 150.00 | 0.00 | 65.98 | y PAID | N |
| 17 SUBMITTED 6/13/18 21603303 | WILMINGTON TRUST SELECT PORT. SERVICING INC (FILED BY JOSEPHINE SALMON FROM ALDRIDGE PITE LLC | 139245.29 | S | 139245.29 | 0.00 | 0.00 | y MORTGAGE FRAUD | Y |

**CLAIMS TRANSFERRED FROK NOTH APPLICATION FOR COMPENSATION AND CLAIMS SUBMITTED**

| CLAIM NUMBER | CREDITOR | CLAIM ASSERTED | CLAIM TYPE | ALLOWED AMOUNT OF CLAIM | INTERIM PAYMENTS TO DATE | PROPOSED PAYMENTS | OBJECTION | ABANDONE CHAPTER 7 TRUSTEE |
|---|---|---|---|---|---|---|---|---|
| 18 6/12/2018 21496509 | VERIPRO SOLUTION (FILED BY VERIPRO SOLUTIONS INC,) 2NDMORTGAGE ON 1440 HLD | 64540.89 | S | 65540.89 | 0.00 | 0.00 | Y (MORTAGE FRAUD) | Y |
| 19 SUBMITTED 6/13/13 21615646 | NATCHEZ TRACE HOA (FILED BY G. LANIER COULTER) | 2049.87 | S | 2049.87 | 0.00 | 0.00 | Y ALL RECORDS OF PAYMENTS SENT | Y |
| 20 SUBMITTED 9/19/14 21935073 | GA. DEPT OF COMMUNITY HEALTH DCH (FILED BY WHITNREY W. GROFF) | 42634.37 | U | 42634.37 | 0.00 | 18,5782.23 | Y ALL SUPPORTING DOCS WERE SENT TO INCLUDE MODIFIED TRANSCRIPTS FROM ADMINISTRTATIVE HEARING | Y |
| 21 SUBMITTED 2/28/19 21500842 | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 (FILED BY PRA RECEIVABLES) | 10389.98 | U | 10389.98 | 0.00 | 4569.91 | Y ID THEFT | N |
| 22 SUBMITTED 3/12/19 22202824 | ALLIANCE FOR CHANGE THROUGH TREATMENT LLC, C/O CASSANDRA JOHNSON LANDRY | 375000.00 (MONEY OWNED TO CREDITOR LOANED TO AGENCY) | U | 0.00 | 0.00 | 0.00 | JUDGE DENIED CLAIM AFTER ALL DOCUMENTATION WAS SUBMITTED | Y |
| 23 SUBMITTED 3/12/19 22303170 | CASSANDRA JOHNSON-LANDRY FOR ALLIANCE FOR CHANGE LLC, (FILED BY CASSANDRA JOHNSON-LANDRY | 42634.37 (MONEY OWED TO AGENCY BY DCH) | U | 0.00 | 0.00 | 0.00 | JUDGE DENIED CLAIM AFTER ALL DOCUMENTATION WAS SUBMITTED | Y |

5

CLAIMS TRANSFERRED FROK NOTH APPLICATION FOR COMPENSATION AND CLAIMS SUBMITTED

| CLAIM NUMBER | CREDITOR | CLAIM ASSERTED | CLAIM TYPE | ALLOWED AMOUNT OF CLAIM | INTERIM PAYMENTS TO DATE | PROPOSED PAYMENTS | OBJECTIONS | ABANDONI CHAPTER 7 TRUSTEE |
|---|---|---|---|---|---|---|---|---|
| 24 SUBMITTED 3/13/19 22303978 | ABC OF ATLANTA LLC. CLAIMED SUBMITTED BY CASSANDRA JOHNSON-LANDRY (FISCAL MANAGER FOR DFACS DID NOT FILE CLAIM) | 2,24700.00 (MONEY IS OWED TO AGENCY) | U | 0.00 | 0.00 | 0.00 | JUDGE DENIED PAYMENT TO ABC LLC. | Y |
| 25 SUBMITTED 5/27/19 21484451 | (21484451) THE DOWNS HOA LAZEGA AND JOHANSON LLC SUBMITTED BY (BRADLEY GRIFFIN) | 2911.335 SAME AMOUNT AS PRE-PETITION (JUST WANTED TO COLLECT TO EXHAUST ESTATE) | S (WHY IS THIS ALLOWED TO BE FILED TWICE?) | 2911.35 | | | | N 2/15/19 |

6

COPY

2021 MAR 11  AM 8:31

## IN THE UNITED STATES BANKRUPTCY COURT OF THE
## NORTHERN DISTRICT OF GEORGIA

)
)
)
CASSANDRA JOHNSON-LANDRY     )
DEBTOR     )
)

CHAPTER 7
BRC ~~15-55697LRC~~ *END CTR*
*18-55657LRC*

---

**OBJECTION TO APPLICATION OF HERBERT BROADFOOT II ESQ, FOR ALLOWANCE OF COMPENSATION AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

---

Debtor currently objects to the Application of Herbert Broadfoot II ESQ, for allowance of Compensation as Counsel for the Chapter 7 Trustee.

A. According to the Handbook for Chapter 7 Trustees the following applies:

Attorneys and accountants shall not be compensated for performing the statutory duties of the trustee. 11 U.S.C. § 704, Fed. R. Bankr. P. 2015(a). The following list includes examples of services considered to fall within the duties of a trustee:

1) Preparing for and examining the debtor at the meeting of creditors in order to verify factual matters

2) Examining proofs of claim and filing routine objections to the allowance of any claim that is improper

3) Investigating the financial affairs of the debtor

4) Furnishing information to parties in interest on factual matters

5) Collecting and liquidating assets of the estate by employing auctioneers or other agents and soliciting offers

1

6) Preparing required reports

7) Performing banking functions; and Handbook for Chapter 7 Trustees Page 4-22

8) In appropriate cases, filing applications for employment of professionals and supervising those professionals.

9) Tasks completed by Trustee's Counsel should NOT be billed at a higher rate if the Chapter 7 Trustee is capable of performing the same task.

      B. The aforementioned trustee duties are not compensable as legal or accounting services unless sufficiently documented to show that special circumstances exist. Given the Debtor was denied requests for fraud investigations special circumstances do NOT exist. **(EXHIBIT A)** 1/7/2019, 1/2/2019, 1/8/2019, 1/24/2019, 2/8/2019,2/15/2019, 3/27/2019,6/10/2019,3/27/20, 1/5/2021, 11/4/2020, 8/21/2020, 08/26/20, 2/12/2020, 12/4/2019, 1/11/2020, 1/13/2020 (1), 1/13/2020(2). 1/13/2020(3) 11/26/2019, 11/22/2019, 1/20/2020, 1/24/2020, 1/28/2020, 1/29/ 2020, 2/3/2020, 2/4/2020, 2/12/2020, 2/10/2020, 2/6/20202, 12/4/2019, 1/10/2020, 11/21/2019, 3/10/2020,4/9/2020, 3/27/2020, 3/11/2020, 3/05/2020, 3/4/2020, 4/16/2020, 7/9/2020, 6/3/2020, 6/2/2020,5/27/2020,5/19/2020, 4/25/2020, 7/17/2020, 7/29/2020, 7/30/2020, 8/12/2020). Furthermore, it appears words were used interchangeably/substituted for wording outlined within the Chapter 7 Trustee Handbook in order validate billing.

    C. Chapter 7 Trustee did not provide an explanation of payment requested as it relates to defining each expense which provided the accumulative amount listed of 422.72 and also how the amount of 9093.44 was derived, This information was requested previously within the Motion to Compel submitted by Debtor **(EXHIBIT A)**

    D. The status of the Chapter 7 Trustee's list of Abandonments as reflected within Form 1 /Individual Estate Property Record and Report , BUT not addressed within the

2

Application for Compensation , but would have been considered as payments, if collected could have been applied towards Debtors alleged debts, which included:

1. Alliance for Change through Treatment LLC. which 3554-3556 Habersham at Northlake Bldg H is referenced and 3547 Habersham at Northlake Bldg F both residing in Tucker Ga 30084.

2. Adversarial Action for Debtor's Personal Injury Claim dates of 5/22/2017 (Driver currently deceased due to suicide on 11/1/2017 and auto injuries from accident date 11/29/2016.

3. Adversarial Action regarding the modification of Transcripts from the 2016 Administrative Hearing for Alliance for Change Through Treatment LLC. which led to an inactive stay status of the 30 million dollars Adversarial Action against the Department of Community Health.

4. The Abandonment of Attachment and Bonding Center of Atlanta LLC, which is owed a substantial amount of money from the Department of Children and Family Service totaling over 2million dollars.

5. Adversarial Action of Auto Accident involving Co-Debtor who is not a part of Debtor's Bankruptcy action.

E. Due to the excessive amount of ID theft, Submitted Grid (EXHIBIT B) identifies unsecured creditors and agreed upon amount for payments without Fraud Investigation based on submitted Police Report as much of the activity on unsecured accounts occurred immediately after Debtor's Id Theft (EXHIBIT C).

3

Debtor is requesting the court to review all alleged debts due to the submitted Proof of ID

Theft which was recently uncovered. This includes a Bankruptcy filed in the Courts of

Gwinnett County identifying another individual with both my first and maiden name,

This information was brought to my attention in addition to additional documents

reflecting appeared ID THEFT.


10th Day of March 2021

CASSANDRA JOHNSON+LANDRY, PRO SE

678.860.3621

Cjlandry1967@gmail.com

4