# IN THE UNITED STATES BANKRUPTCY COURT OF THE NORTHERN DISTRICT OF GEORGIA

Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk

APR 08 2021

By: _____
Deputy Clerk

| | |
|---|---|
| CASSANDRA JOHNSON-LANDRY ) | CHAPTER 7 |
| DEBTOR ) | BRC 18-55697LRC |
| ) | |

---

## COUNTER RESPONSE TO TRUSTEE REGARDING DEBTOR'S OBJECTION TO APPLLICATION OF COUNSEL TO THE TRUSTEE FOR COMPENSATION

Debtor, CASSANDRA JOHNSON-LANDRY received Response of Trustee to Debtor's Objection to Application of Herbert Broadfoot II Esq, for Allowance of Compensation as Counsel for the Chapter 7 Trustee (Doc. No. 350)

1.

Debtor received a notice of rescheduled hearing for April 14, 2021 due to ALLEGED technical difficulty. Document 357 dated for docketed on March 31, 2021 by Herbert Broadfoot II Esq. Counsel noted the written response was scheduled to be delivered to the Clerk at least two business days prior to hearing. Please note after reviewing Chapter 7 guidelines, unless it was an oversight, by Debtor the twoday deadline was not noted,

2.

Debtor acknowledged verbally during Calendar Call of her presence for scheduled hearing on March 11, 2021. Debtor can not understand why her verbal acknowledgement was heard by Judicial Clerk and not by others unless the Debtor was intentionally muted. Again, there were NO technical difficulties. In fact, Debtor was not invited to provide a response by the presiding

1

judge, regardless of having a LACK OF STANDING. Therefore, Debtor was never acknowledged.

3.

As it pertains to the OVER USAGE of Lack of standing, it appears this status may be valid, but does not mean it is just, Bankruptcy is a voluntary action therefore many Petitioners are often degraded feeling they have no input regarding their case. The assignment of a Chapter 7 Trustee in NO WAY means the Chapter 7 Trustee primary role is to protect the best interest of ANY DEBTOR'S case. It is very ironic Debtor Police Report (s) which identified debtor personal information being stolen after a vehicle break in, there is an Order for a rescheduled Hearing regarding the Application for Compensation. Debtor requested NUMEROUS times for Fraud investigation, however, was denied and implied the Chapter 7 Trustee was competent in determining the need for a Fraud Investigation. It is very obvious what is in the Trustee's Best Interest after Debtor's further research and investigation.

4.

Legal Counsel cited his Familiarity to the Chapter 7 Trustee Handbook. If Legal Counsel were familiar with noted Handbook, Debtor would not have identified items which could not be submitted for billing as outlined. Furthermore, I question spending an astronomical amount of time regarding Barton's Doctrine. This was not to ensure ethical and legal practice. Given Legal Counsel has practiced the area of Law for approximately over 40 years and even if there are modification and addendum made to such doctrine, the amount of time spent is not acceptable if you are noted as a competent Legal Counsel with an applicable BAR NUMBER. (EXHIBIT A).

2

5.

Also, the submission of Legal Counsel's Response for Trustee appeared to have been a act of Good Faith, however it appears this submission was redundant as the previous ORDER requested a Rescheduled Hearing was previously submitted.

8thst Day of April 2021

*[signature]*

CASSANDRA JOHNSON-LANDRY, PRO SE
678.860.3621
CJLandry1967@gmail.com

## IN THE UNITED STATES BANKRUPTCY COURT OF THE
## NORTHERN DISTRICT OF GEORGIA
## CERTIFICATE OF SERVICE

I, CASSANDRA JOHNSON-LANDRY, DEBTOR, CURRENTLY SUBMIT VIA USPS COUNTER RESPONSE TO TRUSTEE REGARDING DEBTOR'S OBJECTION TO APPLLICATION OF COUNSEL TO THE TRUSTEE FOR COMPENSATION to all listed parties below. DEBTOR IS OVER THE AGE OF 18 YEARS, **Debtor request mailings to listed parties on current Bankruptcy Matrix also.**

R, JENEANE TREACE UST
Office of The United States Trustee
75 Ted Turner Drive, S.W., Room 362
Atlanta, GA 30303


JOHNATHAN ADAMS, ESQ,
Office of The United States Trustee
75 Ted Turner Drive, S.W., Room 362
Atlanta, GA 30303

S. Gregory Hays
296 Peachtree Road NW, STE 555
Atlanta Ga, 30305

Herbert Broadfoot II, Esq
296 Peachtree Road NW, STE 555
Atlanta Ga, 30305

8th Day of April 2021

CASSANDRA JOHNSON-LANDRY, PRO SE
678.860.3621
CJLandry1967@gmail.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-55697-LRC |
| | ) | |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF TRUSTEE TO DEBTOR'S OBJECTION TO APPLICATION OF COUNSEL TO THE TRUSTEE FOR COMPENSATION**

COMES NOW S. Gregory Hays, the Chapter 7 Trustee herein ("**Trustee**") and responds to Debtor's *Objection to Application of Herbert Broadfoot II Esq for Allowance of Compensation as Counsel for the Chapter 7 Trustee* filed March 11, 2021 [Doc. No. 350] ("**Debtor's Objection**"), by showing the Court as follows:

1.

On February 1, 2021, the Trustee filed his *Trustee's Final Report (TFR)* [Doc. No. 332] (the "**Trustee's Final Report**") together with applications for payment of compensation to the Trustee and to Herbert C. Broadfoot II, P.C., the Trustee's counsel [Doc. No. 332-2] (the "**Attorney Fee Application**"). A hearing to consider the Trustee's Final Report and the Attorney Fee Application was scheduled for March 11, 2021 upon notice to all creditors. Notice of the hearing provided that written responses to the Trustee's Final Report and the Attorney Fee Application were not required; however, any written responses were to be delivered to the Clerk at least two business days before the hearing.

3

15053388v1

2.

Shortly before the March 11 telephonic hearing, the Debtor's Objection was filed. No other objections were filed with the Court or served upon the Trustee and the Trustee's counsel. The hearing was held as scheduled with appearances by the Trustee's counsel and an attorney from the Office of the United States Trustee. There were no objections to the Trustee's Final Report or the Attorney Fee Application. Unbeknownst to the Court, the Debtor experienced technical difficulties and was unable to speak although she could hear the proceeding.

3.

A rescheduled, telephonic hearing has now been set for April 14, 2021 pursuant to Order and Notice of Rescheduled Hearing entered March 24, 2021 [Doc. No. 355].

4.

The Trustee contends that Debtor lacks standing to object to the Trustee's Final Report and the Attorney Fee Application. A leading case addresses the issue: "Bankruptcy standing is narrower than Article III standing…To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order…Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." In re Cult Awareness Network, Inc., 151 F.3d. 605, 607 (7th Cir. 1998). Courts generally agree that a debtor has no standing to object to the manner in which the trustee administers the bankruptcy estate, except in the case where a surplus is in prospect. In re Great Road Service Center, Inc., 304 B.R. 547 (1st Cir. BAP 2004); In re Adams, 424 B.R. 434, 436-37 (Bankr. N.D. Ill. 2010).

4

15053388v1

5.

It is clear in the instant case that there is no prospect for a surplus. Even if the Trustee and Trustee's counsel received no compensation, there would be insufficient funds in the estate to return money to the Debtor. The Debtor's Objection should be overruled for the reason that Debtor has no standing.

6.

The Trustee respectfully states that he is familiar with the Handbook for Chapter 7 Trustees and the guidelines for review of compensation applications by the U.S. Trustee Program. Trustee and Trustee's counsel were mindful throughout the administration of the estate and preparation of the applications for compensation of the distinction between legal services and trustee duties. The Trustee submits that the Trustee's Final Report and the Attorney Fee Application, having been reviewed without objection by the Office of the U.S. Trustee, should be approved.

This 31st day of March, 2021.

**HERBERT C. BROADFOOT II, P.C.**

By:*/s/ Herbert C. Broadfoot II*
Herbert C. Broadfoot II, Ga. Bar No. 083750
2964 Peachtree Road, N.W.
Suite 555
Atlanta, Georgia 30305
(404) 926-0058
bert@hcbroadfootlaw.com

*Attorney for Trustee*

5

15053388v1

## CERTIFICATE OF SERVICE

This is to certify that I, Herbert C. Broadfoot II, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Response of Trustee to Debtor's Objection to Application of Counsel to the Trustee for Compensation* by first class mail on those persons or entities set forth below at the address stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

This 31st day of March, 2021.

/s/ *Herbert C. Broadfoot II*
Herbert C. Broadfoot II
Georgia Bar No. 083750

6

15053388v1