**IT IS ORDERED as set forth below:**

**Date: May 4, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

**ORDER DEFERRING RULING ON APPROVAL OF CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION AND GRANTING TRUSTEE'S REQUEST FOR REIMBURSEMENT OF EXPENSES AND APPLICATION FOR COMPENSATION OF PROFESSIONAL**

The Court held a telephonic hearing on March 11, 2021 (the "Hearing") regarding the Trustee's Final Report and Applications for Compensation filed by S. Gregory Hays (the "Trustee") and his counsel, Herbert C. Broadfoot, II (Doc. 332) (the "Applications"). At the Hearing, Mr. Broadfoot appeared on behalf of himself and the Trustee, and Jonathan

Adams appeared on behalf of the United States Trustee. Although Debtor filed an objection to the Applications and the Final Report approximately one hour before the Hearing (the "Objection," Doc. 350), the Court did not hear Debtor announce her presence at the Hearing. The Court inquired of Mr. Broadfoot as to whether he had communicated with Debtor prior to the Hearing, and Mr. Broadfoot informed the Court that he had received a copy of the Objection from Debtor via e-mail but had not spoken with Debtor. As it appeared to the Court that Debtor had failed to attend the Hearing or prosecute the Objection, the Court approved the Final Report and Applications. Shortly after the Hearing, Debtor filed a document titled "Submission: Proof That Debtor Was in Attendance for Hearing (Doc. 351, amended by Doc. 354), in which she asserted that she was present for the Hearing, but the Court failed to acknowledge her. After concluding that it was possible that the Court and the other parties on the call could not hear Debtor due to a technological issue, the Court rescheduled the Hearing for April 14, 2021 (the "Rescheduled Hearing") to allow Debtor an additional opportunity to be heard. Mr. Broadfoot appeared at the Rescheduled Hearing, and Shawna Staton appeared on behalf of the United States Trustee. Debtor appeared at the Rescheduled Hearing to prosecute the Objection. Following the Rescheduled Hearing, Debtor filed a Response to Rescheduled Meeting (Doc. 362).

The Objection takes issue with the Trustee's commission, the Trustee's expenses,

2

Mr. Broadfoot's compensation, the Trustee's abandonment of certain assets, and the proposed payment of certain claims. First, Debtor's objection to the Trustee's commission of $9,093.44 appears to be based solely on the fact that the Trustee did not explain its calculation. The Trustee's commission is determined pursuant to § 326(a) of the Bankruptcy Code and is a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The Trustee's request for his statutory commission is proper and is supported by the Bankruptcy Code and the information contained in the Final Report regarding the anticipated disbursements of moneys from the bankruptcy estate. The appropriate amount of the commission, however, cannot be determined until the Court has approved the disbursements as stated in the Final Report. Accordingly, for the reasons explained below, approval of the Trustee's commission will be deferred.

Second, Debtor objects to the Trustee's request for reimbursement of expenses of $422.72 on the basis that the Trustee did explain for each expense. A trustee's expenses may be reimbursed if they are "actual and necessary." 11 U.S.C. § 330(a)(1)(B). Attached to the Trustee's application is an itemization of the expenses, indicating that the Trustee incurred and paid expenses for travel to the courthouse, parking, postage, the fee for a bond, and copies. These are all common and appropriate expenses, for which the

3

Trustee provided sufficient information.[1] The Court has no basis to find that the expenses were not actually incurred or were unnecessary to administer the bankruptcy estate, and, therefore, this objection is overruled, and the Court allows the expenses as requested by the Trustee.

Third, Debtor appears to object to Mr. Broadfoot's compensation on the basis that certain services provided were not legal services, but rather performance of the duties of the Trustee. The Court agrees with Debtor's general statement that counsel for a trustee may not be compensated for performing the trustee's duties. The Court, however, reviewed the time entries provided by Mr. Broadfoot with his application and did not identify any entries that appeared to be time spent providing nonlegal services. The United States Trustee also reviewed the time entries and raised no such concerns. The Objection identifies specific dates upon which services were rendered and states that "it appears words were used interchangeably/substituted for wording outlined within the Chapter 7 Trustee Handbook in order validate billing." The Court was unable to discern from the Objection why Debtor believes the time entries are not legal services based on the notations made on the timesheet or from the time entries themselves, and Debtor did not elaborate on this point

---

[1] Debtor filed her Motion to Compel: Requested Submission of Disbursement from Trustee Chapter 7 S. Gregory Hays and Trustee's Attorney Herbert Broadfoot (Doc. 344) and Motion to Compel: Requested Submission of Itemized Statement for Trustee Chapter 7 S. Gregory Hays and Trustee's Attorney Herbert Broadfoot (Doc. 345), seeking additional information regarding the fees and expenses, and Mr. Broadfoot responded to these requests, such that the Court finds that these motions are MOOT.

4

during the Rescheduled Hearing. The Court notes that counsel for the United States Trustee, who is obligated to review the Application and raise any objections thereto when appropriate, *see* 28 U.S.C. § 586(a)(3), appeared at the Hearing and the Rescheduled Hearing and announced that the United States Trustee had reviewed the Applications in the normal course and had no objections. Further, the Court's own review of the time entries gave the Court has no basis to conclude that the time entries were for nonlegal tasks that the Trustee, a nonlawyer, could have performed on behalf of the estate.

To the extent that Debtor generally asserts that Mr. Broadfoot spent too much time on this case, the Court relies on its experience and knowledge of the activities undertaken by Mr. Broadfoot in this case to conclude that the time spent was reasonable under the circumstances. The Court has reviewed the services for which compensation is sought in Mr. Broadfoot's Application pursuant to 11 U.S.C. § 326 and § 330. Having considered his hourly rate and the hours expended, the Court concludes that the compensation sought by the Trustee's attorney is reasonable. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). Accordingly, the Court overrules this objection.

Finally, the Court construes the remainder of the Objection as an objection to the Trustee's alleged failure to investigate her fraud claims and to the Trustee's proposal in the Final Report to pay certain claims on the basis that the claims are not Debtor's legitimate

debts and were incurred by another individual through identity theft, which "was recently uncovered." The Court notes that Debtor's objections to the abandonment of her fraud claims have been fully heard and determined in multiple, prior orders and will not be addressed again.

As to the payment of claims, the claims that the Trustee proposes to pay in the Final Report have been deemed allowed. 11 U.S.C. § 502(a). Therefore, the Trustee must pay the claims unless the Court disallows the claims. 11 U.S.C. § 726(a) ("Except as provided in section 510 of this title, property of the estate shall be distributed . . . in payment of any allowed unsecured claim . . . which is timely filed."). Although § 502(b) provides several bases upon which a claim shall be disallowed, there must first be "notice and a hearing." 11 U.S.C. § 502(b). Further, pursuant to Rule 3007, a party objecting to a claim must serve the claim objection on the claimholder and provide thirty days' notice of the hearing on the objection. In this case, the claimholders have not been served with the Objection or provided notice of any hearing.

In the Objection, Debtor objects to the Trustee's payment of certain claims, but, as noted above, there are no pending claim objections. The Court has previously denied objections to claims filed by Debtor on the basis that Debtor lacked standing to raise the objections because, even if the Court disallowed the claim at issue, Debtor would not have benefitted, as the funds would have simply been redirected to the payment of other allowed

claims. According to the Final Report, the Trustee is proposing to distribute *pro rata* $82,344 to holders of unsecured claims that total $187,187. It appears that Debtor objects to Claim Numbers 4, 6, 9, 12, 13, and 21 on the basis that the claims arose from identity theft and Claim Numbers 3, 14, and 16 on the basis that she has paid the claim or a portion of the claim (the "Claims").[2] If the Court disallowed or reduced all these Claims, sufficient funds could be available to allow the return of a surplus to Debtor and, therefore, Debtor could have standing to object to these Claims. For this reason, the Court will defer ruling on the Final Report and will allow Debtor a limited opportunity to object to these Claims. Debtor is directed, however, that she must comply with the requirements of this Order, the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 3007-1 and that failure to do so may result in the Court's approval of the Final Report and the Trustee's compensation without further hearing.

Therefore,

IT IS ORDERED that the Application of Mr. Broadfoot for compensation and reimbursement of expenses and the Application of the Trustee for reimbursement of expenses are **APPROVED** and this approval is made final;

---

[2] The Claims include Claim Number 3 (Valeri Burnough), Claim Number 4 (American Express), Claim Number 6 (Midland Funding), Claim Number 9 (Quantum Funding), Claim Number 12 (Bank of America), Claim Number 13 (Bureaus Investment Group), Claim Number 14 (CACH), Claim Number 16 (Emory Eastside Medical), and Claim Number 21 (Bureaus Investment Group).

7

IT IS FURTHER ORDERED that the ruling on the Trustee's Application for Compensation is **DEFERRED**;

IT IS FURTHER ORDERED that the ruling on the Final Report is **DEFERRED**;

IT IS FURTHER ORDERED that Debtor shall have fourteen (14) days from the date of the entry of this Order within which to file **and** properly serve any objections to Claims (Claim Numbers 3, 4, 6, 9, 12, 13, 14, 16, and 21);

IT IS FURTHER ORDERED that, should Debtor file claim objections, the Court will schedule and notice a hearing on the objections if the Court determines that the objections comply with the requirements of this Order, the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 3007-1;

IT IS FURTHER ORDERED that, if Debtor fails to file objections to claims that comply with the requirements of this Order, the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 3007-1, the Court may approve the Trustee's Application for compensation and approve the Final Report without notice or a further hearing.

**END OF DOCUMENT**

**Distribution List**

ALL PARTIES ON THE COURT's
MAILING MATRIX