*Filed in U.S. Bankruptcy Court*
*Atlanta, Georgia*
*M. Regina Thomas, Clerk*
*MAY 18 2021*
*Deputy Clerk*

# UNITED STATES BANKRUPTCY COURT OF GEORGIA
## NORTHERN DISTRICT

|  |  |
|---|---|
| ) | |
| ) | |
| **CASSANDRA JOHNSON-LANDRY** ) | **BRC 18-55697 LRC** |
| **DEBTOR** ) | |
| ) | |
| ) | |
| ) | |

## RESPONSE TO ORDER DEFERRUNG RULING ON APPPROVAL OF CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION AND GRANTING TRUSTEE'S REQUEST FOR REIMBURSEMENT OF EXPENSES AND APPLICATION FOR COMPENSATION OF PROFESSIONAL.

CASSANDRA JOHNSON-LANDRY, Debtor, received the Order to respond within 14 days from May 4, 2021, as ordered by presiding judge. The Order was the result of a rescheduled Telephonic Hearing which took place on April 14, 2021. Due to the court alleging and or alluding to Debtor not being present for the scheduled March 11, 2021 Telephonic Hearing, although Debtor acknowledged her presence during the scheduled calendar call by the assigned judicial clerk, it is and continue to document there were technical issues, causing the Debtor not to be heard or the Debtor was not present which is false. Furthermore, Debtor respectively requests the redaction of false statement regarding Debtor's non-attendance. This attempts to portray Debtor as being irresponsible and questions Debtor's priorities. This is a flawed statement as it pertains to current Bankruptcy case. Not acknowledging Debtor's presence allowed the Trustee and or Trustee's Attorney additional time to possibly complete preplanned tasks which were unethical due to the amount of fraud without investigation.

1.

As stated in the Order dated May 4, 2021, Debtor filed an Objection regarding the Application for Compensation for both Chapter 7 Trustee and Chapter 7 Trustee's Attorney, as Debtor has received unjust treatment in addition to, violation of Debtor Civil Rights and Due Process. There continues to be

conflictual, illegal and compromised activities amongst court officials pertaining to Debtor's Real Property. Not reporting appeared mortgage fraud totaling millions of dollars and also the Abandonment of Commercial Property, which was owned by a Limited Liability Company. Due to the resistance of the local state Magistrate Court refusing to left the Stay, this one particular property was brought into Debtor's personal Bankruptcy and the lift of Stay was granted. Again, Debtor's Limited Liability Company did not file Bankruptcy. Debtor was Guarantor for one commercial property along with previous business partner, however, it was revealed multiple loans were taken out, unbeknownst to Debtor, by previous business partner and placed into unknown account. Due to Debtor's previous business partner abandoning the agencies, Debtor uncovered evidence of criminal wrongdoing, such as a Ponzi Scheme pertaining to both commercial properties. Given the above information which has continues to be documented, the Trustee's duties were not fulfilled. There was no Department of Justice report etc. Since, the Trustee was placed over Debtor's estate, the presiding judge allowed the decision to report the above acts, solely on the Trustee. (Refer to previous filing by Debtor)

2.

It is stated, Debtor's first objection was concerning Trustee's commission of $9,093.44 due to the Trustee's failure to explain how the amount was derived. There was not a discussion regarding the Trustee's commission via telephonic hearing. Herbert Broadfoot II Esq. commented to the Debtor, no money would be returned to the Debtor. Debtor does not allude to the fact there was a lack of understanding regarding the percentage, however the debtor requested an explanation from the Trustee and Counsel regarding compensation. According to

**Section 326 – Limitation on compensation of trustee are as follow:**

**(a) In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any**

amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims. Given the uninvestigated issues the above compensation is not warranted. Without a validation of debt how would one determine compensation?

3.

Although there was a review of billing submitted by Trustee's legal counsel, still according to the Chapter 7 Handbook, if a trustee acts as the trustee's own attorney or accountant, detailed time records of the tasks performed as attorney or accountant must be maintained. A trustee acting as attorney or accountant under section 327(d) may receive compensation only for services performed in that capacity and not for the performance of regular trustee duties. 11 U.S.C. § 328(b). The demarcation of the roles of the trustee and the professional must be made to ensure that an estate incurs only appropriate costs for administration. The cost of administration and its financial effect upon creditors demand careful scrutiny of the trustee's application to employ themselves or others. Abuse in the process of a trustee serving dually as attorney or accountant may be the basis for suspension or removal from the panel.

Attorneys and accountants shall not be compensated for performing the statutory duties of the trustee. 11 U.S.C. § 704, Fed. R. Bankr. P. 2015(a). The following list includes examples of services considered to fall within the duties of a trustee:

1) Preparing for and examining the debtor at the meeting of creditors in order to verify factual matters

2) Examining proofs of claim and filing routine objections to the allowance of any claim that is improper

3) Investigating the financial affairs of the debtor

4) Furnishing information to parties in interest on factual matters

5) Collecting and liquidating assets of the estate by employing auctioneers or other agents and soliciting offers

6) Preparing required reports

7) Performing banking functions; and Handbook for Chapter 7 Trustees Page 4-22

3

8) In appropriate cases, filing applications for employment of professionals and supervising those professionals. The aforementioned trustee duties are not compensable as legal or accounting services unless sufficiently documented to show that special circumstances.

The following dates correlate with the above number as it relates to non-billable duties

1.17.19-8

1.2.19-1

1.8.19-8

1.24.19-3

2.8.19-4,3

2.15.19-3

3.27.19-3,4

6.10.19-3

3.27.20-6

1.5.21-6

11.4.20-2

8.21.20-2

8.26.20-2,6

2.12.20-2

12.4.19-2

1.11.20-4

1.13.20(1-3)-4

11.26.19-2-6

11.22.19-4

1.20.20-4

1.24.20-4

1.28.20-4

1.29.20-4

2.3.20-4

2.4.20-4

2.12.20-6

2.10.20-1

2.6.20-2

12.4.19-4,6

1.10.20-8

11.21.19-4

3.10.20-3.4

4.9.20-3,4

3.27.20-6

3.11.20-4,6

3.5.20-2 (REQUIRED TO ATTEND)

3.4.20- (NO FORECLOSURE PROPERTIES WERE STOLEN, EVICTION IS THE PROPER

WORD, MORTGAGE FRAUD WHICH WAS NOT INVESTIGATED. WHAT IS THERE TO

INVESTIGATE?)

4.16.20-3,4,7

7.9.20-6

6.3.20-3,4,7

6.2.20-3,4,7

6.9.20-3,4,7

5.27.20-3.4

5.19.20-4

4.25.20-6

7.17.20 (Proof Requested)

7.29.20-1

7.30.20-1

8.12.20-2

The Chapter 7 Trustee employed Legal Counsel, however, the purpose is to legally protect the Trustee. Therefore, any tasks completed by the employed Legal Counsel refers the Trustee's Role and Duties. (EXHIBIT A),

5.

As it pertains to Claims within the May 4, 2021 Order deferring payment as follow:

A. **Claim Number 3 (21457005)**- Valari Burnough was employed by the Attachment and Bonding Center of Atlanta, LLC. Although, it appeared she was encouraged to file an adversary Claim against all entities, she was a contractor **NOT AN EMPLOYEE** under Attachment and Bonding Center LLC, not Cassandra Johnson-Landry; Debtor was fully aware it appeared Ms. Burnough was utilized to assist in encouraging Attachment and Bonding Center of Atlanta LLC, to file Bankruptcy due to uncovered illegal activity conducted by the Debtor's previous Business Partner as it relates to appeared embezzled and more through Attachment and Bonding Center of Atlanta LLC. Attachment and Bonding was a Limited Liability Company. If Attachment and Bonding Center LLC, was dissolved it would eliminate all questions regarding the money owed to Attachment and Bonding Center of Atlanta LLC. by the Department of Family and Children Services which, was released to the Trustee as stated in previous documents. Total was approximately over 2 million dollars owed to Attachment and Bonding Center LLC. In

6

addition, to the elimination of discussion regarding payouts to legal counsels, which was also uncovered after Debtor's ex-business partner abandoned all agencies to include Attachment and Bonding Center of Atlanta, LLC. (Exhibit B). Debtor was informed Ms. Burnough passed in September 2020, which ironically was the same time Debtor's home was illegally taken. Both Attachment and Bonding Center of Atlanta LLC. and Debtor's primary residence were abandoned by the Chapter 7 Trustee, S. Gregory Hays.

B. **Claim Number 4 (21533094)**-A claim of 13,312.00 was submitted on behalf of American Express. Based on Debtor's current knowledge. There was a charge off of 13,312.00 however, American Express submitted an additional claim. Recently, Debtor received a letter from American Express stating Debtor requested all statements which, is not true. The concern, another individual requested information pertaining to Debtor without Debtor's knowledge, Debtor responded stating she did not request such information. Since this debt was charged off, no claim should have been filed. Debtor questions the validity debt. EXHIBIT C).

C. **Claim Number 6 (21555879)**-Submission of Claim totaling 9000.99 by Midland Funding (FACTORING COMPANY) on behalf of Synchrony Bank /Sam's. Account was factored out, therefore paying the Creditor. Why was a claim filed within the Debtor's Bankruptcy? In addition, account numbers do not match previous Sam Account. There are two different accounts. There was no refinance by Debtor. Debtor understands accounts are sold daily. Opening Dates do not match. This does not appear to be Debtor's account. (EXHIBIT D).

D. **Claim Number 9 (21585882)**- Quantum3 Group LLC/Comenity Bank
behalf of Victoria Secrets. No money owed per J.W, Representative.
There are two different charge accounts, Why was this claim filed?
(EXHIBIT E)

E. **Claim Number 12 (21600576)** Bank of America 22,656.01 Debtor
requested validation of debt as it is questionable. The account number is
not listed in addition, to account being charge off. Why was this claim
submitted? (EXHIBIT F)

F. **Claim Number 13 (Bureaus Investment Group Portfolio behalf of
Capital One- 11,439.52. (Debtor contacted creditor unable to reach
to obtain information).**

G. **Claim Number 21(Bureaus Investment Group Portfolio behalf of Capital One
10,389.95) (Debtor contacted creditor unable to reach to obtain information).**

In addition, claim number 2 was also submitted by **Bureaus Investment Group
Portfolio behalf of Capital One, in the amount of 13, 719.40. It is obvious the
identified claims listed are HIGHLY suspicion. It appears, there is a great
probability these claims were not submitted by the Creditor. Debtor is NOT
saying she did not have credit accounts however, Debtor has noticed similarities
regarding the filing of particular claims. NO validation of debt? Please DO
NOT create these documents. (EXHIBIT G).**

**6.**

Debtor, previously submitted information within the original Bankruptcy Petition
Packet regarding various forms of fraud to include Mortgage and Identity Theft.
Trustee Chapter 7 and Trustee Chapter 13 was fully aware of Debtor's situation and
the reason for VOLUNTARILY filing bankruptcy. It was very obvious the list of

Abandonments were connected to negative events, contained illegal activity involving Real Properties both Personal and Commercial. Although Debtor is not Legal Counsel with a Bar Number to practice the study of Law, Debtor has researched and located documents explaining why there were no investigations. It appears, all commercial properties associated with Debtor's agencies Alliance for Change Through Treatment LLC, and money owed to Attachment and Bonding Center of Atlanta LLC. were abandoned in order to eliminate the liability but, to also illegally collect ALL OUTSTANDING monies owed to Debtor and her agencies for financial gain. Furthermore, it appears money collected NOT BY DEBTOR, is possibly being rerouted via possible claims and submitted back to individuals. Debtor is not making accusatory statements however, Debtor knows there are many unclean hands involved in Debtor's Bankruptcy. Debtor filed police reports, case number and more however, Debtor knows the role was to cover the wrongdoings of others and gain financially using Debtor as a Scapegoat. Debtor has also submitted complaints regarding submitted evidence and more, being removed from Debtor's Bankruptcy Docket. AGAIN, the need for investigation will continuously be requested. All case numbers and Police Reports involving break ins and thefts were submitted to Chapter 7 Trustee and filed within the Bankruptcy court.

7.

Debtor has compared dockets and listed activity by date, especially regarding the rescheduling of the 341 Creditors Meeting and there was NO Confirmation of Debtor's Chapter 13 Bankruptcy prior to Conversion to Chapter 7. Original date of Bankruptcy filing was 4.3.18. According to the rules from the 2017 Federal Bankruptcy Rule Book applies, given it is updated on December 1 of each year previously, Additional supplements are printed as needed, whenever there are concerns noted by a debtor

which, do not support the CREDITOR. Also, IF there was a request to reschedule a meeting of hearing, Debtor submitted the appropriate motion and supporting documents PRIOR unless there was an emergency such as Debtor being hospitalized which, has taken place several times. Yes, regardless of what is written by a Non-Physician, Debtor's hospitalization resulted from accidents in 2016 and 2017 in addition, to the trauma resulting from the Bankruptcy process, State Agencies and additional Legal Counsel. Claims from these accidents were stolen in addition to money from the illegal sale of Real Properties, money owed to Debtor Agency by DFACS and more. All monies including the lawsuit settlement on behalf of Alliance for Change through Treatment LLC. was taken. There were numerous changes of dates pertaining to the 341 Meetings. It appeared Debtor was not notified of changed dates similar to not being notified of the Lift of Stay on Debtor's Real Properties 2969 Sweetbriar Walk and 869 Natchez Valley Trace. This was intentional given there are audits of Bankruptcy Cases. If Debtor's case ids audited by The Department of Justice and other agencies, the constant changes pertaining to meeting and hearing dates would create difficulty tracking the exact dates of claims submission, the inability to determine why claims were submitted outside of the legal timeframe, make it appear the Debtor was irresponsible serving as the cause for chaos within Debtor's Bankruptcy which, is NOT the cause, assist in hiding ALL illegal activity pertaining to the abandonments and also redirect the attention of the auditor causing the need to NOT question changes within Debtor's docket as it is seriously flawed. (EXHIBIT H).

8.

Debtor will submit Objection of claims as outlined in order in addition, to service on the 18th day of May 2021. Proof of filings will be submitted to the US BRC Northern Georgia for docketing, In addition, due to the uncovering is suspicious activity in greater detail and Debtor possessing written evidence, Debtor will submit additional

objection to additional claims. Debtor and spouse continues to be victims of ID Theft and Identity. Payments are being made on Spouses Credit Cards numerous times from Spouses Account. Payments are being made to a Credit Card Company in LAS VEGAS, NEVDA. Debtor's spouse information is listed within the Bankruptcy Court also. Spouse's Bank Account is being accessed by companies such as Merrill Lynch and others. Debtor and Spouse are aware and has made the necessary contacts for reporting purposes. This is NOT IRONIC. Debtor request both Legal Counsel for Chapter 7 Trustee and Chapter 7 Trustee be compensated as approved during the March 2021 Hearing.

18th day of May 2021

Cassandra Johnson-Landry, PRO SE

# UNITED STATES BANKRUPTCY COURT OF GEORGIA NORTHERN DISTRICT
## CERTIFICATE OF SERVICE

, CASSANDRA JOHNSON-LANDRY, Debtor, currently submit, **RESPONSE TO ORDER DEFERRRUNG RULING ON APPPROVAL OF CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION AND GRANTING TRUSTEE'S REQUEST FOR REIMBURSEMENT OF EXPENSES AND APPLICATION FOR COMPENSATION OF PROFESSIONAL** the 18th Day of May 2021. Debtor is over the age of 18 years. Debtor requests submitted document be distributed to parties located on Debtor's Bankruptcy Matrix.


18th Day of May 2021

Cassandra Johnson/Landry, Pro Se

EXHIBIT A

Herbert C. Broadfoot II, P.C.
2964 Peachtree Road
Buckhead Centre – Suite 555
Atlanta, Georgia 30305

S. Gregory Hays, Chapter 7 Trustee                                        January 14, 2021
Hays Financial Consulting, LLC                                                   43-1
2964 Peachtree Road, N.W.
Suite 555
Atlanta, GA 30305

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

| Fees: | | | Hours | |
|---|---|---|---|---|
| 01/02/19 | HCB | Office conference with Trustee to discuss representation in Chapter 7 case of Cassandra Johnson Landry, Debtor (.4); Review file and docket to determine status of case, action needed (.5) | 0.90 | $337.50 |
| 01/07/19 | HCB | Prepare and file Application to Employ Herbert C. Broadfoot II, P.C. (HCBPC) as attorney for Trustee (.7) | 0.70 | $262.50 |
| 01/08/19 | HCB | Prepare and upload Order granting Application to Employ attorney for Trustee (.5) | 0.50 | $187.50 |
| 01/10/19 | HCB | Prepare for hearing on Debtor's Motion to remove Trustee (.8); Attend hearing on Motion to remove Trustee (3.0); Prepare and upload Order denying Motion to remove Trustee (.7); Receipt and review of Debtor's Objection to employment of HCBPC as attorney for Trustee (.2) | 4.70 | $1,762.50 |
| 01/11/19 | HCB | Receipt and review of Order denying Motion to remove Trustee and requiring Debtor to attend 341 Meeting and to cooperate with Trustee (.1) | 0.10 | $37.50 |
| 01/17/19 | HCB | Receipt and review of Debtor's Objection to Order denying Motion to Remove Trustee (.2); Receipt and review of Debtor's Notice of Fraud, Intent to Commit Fraud (.5) | 0.70 | $262.50 |

Matter No. 43-1                                                        January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                               Page 2

| Date | | Atty | Description | Hours | Amount |
|---|---|---|---|---|---|
| 01/24/19 | | HCB | Conference with Trustee regarding insurance policy assets, abandonment of properties, objection to Debtor's claims of exemptions (.3) | 0.30 | $112.50 |
| 01/28/19 | | HCB | Review and sign off creditor's Order granting Motion for Relief from Stay (.2) | 0.20 | $75.00 |
| 02/08/19 | | HCB | Telephone call with Ms. Euell, Senior Legal Process Coordinator,  Northwestern Mutual concerning Debtor's insurance policies, and followup email to Ms. Euell to confirm conversation, request for information (.4) | 0.40 | $150.00 |
| 02/12/19 | | HCB | Prepare and file Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 02/14/19 | | HCB | Receipt and review of Debtor's Notice of Conversion from Chapter 7 to Chapter 13 (.2) | 0.20 | $75.00 |
| 02/15/19 | | HCB | Email from Ms. Euell, Northwestern Mutual Senior Legal Process Coordinator, providing requested information about insurance policies and conference with Trustee concerning assets (.4) | 0.40 | $150.00 |
| 02/22/19 | | HCB | Receipt of Order and Notice of Hearing of Conversion from Chapter 7 to Chapter 13 (.1); Review Chapter 13 Trustee's Response to Debtor's Request to Reconvert (.2) | 0.30 | $112.50 |
| 02/28/19 | | HCB | Note Debtor's Change of Address filed (.1) | 0.00 | No charge |
| 03/27/19 | | HCB | Email to attorney Mandy Campbell representing Chapter 13 Trustee regarding Northwestern Mutual insurance policies (.2) | 0.20 | $75.00 |
| 05/22/19 | | HCB | Review of Complaints filed by and against Debtor: Adversary No. 19-05217; Adversary No. 19-05218 (.5) | 0.50 | $187.50 |
| 06/04/19 | | HCB | Review of Order denying Debtor's Motion to Reconvert case to Chapter 13 (.3) | 0.30 | $112.50 |
| 06/10/19 | | HCB | Telephone call with Ms. Angela Euell, | 0.40 | $150.00 |

Matter No. 43-1                                                              January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                      Page 4

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 11/21/19 | HCB | Review of Orders dismissing adversary proceedings filed by Debtor against mortgage companies (.5) | 0.50 | $187.50 |
| 11/22/19 | HCB | Telephone call from attorney Chris Gunnells regarding claim for personal injury on behalf of Debtor (.3); Email to attorney Gunnells to send sample application for employment of special counsel (.3) | 0.60 | $225.00 |
| 11/26/19 | HCB | Review of Order rescheduling hearing on Trustee's Objection to Exemptions to 1/9/2020 (.1); Conference with Trustee regarding email from Jeneane Treace concerning status report and Debtor's allegations, Notice of Proposed Abandonment, reset hearing on exempt property (.5) | 0.60 | $225.00 |
| 12/04/19 | HCB | Conference with Trustee and preparation of Notice of Abandonment and Response to Debtor's Motion Requesting Trustee's Report (1.5) | 1.50 | $562.50 |
| 12/04/19 | HCB | Revise and finalize pleadings filed by Trustee (.5) | 0.50 | $187.50 |
| 12/20/19 | HCB | Review of Debtor's Motion for Delay (.1) | 0.10 | $37.50 |
| 01/07/20 | HCB | Review of Order Rescheduling Hearing and calendar hearing date (.2) | 0.20 | $75.00 |
| 01/09/20 | HCB | Review of Notice of Removal of Attorney for Trustee (.2); Review of Amended Operative Complaint filed by Debtor in U.S. District Court adding Trustee as Defendant (.6) | 0.80 | $300.00 |
| 01/10/20 | HCB | Review of Order Dismissing Notice of Removal of Trustee's Attorney (.2); Email from and to Jeneane Treace concerning Trustee added to U.S. District Court action (.3) | 0.50 | $187.50 |
| 01/11/20 | HCB | Research regarding Barton doctrine (.5) | 0.50 | $187.50 |
| 01/13/20 | HCB | Legal research regarding Barton doctrine, | 0.70 | $262.50 |

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

January 14, 2021
Page 5

|  |  |  |  |
|---|---|---|---|
|  | dismissal of District Court civil action as to Trustee (.7) |  |  |
| 01/13/20  HCB | Further research regarding Barton doctrine (.8) | 0.80 | $300.00 |
| 01/13/20  HCB | Preparation of Motion to Dismiss Trustee as Defendant (1.0) | 1.00 | $375.00 |
| 01/20/20  HCB | Continued research and preparation of Motion to Dismiss Trustee (1.0) | 1.00 | $375.00 |
| 01/24/20  HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 01/23/20  HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 01/29/20  HCB | Continued preparation of Motion to Dismiss and Brief (1.0) | 1.00 | $375.00 |
| 02/03/20  HCB | Finalize Motion to Dismiss and Brief (.3); Telephone call with Clerk's Office regarding ECF (.2) | 0.50 | $187.50 |
| 02/04/20  HCB | File Motion to Dismiss and Brief in U.S. District Court, including conference with clerk (.7) | 0.70 | $262.50 |
| 02/06/20  HCB | Prepare, file and serve Motion for Continuance of Hearing on Trustee's Objection to Exemptions (1.0) | 1.00 | $375.00 |
| 02/10/20  HCB | Receipt and review of multiple docket entries in U.S. District Court case (.6) | 0.60 | $225.00 |
| 02/12/20  HCB | Prepare and file Trustee's Report of Litigation (1.0) | 1.00 | $375.00 |
| 02/19/20  HCB | Review of multiple docket entries in U.S. District Court case (.3) | 0.30 | $112.50 |
| 02/20/20  HCB | Receipt and review of Debtor's Motion to Remove Trustee's Attorney (.3) | 0.30 | $112.50 |
| 02/21/20  HCB | Review of multiple entries on docket of U.S. | 0.30 | $112.50 |

Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 15 of 18

Matter No. 43-1                                                                      January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                              Page 6


                    District Court (.3)

02/28/20   @< HCB   Review of multiple entries on docket of U.S.           0.40        $150.00
                    District Court, including Final Report and
                    Recommendation that Trustee's Motion to
                    Dismiss be granted (4)

03/04/20  NR HCB    Receipt and review of pleadings filed by Debtor        1.30        $487.50
                    regarding foreclosure and dispossessory (.3);
                    Preparation for hearing on Trustee's Objection to
                    Exemptions and Abandonment of Assets (1.0)

03/05/20  e< HCB    Attend hearing on Trustee's Objection to               2.30        $862.50
                    Exemptions and Abandonment of Assets (2.0);
                    Review Debtor's Emergency Motion for
                    Voluntary Dismissal of Case (.3)

03/09/20  NR HCB    Review of Orders and Judgment entered in U.S.          0.30        $112.50
                    District Court, civil case terminated (.3)

03/10/20  NR HCB    Office conference with Advocate from Georgia           0.50        $187.50
                    Department of Human Services sent at Debtor's
                    request (NC); Conference with Trustee to discuss
                    status of case (.5)

03/11/20  e< HCB    Prepare and upload Order Sustaining Trustee's          1.00        $375.00
                    Objection to Exemptions (1.0)

03/27/20  6< HCB    Prepare and file Trustee's Second Status Report        0.50        $187.50
                    of Litigation (.5)

04/07/20  e< HCB    Review of Orders approving Notice of                   0.40        $150.00
                    Abandonment, denying Motion of Debtor to
                    Remove Trustee's Attorney, and establishing
                    Objection Deadline (.4)

04/09/20  @< HCB    Telephone call with Ms. Euell of Northwestern          0.70        $262.50
                    Mutual regarding surrender value of life
                    insurance and annuity policies and email to
                    confirm conversation (.4); Telephone conference
                    with Trustee and Jeneane Treace concerning
                    Debtor's request for dismissal of case (.3)

04/16/20  @< HCB    Email from Ms. Euell of Northwestern Mutual            0.10        $37.50

Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 16 of 18

Matter No. 43-1                                                                    January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                              Page 7

|  |  | regarding policy values (.1) |  |  |
|---|---|---|---|---|
| 04/21/20 | HCB | Prepare Trustee's Objection to Debtor's Motion to Dismiss Case (1.0) | 1.00 | $375.00 |
| 04/25/20 | HCB | Finalize and file Trustee's Objection to Dismissal of Case (1.0) | 1.00 | $375.00 |
| 05/04/20 | HCB | Review and calendar Notice of Hearing (.1) | 0.10 | $37.50 |
| 05/19/20 | HCB | Conference call with Trustee and Shawna Staton regarding hearing on Debtor's Dismissal of Case, Trustee's Objection (.5); Email to Shawna Staton to send U.S. District Court pleadings (.2) | 0.70 | $262.50 |
| 05/20/20 | HCB | Prepare for hearing on Debtor's Motion to Dismiss Case (.5); Attend hearing (.5) | 1.00 | $375.00 |
| 05/26/20 | HCB | Review of Order Denying Debtor"s Emergency Motion to Dismiss Case (.2) | 0.20 | $75.00 |
| 05/27/20 | HCB | Email to Ms. Euell at Northwestern Mutual requesting funds from surrender of insurance and annuity policies (.4) | 0.40 | $150.00 |
| 06/02/20 | HCB | Telephone call from Ms. Euell regarding payment of funds, tax liability, and email to Ms. Euell to confirm conversation(.4) | 0.40 | $150.00 |
| 06/03/20 | HCB | Email from and to Ms. Euell regarding payment of funds to Trustee (.3) | 0.30 | $112.50 |
| 06/09/20 | HCB | Emails from and to Ms. Euell regarding checks payable to Trustee, W-9 form (.3) | 0.30 | $112.50 |
| 06/12/20 | HCB | Review of Order and Judgment from U.S. District Court dismissing Appeal 18-cv-5095 (.3) | 0.30 | $112.50 |
| 06/16/20 | HCB | Review Debtor's Objection to Order denying dismissal of case (.3) | 0.30 | $112.50 |
| 07/09/20 | HCB | Prepare and file Report of Trustee's Receipt of Funds (.5) | 0.50 | $187.50 |

Case 18-55697-lrc    Doc 332-2    Filed 02/01/21    Entered 02/01/21 10:28:00    Desc
Application for Attorney Compensation    Page 17 of 18

Matter No. 43-1
Cassandra Johnson Landry, Debtor  18-55697-LRC

January 14, 2021
Page 8

| | | | | |
|---|---|---|---|---|
| 07/17/20 | ᴺᵇ HCB | Email to Debtor in response to her inquiry about disbursements by Trustee from estate account (.2) | 0.20 | $75.00 |
| 07/21/20 | ᵇᵏ HCB | Review of Order Denying Debtor's Objection to prior Order denying Motion to Dismiss case (.3) | 0.30 | $112.50 |
| 07/29/20 | ᴌᵏ HCB | Review Claims Register in preparation for Objections to Proofs of Claim (1.0) | 1.00 | $375.00 |
| 07/30/20 | ᵉᵏ HCB | Review of Debtor's Objection to Order (.2) | 0.20 | $75.00 |
| 03/12/20 | ᴹᴿ HCB | Prepare objection to claim (.5) | 0.50 | $187.50 |
| 03/17/20 | ᴺₗᴿ HCB | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 03/18/20 | ᴺₗᴿ HCB | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 03/20/20 | ᴺₗᴿ HCB | Continued preparation of objections to claims (.5) | 0.50 | $187.50 |
| 03/21/20 | ᴺᴿ HCB | Continued preparation of objections to claims (1.0) | 1.00 | $375.00 |
| 03/26/20 | ᴮᴄ HCB | Finalize, file and serve Objections to Claims, Notice of Hearing (1.5) | 1.50 | $562.50 |
| 09/10/20 | HCB | Review of Order Denying Debtor's Objection to Order dated 7/21/2020 (.2) | 0.20 | $75.00 |
| 09/25/20 | HCB | Review Response of Georgia Dept. of Community Health to Trustee's Objection to Claim (.3) | 0.30 | $112.50 |
| 09/30/20 | HCB | Review change of address filed by Debtor (.1) | 0.10 | $37.50 |
| 09/30/20 | HCB | Prepare for hearing on Trustee's Objections to Claims (.8) | 0.80 | $300.00 |
| 10/01/20 | HCB | Attend telephonic hearing on Trustee's Objections to Claims (1.2) | 1.20 | $450.00 |

Case 18-55697-lrc   Doc 332-2   Filed 02/01/21   Entered 02/01/21 10:28:00   Desc
Application for Attorney Compensation     Page 18 of 18

Matter No. 43-1                                                            January 14, 2021
Cassandra Johnson Landry, Debtor  18-55697-LRC                                    Page 9

| 11/04/20 | HCB | Prepare and file Withdrawal of Trustee's Objection to Claim of Georgia Dept. of Community Health (.6) | 0.60 | $225.00 |
| 12/03/20 | HCB | Review of Order Granting Trustee's Motion to Disallow Claims (.3) | 0.30 | $112.50 |
| 01/05/21 | HCB | Prepare Application for Compensation for Attorney for Trustee (4.0) | 4.00 | $1,500.00 |
| | | Hours: | 63.40 | |
| | | Total fees: | | $23,775.00 |

## Billing Summary

| Previous balance | $0.00 |
|---|---|
| Payments & adjustments | 0.00 |
| Current fees & expenses | 23,775.00 |
| **Total now due** | **$23,775.00** |

Please make checks payable to Herbert C. Broadfoot II, P.C.
Tax ID No. 58-2462679

6) Preparing required reports

7) Performing banking functions; and Handbook for Chapter 7 Trustees Page 4-22

8) In appropriate cases, filing applications for employment of professionals and supervising those professionals.

9) Tasks completed by Trustee's Counsel should NOT be billed at a higher rate if the Chapter 7 Trustee is capable of performing the same task.

B. The aforementioned trustee duties are not compensable as legal or accounting services unless sufficiently documented to show that special circumstances exist. Given the Debtor was denied requests for fraud investigations special circumstances do NOT exist. **(EXHIBIT A)** **1/7/2019, 1/2/2019, 1/8/2019, 1/24/2019, 2/8/2019,2/15/2019, 3/27/2019,6/10/2019,3/27/20, 1/5/2021, 11/4/2020, 8/21/2020, 08/26/20, 2/12/2020, 12/4/2019, 1/11/2020, 1/13/2020 (1), 1/13/2020(2). 1/13/2020(3) 11/26/2019, 11/22/2019, 1/20/2020, 1/24/2020, 1/28/2020, 1/29/ 2020, 2/3/2020, 2/4/2020, 2/12/2020, 2/10/2020, 2/6/20202, 12/4/2019, 1/10/2020, 11/21/2019, 3/10/2020,4/9/2020, 3/27/2020, 3/11/2020, 3/05/2020, 3/4/2020, 4/16/2020, 7/9/2020, 6/3/2020, 6/2/2020,5/27/2020,5/19/2020, 4/25/2020, 7/17/2020, 7/29/2020, 7/30/2020, 8/12/2020).** Furthermore, it appears words were used interchangeably/substituted for wording outlined within the Chapter 7 Trustee Handbook in order validate billing.

C. Chapter 7 Trustee did not provide an explanation of payment requested as it relates to defining each expense which provided the accumulative amount listed of 422.72 and also how the amount of 9093.44 was derived. This information was requested previously within the Motion to Compel submitted by Debtor **(EXHIBIT A)**

D. The status of the Chapter 7 Trustee's list of Abandonments as reflected within Form 1 /Individual Estate Property Record and Report , BUT not addressed within the

2

EXHIBIT B

6/9/2016

Print | Close Window

Subject: Valerie Burnough
From: jhhoward@mentalhealthgeorgia.com
Date: Thu, Jun 09, 2016 10:32 am
To: cassandra@mentalhealthgeorgia.com

November 2015, I contacted Valerie via email as the new DFCS Service Manager to come into the office to staff/review her cases. She informed me at that time that she did not have any cases and told DFCS case managers on the cases she serviced that she was no longer employed with the agency because she had not been paid and they should look for another provider to transport. At that time I asked her why didn't she inform ABC to reassign the cases to another worker and she did not respond.

December 2015, I contacted Valerie into the office stating that she was not paid for half of the month of July and none of August or September and was seeking payment. At that time, I pulled notes and only located July. There were no notes for August or September 2015. I provided Valerie with a total for some of July invoice still owed as the agency was awaiting DFCS payment as they had a obtain a WAIVER for payment from their State Office. I discussed this issue with Ms. Landry and she instructed me to contact Valerie and allow her to resubmit her notes for the missing months she was not paid, which were August and September 2015. Valerie was contacted via email and telephone to resubmit the notes as they would be processed for payment. Valerie came to the office and submitted only the month of August and stated she could not locate September 2015 on her computer, however to give her until the next day to locate. Ms. Landry agreed and allowed Valerie the next day by close of business (5pm) to submit the September 2015 notes. The next day Valerie was emailed by myself as to the agreement. Valerie telephoned the next day and stated that she could not locate them but to process August and await the approval of the DFCS waiver for payment to the agency.

March 2016, Valerie was contacted via telephone and a voice message was left that the payment was received for the waiver along with August notes and that her check is ready and to call to confirm her address. No response was ever received from her as of this date.

Ms. Valerie Burnough did not provide the agency with a letter of resignation as to the allegations as well as informing the agency to reassign the cases she serviced to another worker within Attachment and Bonding, but instead informed DFCS case managers to find another provider. Supervisor D'Londa Lanier reported to me that the Bridges case was assigned to Valerie and after her departure she was forced to obtain assistance for transportation from anther agency as Valerie stated to her that she was no longer employed with the agency and there wasn't anyone else with ABC available to take the case. The agency regained the case for services in May 2016 after Ms. Lanier learned that this information was not true and ABC indeed had staff to service the children and family. ABC lost revenue due to the statements made by Valerie indicating that the agency could not provide services from the months of September 2015 thru April 2016. The case was scheduled for services thru ABC in May 2016.

3548 Habersham at Northlake, Bldg F
Tucker, GA 30084
678-406-9707 Office

**CONFIDENTIAL NOTICE: This message (including attachments) is covered by the Electronic Communications Privacy Act (18 U.S.C. sections 2510-2521) and the HIPAA Regulation (45CRF Parts 160-164) or other confidentiality information. This e-mail and its attachments may contain MENTAL HEALTH GEORGIA proprietary information that is privileged, confidential or subject to copyright belonging to MENTAL HEALTH GEORGIA AND. This e-mail is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or action taken in relation to the contents of and attachments to this e-mail is strictly prohibited and may be unlawful. If you have received this e-mail in error, please notify the sender immediately and permanently delete the original and any copy of this e-mail.**

Copyright © 2003-2016. All rights reserved.

☐ **CORRECTED** (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone number | | 1 Rents $ | OMB No. 1545-0115 **2015** Form **1099-MISC** | **Miscellaneous Income** |
|---|---|---|---|---|
| ATTACHMENT AND BONDING CENTER OF ATLANTA LLC 3547 HABERSHAM AT NORTHLAKE BUILDING F TUCKER, GA 30084 (678) 406-9707 | | 2 Royalties $ | | |
| | | 3 Other income $ | 4 Federal income tax withheld $ | **Copy B For Recipient** |
| PAYER'S Federal identification number ▓▓▓ | RECIPIENT'S identification number ▓▓▓ | 5 Fishing boat proceeds $ | 6 Medical and health care payments $ | |
| Account number (see instructions) | FATCA filing requirement ☐ | 7 Nonemployee compensation $ 7245.70 | 8 Substitute payments in lieu of dividends or interest $ | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| RECIPIENT'S name, street address, city or town, state or province, country, and ZIP or foreign postal code VALERI BURNOUGH ▓▓▓ | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds $ | |
| 11 | 12 | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
| 15a Section 409A deferrals $ | 15b Section 409A income $ | 16 State tax withheld $ $ | 17 State/Payer's state no. | 18 State income $ $ |

Form **1099-MISC**   (Keep for your records.)    Department of the Treasury - Internal Revenue Service

Recipient's identification number. For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN). However, the issuer has reported your complete identification number to the IRS and, where applicable, to state and/or local governments.

Account number. May show an account or other unique number the payer assigned to distinguish your account.

FATCA filing requirement. If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its chapter 4 account reporting requirement. You also may have a filing requirement. See the Instructions to Form 8938.

Amounts shown may be subject to self-employment (SE) tax. If your net income from self-employment is $400 or more, you must file a return and compute your SE tax on Schedule SE (Form 1040). See Pub. 334 for more information. If no income or social security and Medicare taxes were withheld and you are still receiving these payments, see Form 1040-ES (or Form 1040-ES(NR)). Individuals must report these amounts as explained in the box 7 instructions on this page. Corporations, fiduciaries, or partnerships must report the amounts on the proper line of their tax returns.

Form 1099-MISC incorrect? If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your income correctly.

Box 1. Report rents from real estate on Schedule E (Form 1040). However, report rents on Schedule C (Form 1040) if you provided significant services to the tenant, sold real estate as a business, or rented personal property as a business.

Box 2. Report royalties from oil, gas, or mineral properties,

copyrights, and patents on Schedule E (Form 1040). However, report payments for a working interest as explained in the box 7 instructions. For royalties on timber, coal, and iron ore, see Pub. 544.

Box 3. Generally, report this amount on the "Other income" line of Form 1040 (or Form 1040NR) and identify the payment. The amount shown may be payments received as the beneficiary of a deceased employee, prizes, awards, taxable damages, Indian gaming profits, or other taxable income. See Pub. 525. If it is trade or business income, report this amount on Schedule C or F (Form 1040).

Box 4. Shows backup withholding or withholding on Indian gaming profits. Generally, a payer must backup withhold if you did not furnish your taxpayer identification number. See Form W-9 and Pub. 505 for more information. Report this amount on your income tax return as tax withheld.

Box 5. An amount in this box means the fishing boat operator considers you self-employed. Report this amount on Schedule C (Form 1040). See Pub. 334.

Box 6. For individuals, report on Schedule C (Form 1040).

Box 7. Shows nonemployee compensation. If you are in the trade or business of catching fish, box 7 may show cash you received for the sale of fish. If the amount in this box is SE income, report it on Schedule C or F (Form 1040), and complete Schedule SE (Form 1040). You received this form instead of Form W-2 because the payer did not consider you an employee and did not withhold income tax or social security and Medicare tax. If you believe you are an employee and cannot get the payer to correct this form, report the amount from box 7 on Form 1040, line 7 (or Form 1040NR, line 8). You must also complete Form 8919 and attach it to your return. If you are not an employee but the amount in this box is not SE income (for example, it is income from a sporadic activity or a hobby), report it on Form 1040, line 21 (or Form 1040NR, line 21).

Box 8. Shows substitute payments in lieu of dividends or tax-exempt interest received by your broker on your behalf as a result of a loan of

your securities. Report on the "Other income" line of Form 1040 (or Form 1040NR).

Box 9. If checked, $5,000 or more of sales of consumer products was paid to you on a buy-sell, deposit-commission, or other basis. A dealer amount does not have to be shown. Generally, report any income from your sale of these products on Schedule C (Form 1040).

Box 10. Report this amount on Schedule F (Form 1040).

Box 13. Shows your total compensation of excess golden parachute payments subject to a 20% excise tax. See the Form 1040 (or Form 1040NR) instructions for where to report.

Box 14. Shows gross proceeds paid to an attorney in connection with legal services. Report only the taxable part as income on your return.

Box 15a. May show current year deferrals as a nonemployee under a nonqualified deferred compensation (NQDC) plan that is subject to the requirements of section 409A, plus any earnings on current and prior year deferrals.

Box 15b. Shows income as a nonemployee under an NQDC plan that does not meet the requirements of section 409A. This amount is also included in box 7 as nonemployee compensation. Any amount included in box 15b that is currently taxable is also included in this box. This income is also subject to a substantial additional tax to be reported on Form 1040 (or Form 1040NR). See "Total Tax" in the Form 1040 (or Form 1040NR) instructions.

Boxes 16–18. Show state or local income tax withheld from the payments.

Future developments. For the latest information about developments related to Form 1099-MISC and its instructions, such as legislation enacted after they were published, go to www.irs.gov/form1099misc.

---

☐ **CORRECTED**

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone number | | 1 Rents $ | OMB No. 1545-0115 **2015** Form **1099-MISC** | Department of the Treasury Internal Revenue Service **Miscellaneous Income** |
|---|---|---|---|---|
| ATTACHMENT AND BONDING CENTER OF ATLANTA LLC 3547 HABERSHAM AT NORTHLAKE BUILDING F TUCKER, GA 30084 (678) 406-9707 | | 2 Royalties $ | | |
| | | 3 Other income $ | 4 Federal income tax withheld $ | **Copy 2 To be filed with recipient's state income tax return, when required.** |
| PAYER'S Federal identification number ▓▓▓ | RECIPIENT'S identification number ▓▓▓ | 5 Fishing boat proceeds $ | 6 Medical and healthcare payments $ | |
| Account number (see instructions) | FATCA filing requirement ☐ | 7 Nonemployee compensation $ 7245.70 | 8 Substitute payments in lieu of dividends or interest $ | |
| RECIPIENT'S name, street address, city or town, state or province, country, and ZIP or foreign postal code ▓▓▓ | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds $ | |
| 11 | 12 | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
| 15a Section 409A deferrals $ | 15b Section 409A income $ | 16 State tax withheld $ $ | 17 State/Payer's state no. | 18 State income $ $ |

**Form W-9**
(Rev. January 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer**
**Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)
Valeri C. Burough

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax
classification (required): ☑ Individual/sole proprietor  ☐ C Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

City, state, and ZIP code

Requester's name and address (optional)

List account number(s) here (optional)

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line
to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a
resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other
entities, it is your employer identification number (EIN). If you do not have a number, see How to get a
TIN on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose
number to enter.

Social security number

Employer identification number

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue
Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am
no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding
because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage
interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and
generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the
instructions on page 4.

**Sign**
**Here**   Signature of
U.S. person ▶

Date ▶ 4/27/15

## General Instructions

Section references are to the Internal Revenue Code unless otherwise
noted.

## Purpose of Form

A person who is required to file an information return with the IRS must
obtain your correct taxpayer identification number (TIN) to report, for
example, income paid to you, real estate transactions, mortgage interest
you paid, acquisition or abandonment of secured property, cancellation
of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident
alien), to provide your correct TIN to the person requesting it (the
requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a
number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt
payee. If applicable, you are also certifying that as a U.S. person, your
allocable share of any partnership income from a U.S. trade or business
is not subject to the withholding tax on foreign partners' share of
effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request
your TIN, you must use the requester's form if it is substantially similar
to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are
considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or
organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or
business in the United States are generally required to pay a withholding
tax on any foreign partners' share of income from such business.
Further, in certain cases where a Form W-9 has not been received, a
partnership is required to presume that a partner is a foreign person,
and pay the withholding tax. Therefore, if you are a U.S. person that is a
partner in a partnership conducting a trade or business in the United
States, provide Form W-9 to the partnership to establish your U.S.
status and avoid withholding on your share of partnership income.

EXHIBIT C

10/3/2017    https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



**AMEX**
349991XXXXXXXXXX                                                                                    Closed

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | AMEX |
| Account # | 349991XXXXXXXXXX |
| Original Creditor | |
| Company Sold | |
| Account Type | Credit Card - Revolving Terms |
| Date Opened | Feb 1, 2003 |
| Account Status | Closed |
| Payment Status | Charge-off |
| Status Updated | Sep 1, 2017 |
| Balance | $13,312 |
| Balance Updated | Sep 8, 2017 |
| Credit Limit | $10,000 |
| Monthly Payment | - |
| Past Due Amount | $3,253 |
| Highest Balance | - |
| Terms | Revolving |
| Responsibility | Individual |
| Your Statement | - |

## CREDIT USAGE

**133%**

**High Credit Usage**
Keeping your account balances as low as possible can have a positive impact on your credit.

## CONTACT INFORMATION

PO BOX 297871
FORT LAUDERDALE, FL 33329
(800) 874-2717

## PAYMENT HISTORY

| | 2017 | | | | 2016 | | | | 2015 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan Feb Mar Apr | | | | | | | | | OK OK OK OK | | | |
| May Jun Jul Aug | | | | | | | | | OK | | | |
| Sep Oct Nov Dec | FP | | | | | | | | | | | |

| | 2014 | | | | 2013 | | | | 2012 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jan Feb Mar Apr | OK OK OK OK | | | | OK OK OK OK | | | | OK OK | | | |
| May Jun Jul Aug | OK OK OK OK | | | | OK OK OK OK | | | | OK OK OK OK | | | |
| Sep Oct Nov Dec | OK OK OK OK | | | | OK OK OK OK | | | | OK OK OK OK | | | |

https://www.freecreditreport.com/c/#/print/experian/201710031621501417

EXHIBIT D

https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



SYNCB/SAMS CLUB DC
521333XXXXXXXXXX                                                              Closed

| ACCOUNT DETAILS | | CREDIT USAGE | |
|---|---|---|---|
| Account Name | SYNCB/SAMS CLUB DC | | |
| Account # | 521333XXXXXXXXXX | 0% | No Credit Usage |
| Original Creditor | | | You have no account balance. Keeping your account |
| Company Sold | | | balances as low as possible can have a positive impact |
| Account Type | Credit Card - Revolving Terms | | on your credit. |
| Date Opened | Sep 1, 2013 | **CONTACT INFORMATION** | |
| Account Status | Closed | PO BOX 965005 | |
| Payment Status | Charge-off | ORLANDO, FL 32896 | |
| Status Updated | Sep 1, 2016 | (866) 220-0254 | |
| Balance | $0 | | |
| Balance Updated | Sep 5, 2016 | | |
| Credit Limit | $7,850 | | |
| Monthly Payment | | | |
| Past Due Amount | | | |
| Highest Balance | | | |
| Terms | Revolving | | |
| Responsibility | Individual | | |
| Your Statement | - | | |
| Comments | Transferred to another lender or claim purchased | | |

**PAYMENT HISTORY**

| | 2016 | | | | 2015 | | | | 2014 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jan | Feb | Mar | Apr | Jan | Feb | Mar | Apr | Jan | Feb | Mar | Apr |
| | OK | OK | 30 | 60 | OK | OK | OK | OK | OK | OK | OK | OK |
| | May | Jun | Jul | Aug | May | Jun | Jul | Aug | May | Jun | Jul | Aug |
| | 90 | 120 | 120 | FP | OK | OK | OK | OK | OK | OK | OK | OK |
| | Sep | Oct | Nov | Dec | Sep | Oct | Nov | Dec | Sep | Oct | Nov | Dec |
| | OK | | | | OK | OK | 30 | OK | OK | OK | OK | OK |

| | 2013 | | | |
|---|---|---|---|---|
| | Jan | Feb | Mar | Apr |
| | | | | |
| | May | Jun | Jul | Aug |
| | | | | |
| | Sep | Oct | Nov | Dec |
| | | OK | OK | OK |

https://www.freecreditreport.com/c/#/print/experian/201710031621501417                    62/73

10/3/2017  https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



?  
SYNCB/SAMS CLUB  
771412XXXXXX  
Closed

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | SYNCB/SAMS CLUB |
| Account # | 771412XXXXXX |
| Original Creditor | - |
| Company Sold | - |
| Account Type | Revolving Charge Account |
| Date Opened | Nov 1, 2005 |
| Account Status | Closed |
| Payment Status | Account transferred to another office |
| Status Updated | Oct 1, 2013 |
| Balance | - |
| Balance Updated | Oct 22, 2013 |
| Credit Limit | $7,200 |
| Monthly Payment | - |
| Past Due Amount | - |
| Highest Balance | $2,821 |
| Terms | Revolving |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Account closed due to transfer or refinance |

## CREDIT USAGE

**N/A**

Unknown Credit Usage
Credit usage could not be calculated for this account because either the balance and/or credit limit were not reported.

## CONTACT INFORMATION

PO BOX 965005
ORLANDO, FL 32896
(800) 964-1917

## PAYMENT HISTORY

**2013**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK |  |  |

**2012**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2011**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2010**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2009**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2008**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2007**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2006**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
|  |  |  |  |
| May | Jun | Jul | Aug |
|  |  |  |  |
| Sep | Oct | Nov | Dec |
|  |  |  |  |

Summary    Accounts (Closed)    Collections    Inquiries    Public Records    Credit Score

10/3/2017                    https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



MIDLAND FUNDING
857177XXXX                                                                      Closed

**ACCOUNT DETAILS**                                    **CONTACT INFORMATION**

Account Name                MIDLAND FUNDING           2365 NORTHSIDE DR STE 30
                                                       SAN DIEGO, CA 92108
Account #                   857172XXXX                (844) 236-1959

Original Creditor           SYNCHRONY BANK            **PAYMENT HISTORY**

Company Sold                                 :        2017              2016
                                                      Jan Feb Mar Apr   Jan Feb Mar Apr
Account Type                Factoring Company         FP  FP  FP  FP
Date Opened                 Aug 1, 2016               May Jun Jul Aug   May Jun Jul Aug
                                                      FP  FP  FP  FP
Account Status              Closed                    Sep Oct Nov Dec   Sep Oct Nov Dec
                                                      FP
Payment Status    Seriously past due date / assigned to attorney, collection
                  agency, or credit grantor's internal collection department

Status Updated              Jan 1, 2017

Balance                     $9,001

Balance                     Sep 18, 2017
Updated

Original Balance            9001

Monthly                              :
Payment

Past Due                    $9,001
Amount

Highest Balance                      :

Terms                       1 Month

Responsibility              Individual

Your Statement                       :

Comments                             :

| Summary | Accounts | Collections | Inquiries | Public Records | Credit Score |

EXHIBIT E

10/3/2017                          https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017

 experian.

COMENITYBK/VICTORIASEC
2XXXX

Closed

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | COMENITYBK/VICTORIASEC |
| Account # | 2XXXX |
| Original Creditor | - |
| Company Sold | - |
| Account Type | Revolving Charge Account |
| Date Opened | Jan 1, 1996 |
| Account Status | Closed |
| Payment Status | Current |
| Status Updated | Mar 1, 2009 |
| Balance | $0 |
| Balance Updated | Mar 4, 2009 |
| Credit Limit | $590 |
| Monthly Payment | - |
| Past Due Amount | - |
| Highest Balance | $496 |
| Terms | Revolving |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Credit line closed-grantor request-reported by subscriber |

## CREDIT USAGE

**0%**

No Credit Usage
You have no account balance. Keeping your account balances as low as possible can have a positive impact on your credit.

## CONTACT INFORMATION

220 W SCHROCK RD
WESTERVILLE, OH 43081
BY MAIL ONLY

## PAYMENT HISTORY

**2009**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | |
| May | Jun | Jul | Aug |
| | | | |
| Sep | Oct | Nov | Dec |
| | | | |

**2008**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2007**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2006**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2005**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2004**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2003**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2002**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| | | | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

Summary      Accounts (Closed)      Collections      Inquiries      Public Records      Credit Score

10/3/2017                          https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017

experian.

### COMENITYBK/VICTORIASEC
585637XXXXXX

Open

| ACCOUNT DETAILS | | CREDIT USAGE | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Account Name | COMENITYBK/VICTORIASEC | | No Credit Usage |
| Account # | 585637XXXXXX | 0% | You have no account balance. Keeping your account balances as low as possible can have a positive impact on your credit. |
| Original Creditor | | | |
| Company Sold | | **CONTACT INFORMATION** | |
| Account Type | Revolving Charge Account | PO BOX 182789 | |
| Date Opened | Jan 1, 2013 | COLUMBUS, OH 43218 | |
| Account Status | Open | **PAYMENT HISTORY** | |
| Payment Status | Current, was past due 30 days | | |
| Status Updated | Sep 1, 2016 | | |
| Balance | $0 | | |
| Balance Updated | Sep 9, 2017 | | |
| Credit Limit | $1,000 | | |
| Monthly Payment | $5 | | |
| Past Due Amount | - | | |
| Highest Balance | $167 | | |
| Terms | Revolving | | |
| Responsibility | Individual | | |
| Your Statement | - | | |
| Comments | - | | |

**PAYMENT HISTORY**

**2017**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | OK | OK | OK | OK |
| | May | Jun | Jul | Aug |
| | OK | OK | OK | OK |
| | Sep | Oct | Nov | Dec |
| | OK | | | |

**2016**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | OK | OK | OK | OK |
| | May | Jun | Jul | Aug |
| | OK | OK | OK | 30 |
| | Sep | Oct | Nov | Dec |
| | OK | OK | OK | OK |

**2015**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | OK | OK | OK | OK |
| | May | Jun | Jul | Aug |
| | OK | OK | OK | OK |
| | Sep | Oct | Nov | Dec |
| | OK | OK | OK | OK |

**2014**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | OK | OK | OK | OK |
| | May | Jun | Jul | Aug |
| | OK | OK | OK | OK |
| | Sep | Oct | Nov | Dec |
| | OK | OK | OK | OK |

**2013**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | OK | OK | OK | OK |
| | May | Jun | Jul | Aug |
| | OK | OK | OK | OK |
| | Sep | Oct | Nov | Dec |
| | OK | OK | OK | OK |

**2012**
| | Jan | Feb | Mar | Apr |
|---|---|---|---|---|
| | | | | |
| | May | Jun | Jul | Aug |
| | | | | |
| | Sep | Oct | Nov | Dec |
| | | | | |

Summary     Accounts (Open)     Collections     Inquiries     Public Records     Credit Score

EXHIBIT F

10/3/2017     https://www.freecreditreport.com/c/#/print/experian/20171003162150... 17

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017


experian.

**A**      BK OF AMER
XXXX      Closed

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | BK OF AMER |
| Account # | XXXX |
| Original Creditor | |
| Company Sold | - |
| Account Type | Credit Card - Revolving Terms |
| Date Opened | Feb 1, 2009 |
| Account Status | Closed |
| Payment Status | Charge-off |
| Status Updated | Jul 1, 2016 |
| Balance | $22,656 |
| Balance Updated | Sep 17, 2017 |
| Credit Limit | $22,600 |
| Monthly Payment | - |
| Past Due Amount | $22,656 |
| Highest Balance | - |
| Terms | Revolving |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Credit line closed-grantor request-reported by subscriber |

## CREDIT USAGE

**100%**

High Credit Usage
Keeping your account balances as low as possible can
have a positive impact on your credit.

## CONTACT INFORMATION

PO BOX 982238
EL PASO, TX 79998
(800) 421-2110

## PAYMENT HISTORY

**2017**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FP | FP | FP | FP | FP | FP | FP | FP | FP | | | |

**2016**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | 60 | 90 | 120 | 120 | 120 | FP | FP | FP | FP | FP | FP |

**2015**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**2014**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**2013**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**2012**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**2011**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**2010**

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | OK | OK | OK |

EXHIBIT G

10/3/2017                     https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



THE BUREAUS INC
41550SXXX                                                                    Closed

**ACCOUNT DETAILS**                                    CONTACT INFORMATION

Account Name                    THE BUREAUS INC        1717 CENTRAL ST
                                                       EVANSTON, IL 60201
Account #                       415505XXX             (800) 709-7071

Original Creditor               CAPITAL ONE N.A.      PAYMENT HISTORY

Company Sold                    -                     **2017**            **2016**
                                                      Jan Feb Mar Apr     Jan Feb Mar Apr
Account Type          Collection Department / Agency / Attorney  FP FP    FP
                                                      May Jun Jul Aug     May Jun Jul Aug
Date Opened                     Sep 1, 2016           FP FP FP FP
                                                      Sep Oct Nov Dec     Sep Oct Nov Dec
Account Status                  Closed                FP                       FP FP

Payment Status    Seriously past due date / assigned to attorney, collection
                  agency, or credit grantor's internal collection department

Status Updated                  Oct 1, 2016

Balance                         $10,689

Balance                         Sep 19, 2017
Updated

Original Balance                10790

Monthly
Payment

Past Due                        $10,689
Amount

Highest Balance

Terms                           1 Month

Responsibility                  Individual

Your Statement

Comments

Summary    Accounts    Collections    Inquiries    Public Records    Credit Score

10/3/2017                                    https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017



THE BUREAUS INC
415505XXX

Closed

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | THE BUREAUS INC |
| Account # | 415505XXX |
| Original Creditor | CAPITAL ONE N.A. |
| Company Sold | - |
| Account Type | Collection Department / Agency / Attorney |
| Date Opened | Sep 1, 2016 |
| Account Status | Closed |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| Status Updated | Oct 1, 2016 |
| Balance | $14,019 |
| Balance Updated | Sep 19, 2017 |
| Original Balance | 14119 |
| Monthly Payment | - |
| Past Due Amount | $14,019 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | - |
| Comments | - |

### CONTACT INFORMATION

1717 CENTRAL ST
EVANSTON, IL 60201
(800) 708-7071

### PAYMENT HISTORY

**2017**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| FP | FP | | FP |

| May | Jun | Jul | Aug |
|---|---|---|---|
| FP | FP | FP | FP |

| Sep | Oct | Nov | Dec |
|---|---|---|---|
| FP | | | |

**2016**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
| | | | |

| May | Jun | Jul | Aug |
|---|---|---|---|
| | | | |

| Sep | Oct | Nov | Dec |
|---|---|---|---|
| | FP | FP | |

Summary    Accounts    Collections    Inquiries    Public Records    Credit Score

10/3/2017                              https://www.freecreditreport.com/c/#/print/experian/201710031621501417

CASSANDRA LANDRY - Experian
Date of Report: Oct 3, 2017

 experian.

THE BUREAUS INC                                      Closed
415484XXX

## ACCOUNT DETAILS                                    CONTACT INFORMATION

| | | |
|---|---|---|
| Account Name | THE BUREAUS INC | 1717 CENTRAL ST |
| Account # | 415484XXX | EVANSTON, IL 60201 |
| | | (800) 708-7071 |
| Original Creditor | CAPITAL ONE N.A. | |
| Company Sold | | PAYMENT HISTORY |

Fraud

| | |
|---|---|
| Account Type | Collection Department / Agency / Attorney |
| Date Opened | Aug 1, 2016 |
| Account Status | Closed |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| Status Updated | Oct 1, 2016 |
| Balance | $11,439 |
| Balance Updated | Sep 1, 2017 |
| Original Balance | 11440 |
| Monthly Payment | |
| Past Due Amount | $11,439 |
| Highest Balance | |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | |
| Comments | |

### PAYMENT HISTORY

|  | 2017 |  |  |  |  | 2016 |  |  |  |
|---|---|---|---|---|---|---|---|---|---|
| | Jan | Feb | Mar | Apr | | Jan | Feb | Mar | Apr |
| | FP | FP | FP | FP | | | | | |
| | May | Jun | Jul | Aug | | May | Jun | Jul | Aug |
| | FP | FP | FP | FP | | | | | |
| | Sep | Oct | Nov | Dec | | Sep | Oct | Nov | Dec |
| | FP | | | | | | FP | FP | FP |

Summary    Accounts    Collections    Inquiries    Public Records    Credit Score

EXHIBIT H

4.3.18 Application for Chapter 13 filed by Petitioner (OF pg 2 of 13)
4.5.18 Notice of Meeting of Creditors for Chapter 13 to be held on 5.22.18 at 9am. Objections for
Discharge due by 7.23.18. Non Gov claims due by 6.12.15. Confirmation Hearing to be held on
7.10.22 at 9.30am (OF pg 3 of 13)

4.30.18 Objection to Confirmation of Plan by JP Chase (OF pg 49 of 52)
4.30.18 Objection to Confirmation of Plan by JP Chase (NF pg 4 of 13)

5.7.18 Objection to Confirmation of Plan and Motion to Dismiss Case filed by Brian K Jordan on
behalf of Select Portfolio (OF pg 4 of 13)
5.7.18 Objection to Confirmation of Plan and Motion to Dismiss Case filed by Brian K Jordan on
behalf of Select Portfolio (OF pg 48 of 52)

5.14.18 Objection of Confirmation of Plan and Motion to Dismiss Case by Brian k. Jordan behalf
of Deutsche Bank (OF pg 5 of 13 )
5.14.18 Objection of Confirmation of Plan and Motion to Dismiss Case by Brian k. Jordan behalf
of Deutsche Bank (NF pg 4 of 13 )
5.14.18 (Objection to Confirmation of Plan and Motion to Dismiss Claim filed by Brian k Jordan
on behalf of Wilmington Savings (OF pg 48of 52)
5.14.18 (Objection to Confirmation of Plan and Motion to Dismiss Claim filed by Brian k Jordan
on behalf of Wilmington Savings (OF pg 4 of 13)

5.22.18 Chapter 13 Section 341 (a) Meeting not held) (OF pg 47 of 52)
5.22.18 Chapter 13 Section 341 (a) Meeting not held) (NF pg 5 of 13)

5.30.18 Objection to confirmation of Plan and Motion to Dismiss filed by William Alexander
Bozarth on behalf od Melissa Davey Chapter 13 Trustee (OF pg 47 of 52)
5.30.18 Objection to confirmation of Plan and Motion to Dismiss filed by William Alexander
Bozarth on behalf oF Melissa Davey Chapter 13 Trustee (OF pg 5 OF 13)
5.30.18 Objection oto confirmation of Plan and Motion to Dismiss filed by William Alexander
Bozarth on behalf od Melissa Davey Chapter 13 Trustee (OF pg 47 of 52)

6.20.18 Objection to Confirmation of Plan filed by Stephen O Hearn Jr. Titlemax (OF pg 5 of 13)
6.20.18 Objection to Confirmation of Plan filed by Stephen O Hearn Jr. Titlemax (OF pg 47of 52)

7.18.18 Notice rescheduling Meeting of Creditors, Notice rescheduling Confirmation Hearing filed
by Many Campbell on behalf of chapter 13 Trustee Melissa Davey. Confirmation Hearing to be
head on 9.25.18 at 9:30am (OF pg 46 of 52)

8.29.18 Supplemental Objection to Confirmation of Plan and Motion to dismissed by Mandy
Campbell on behalf of Melissa Davey Trustee 13 (OF pg 8 of 13)
8.29.18 Supplemental Objection to Confirmation of Plan and Motion to dismissed by Mandy
Campbell on behalf of Melissa Davey Trustee 13

9.13.18 First Request to convert from Chapter 13 to 7 (OF pg 40 of 52)
9.13.19 FIRST REQUESRT TO COVERT FROM CHAPTER 13 TO CHAPTER 7 (NF pg16 of
18)