UNITED STATES BANKRUPTCY COURT OF GEORGIA
NORTHERN DISTRICT

|  |  |
|---|---|
| CASSANDRA JOHNSON-LANDRY ) <br> DEBTOR ) <br> ) <br> ) <br> ) <br> ) | BRC 18-55697 LRC |

*Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk
MAY 19 2021
By: Deputy Clerk*

ADDENDUM 2: RESPONSE TO ORDER DEFERRUNG RULING ON APPPROVAL OF CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION AND GRANTING TRUSTEE'S REQUEST FOR REIMBURSEMENT OF EXPENSES AND APPLICATION FOR COMPENSATION OF PROFESSIONAL.

CASSANDRA JOHNSON-LANDRY, Debtor, received the Order to respond within 14 days from May 4, 2021, as ordered by presiding judge. Debtor currently submits the following ADDENDUM. As ordereder by Order dated May 4, 2021 the Debtor must submit claim objections based on the following:

1.

**FEDERAL BANKRUPTCY RULE**

Rule 3007. Objections to Claims

(a) Time and Manner of Service.

(1) *Time of Service.* An objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

(2) *Manner or Service.*

(A) The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated; and

(i) if the objection is to a claim of the United States, or any of its officers or agencies, in the manner provided for service of a summons and complaint by Rule 7004(b)(4) or (5); or

(ii) if the objection is to a claim of an insured depository institution, in the manner provided by Rule 7004(h).

1

(B) Service of the objection and notice shall also be made by first-class mail or other permitted means on the debtor or debtor in possession, the trustee, and, if applicable, the entity filing the proof of claim under Rule 3005.

(b) Demand for Relief Requiring an Adversary Proceeding. A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

(c) Limitation on Joinder of Claims Objections. Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.

(d) Omnibus Objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

   (1) they duplicate other claims;

   (2) they have been filed in the wrong case;

   (3) they have been amended by subsequently filed proofs of claim;

   (4) they were not timely filed;

   (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

   (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

   (7) they are interests, rather than claims; or

   (8) they assert priority in an amount that exceeds the maximum amount under §507 of the Code.

(e) Requirements for Omnibus Objection. An omnibus objection shall:

   (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

   (2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

   (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

   (4) state in the title the identity of the objector and the grounds for the objections;

   (5) be numbered consecutively with other omnibus objections filed by the same objector; and

   (6) contain objections to no more than 100 claims.

(f) Finality of Objection. The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection.

Rule 3007-1 CLAIMS – OBJECTIONS (a) Contents. Objections to claims shall state the legal and factual basis for the objection and the amount of the debt conceded, if any. (b) Service. Objections to claims shall be served on claimants by mail or via CM/ECF as set forth in Fed. R. Bankr. P. 3007(a). (c) Orders on Objections

to Claims. Proposed orders on objections to claims shall recite first, that the objection is either sustained or overruled, and second, that the claim is either allowed or disallowed.

2.

Given the continuous rescheduling of 341 Creditors Meetings and applicable hearing, both factors affect the filing of timely claims in addition to timely objections, therefore rules regarding timely filings should not apply. As stated previously Debtor notified the court of the need to reschedule meetings and or hearing with all required documentation. Debtor WILL NOT take responsibility for the rescheduling of Meetings and or Hearings completed by others or those in which Debtor was not notified of. It is very obvious the rescheduling facilitated by others was deliberate and served a purpose to confuse Debtor and others (EXHIBIT A)

19th day of May 2021

Cassandra Johnson-Landry, PRO SE

## UNITED STATES BANKRUPTCY COURT OF GEORGIA NORTHERN DISTRICT
## CERTIFICATE OF SERVICE

CASSANDRA JOHNSON-LANDRY, Debtor, currently submit, **ADDENDUM 2 RESPONSE TO ORDER DEFERRUNG RULING ON APPPROVAL OF CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION AND GRANTING TRUSTEE'S REQUEST FOR REIMBURSEMENT OF EXPENSES AND APPLICATION FOR COMPENSATION OF PROFESSIONAL** on the 18th Day of May 2021. Debtor is over the age of 18 years. Debtor requests submitted Document be distributed to parties located on Debtor's Bankruptcy Matrix.

19th Day of May 2021

*[signature]*

Cassandra Johnson-Landry, Pro Se

EXHIBIT A

4.3.18 Application for Chapter 13 filed by Petitioner (OF pg 2 of 13)
4.5.18 Notice of Meeting of Creditors for Chapter 13 to be held on 5.22.18 at 9am. Objections for Discharge due by 7.23.18. Non Gov claims due by 6.12.15. Confirmation Hearing to be held on 7.10.22 at 9.30am (OF pg 3 of 13)

4.30.18 Objection to Confirmation of Plan by JP Chase (OF pg 49 of 52)
4.30.18 Objection to Confirmation of Plan by JP Chase (NF pg 4 of 13)

5.7.18 Objection to Confirmation of Plan and Motion to Dismiss Case filed by Brian K Jordan on behalf of Select Portfolio (OF pg 4 of 13)
5.7.18 Objection to Confirmation of Plan and Motion to Dismiss Case filed by Brian K Jordan on behalf of Select Portfolio (OF pg 48 of 52)

5.14.18 Objection of Confirmation of Plan and Motion to Dismiss Case by Brian k. Jordan behalf of Deutsche Bank (OF pg 5 of 13 )
5.14.18 Objection of Confirmation of Plan and Motion to Dismiss Case by Brian k. Jordan behalf of Deutsche Bank (NF pg 4 of 13 )
5.14.18 (Objection to Confirmation of Plan and Motion to Dismiss Claim filed buy Brian k Jordan on behalf of Wilmington Savings (OF pg 48of 52)
5.14.18 (Objection to Confirmation of Plan and Motion to Dismiss Claim filed buy Brian k Jordan on behalf of Wilmington Savings (OF pg 4 of 13)

5.22.18 Chapter 13 Section 341 (a) Meeting not held) (OF pg 47 of 52)
5.22.18 Chapter 13 Section 341 (a) Meeting not held) (NF pg 5 OF 13)

5.30.18 Objection to confirmation of Plan and Motion to Dismiss filed by William Alexander Bozarth on behalf od Melissa Davey Chapter 13 Trustee (OF pg 47 of 52)
5.30.18 Objection to confirmation of Plan and Motion to Dismiss filed by William Alexander Bozarth on behalf oF Melissa Davey Chapter 13 Trustee (OF pg 5 OF 13)
5.30.18 Objection oto confirmation of Plan and Motion to Dismiss filed by William Alexander Bozarth on behalf od Melissa Davey Chapter 13 Trustee (OF pg 47 of 52)


6.20.18 Objection to Confirmation of Plan filed by Stephen O Hearn Jr. Titlemax (OF pg 5 of 13)
6.20.18 Objection to Confirmation of Plan filed by Stephen O Hearn Jr. Titlemax (OF pg 47of 52)

7.18.18 Notice rescheduling Meeting of Creditors, Notice rescheduling Confirmation Hearing filed by Many Campbell on behalf of chapter 13 Trustee Melissa Davey. Confirmation Hearing to be head on 9.25.18 at 9:30am (OF pg 46 of 52)

8.29.18 Supplemental Objection to Confirmation of Plan and Motion to dismissed by Mandy Campbell on behalf of Melissa Davey Trustee 13 (OF pg 8 of 13)
8.29.18 Supplemental Objection to Confirmation of Plan and Motion to dismissed by Mandy Campbell on behalf of Melissa Davey Trustee 13

5

9.13.18 First Request to convert from Chapter 13 to 7 (OF pg 40 of 52)
9.13.19 FIRST REQUESRT TO COVERT FROM CHAPTER 13 TO CHAPTER 7 (NF pg16 of 18)

9.14.18 Petitioner converted from Chapter 13 to Chapter 7 on 9.14.18 (NF pg 1 of 13)
9.14.18 Petitioner submitted conversion from Chapter 13 to Chapter 7. (NF pg 16 of 18)
9.14.18 Notice of deficient filing missing 25.00 payment (NF pg 16 of 18)
9.14.18 Notice of Chapter 7 Creditors meeting (NO ASSET) to be held on 10.16.18 at 1:00pm, objection to discharge due by 12/17/18 Financial management Course due by 11.30.18 (NF pg 16 of 18) (OF pg 39-52)
9.14.18 Case converted from Chapter 13 to Chapter 7 by Melissa Davey incomplete filing due by 9.28.18 (OF pg 39 of 52)
9.14.18 case converted from Chapter 13 to Chapter 7 Trustee Melissa Davey Terminated from case. Incomplete filings due by 9/28/18 (NF pg 16 of 18)
9.14.18 Notice of 341 Meeting for Chapter 7 to be held on 10/16/20189 @ 2pm. Objection for Discharge due by 12/17/18.

19.18 order approving discharge of trustee (Name not Given) (NF pg 15 of 18)
9.19.18 Notice document number /Meeting of Creditors was entered in error (NF pg 15 of 18)
9.19.18 INCORRECT DOCKET ENTRY) Meeting of Creditors was entered in error because case was not converted or dismissal (NF pg 15 of 18)
9.19.18 Order approving account and discharging Trustee (NAME NOT GIVEN) (OF pg 38 of 52)
9.19.18 INCORRECT DOCUMENT ENTRY) Meeting of Creditors was not help because case has been converted of dismissed) (OF pg 38 of 52)

9.24.18 Trustee Rejection of appointment filed by Neil C Gordan (OF pg 12 of 13)
9.24.18 Trustee Rejection of appointment filed by Neil Gordan (NF pg 15 of 18
**(REF TO DOCUMENT 115 ENTERED 12.13.18 AT 12.28.12 PAGE 6 OF 30)**

9.27.18 Appointment of Robert Trauner as interim trustee and Rescheduled meeting of the creditors to be held on 10.22.18 @ 3.30 (OF pg 12 of 13)
9.27.18 Appointment of Robert Trauner and rescheduled 341 Meeting to be held on 10/22/18 at 3:30pm (NF pg 15 of 18)

10.15.18 Notice of Removal of Trustee 7 Robert Trauner noted but due to Conflictual issue by Cassandra Johnson-Landry (OF pg 12 of 13)
10.15.18 Motion for notice of removal of Chapter 7 Trustee by Cassandra Johnson-Landry (NAME NOT GIVEN). (OF pg 37 of 52)
10.15.18 Motion for the removal of Chapter 7 Trustee (Name not listed) filed by Cassandra Johnson (OF pg 12 of 13)
10.15.18 Motion for the removal of Chapter 7 Trustee (Name not listed) filed by Cassandra Johnson (OF pg 36 of 39)

10.22.18 341 Meeting rescheduled for reasons OTHER than Debtors failure to appear . Meeting to be held on 11/26/218 at 3:30pm (OF pg 13 of 13)
10.22.18 341 Meeting rescheduled for reasons OTHER than Debtors failure to appear . Meeting to be held on 11/26/218 at 3:30pm (OF pg 36 of 39)

10/23.18 Trustee's Rejection of Appointment filed by Robert Trauner on behalf of Robert Trauner (OF pg 13 of 13)

10.23.18 Trustee Rejection og Appointment filed by Robert Trauner on behalf of Robert Trauner (NF pg 14 of 18)

10.24.18 Order dismissing as Moot Motion to Remove Trustee (NAME NOT PROVIDED) (NF 10.24.18)

10.24.18 Appointment of S. Greg Hays as Trustee. Creditor's meeting scheduled for 11/27/2018 at 11:00am (OF pg 13 of 13)

10.24.18 Appointment of S. Greg Hays and rescheduled 341 Creditors meeting to be held on 11.27.18 at 11:00 am . (NF pg 14 of 18)

11.27.18 341 meeting held but continued for production of additional documents or information 341 meeting held on 12/18/2018 at 11:00am (OF pg 34 of 52) **(SIGN IS SHEET REQUEST/TRANSCRIPT REQUEST))**

12.17.18 Motion for Hearing to rescheduled Part II of Creditors Meeting filed by Cassandra Johnson Landry,

12.18.18 341 Meeting rescheduled due to debtor's failure to appear. Meeting to be held on 1.22.19 at 11:00am (OF pf 32 of 52) **(NOT TRUE)**

12.18.18 341 Meeting rescheduled due to debtor's failure to appear. Meeting to be held on

1.22.19 at 11:00am (NF pg 12 of 18) **(NOT TRUE)**

1.22.19 SECTION 341 Meeting held and concluded (OF pg 28 of 52) **(SIGN IN SHEET REQUEST/TRANSCRIPT REQUEST)**

LEGEND NF-NEW DOCKET FORMAT
LEGEND OF-OLD DOCUMENT FORMAT

7