# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

In re:

CASSANDRA JOHNSON LANDRY,

    Debtor.

AMERICAN EXPRESS NATIONAL BANK

    Movant

v.

CASSANDRA JOHNSON LANDRY,

    Respondent.

Case No. 18-55697-lrc

Chapter 7

Judge Lisa Ritchey Craig

## RESPONSE OF AMERICAN EXPRESS NATIONAL BANK TO DEBTOR'S OBJECTION TO CLAIM NUMBER 4-1

COMES NOW American Express National Bank, by and through its undersigned counsel, hereby responds to Debtor's Objection (Doc 367) to Claim Number 4-1, and in support thereof, avers the following:

1. On April 3, 2018, Cassandra Johnson Landry (Debtor) filed a voluntary petition under Chapter 7, Title 11 of the United States Code and relief was ordered thereon.

2. On May 3, 2018, American Express National Bank (American Express) timely filed a general unsecured claim in the amount of $13,312.03 for the unpaid pre-petition charges incurred on Debtor's credit card account number ending in 2003. The claim is designated as Claim Number 4-1 (Claim 4) on the court's Claims Register.

3.      On Debtor's Schedule F of unsecured claims, Debtor schedules an *undisputed* debt owed to "American Express Delta Sky Miles" in the amount of $13,312.03 for the account ending 2003 which corresponds to Claim 4. *See attached Exhibit A*.

4.      On May 18, 2021, Debtor filed an Objection to Claim 4 alleging the account was charged off, the subject of ID theft and indicates non-validation of the debt (Doc. 367).    The Objection does not provide a proposed disposition for the claim.

## **RESPONSE**

5.      Claim 4 was filed with supporting documentation in the form of an account summary in compliance Fed. R. Bankr. P. 3001(c)(3) and a redacted copy of the Debtor's May 2017 account statement.  The account summary reflects the Debtor's name and address, redacted social security number, redacted account number, open date, charge off date, last payment date, late transaction date, and balance due at the time of the bankruptcy filing.  The May 2017 account statement reflects Debtor's name and address, redacted account number, and pre-petition balance due on the account.

6.      Although the debt has been charged off, such terminology is an internal accounting practice and has nothing to do with the Debtor's continued liability on the debt. *See In re Washington,* 581 B.R. 150, 158–59 (Bankr. D.S.C. 2017)(accepting testimony "…based on the testimony of Mr. Featheringill, the term "written off" apparently reflects an internal accounting policy of the City and not a cancelation or discharge of Debtor's obligations.) *See In re Zilka,* 407 B.R. 684, 687 (Bankr. W.D. Pa. 2009) (holding that a charged off loan "is not the legal equivalent of forgiving a debt" (internal citations omitted) ); *Verdini v. First Nat. Bank of Pennsylvania*, 135 A.3d 616, 620 (Pa. Super. Ct. 2016) (same); *Kelly v. Wolpoff & Abramson, L.L.P.*, 634 F.Supp.2d 1202, 1208–09 (D. Colo. 2008)

(stating that a loan's " 'charging off' essentially amounts to a ledger book reclassification and is an accounting practice" and finding that a charge off did not extinguish the debtor's liability); *Discover Bank v. Worsham,* 176 P.3d 366, 368 (Okla. Civ. App. 2007) (stating that an internal charge off only reflects *159 a creditor's accounting procedure); *Mitchell Bank v. Schanke,* 268 Wis.2d 571, 676 N.W.2d 849, 854 n. 7 (2004) ("A 'write off' does not mean that the institution has forgiven the debt or that the debt is not still owing."); *Central Home Trust Co. of Elizabeth v. Lippincott*, 392 So.2d 931, 933 (Fla. Dist. Ct. App. 1980) ("The [charge off] process has nothing to do with contacting the debtor and demanding the total debt be paid. It is strictly a bookkeeping or accounting procedure within the bank or loan company.")

7. The debt remains due in the balance reflected in the claim.

8. To the extent the Debtor's Objection alleges identity theft because a request for account statements was made, the Debtor has produced no documentation such a request was made nor that such a request resulted in the accumulation of unauthorized debt.  The Debtor has not produced a police report or even alleged there was debt incurred as a result of fraud.

9. To date, American Express has not been provided with any information and/or documentation supporting Debtor's allegations nor contradicting Debtor's undisputed scheduling of the debt.

**BURDEN OF PROOF**

10. Pursuant to 11 U.S.C. § 502, a proof of claim is deemed allowed unless a party in interest objects.  Upon objection and after notice and hearing, the court shall allow the claim except to the extent that the claim is unenforceable against the debtor.  11 U.S.C. § 502(b)(1).

11. Debtor bears the burden of proof establishing that the claim is not valid. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute *prima facie* evidence of the validity and amount of the claim.

12. The burden of proof is on the objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the *prima facie* effect of the proof of claim." *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987) citing *In re DeLorean Motor Co. Litigation*, 59 B.R. 329 (Bankr. E.D. Mich. 1986).

13. The Debtor has not provided documentation that would contradict the *prima facie* effect of the claim nor to show the debt is not owed.

14. Without more documentation from the Debtor to overcome her own undisputed scheduling of the debt, American Express' claim is valid and should be allowed as filed.

**WHEREFORE**, American Express National Bank respectfully requests the Debtor's Objection to Claim Number 4-1 be overruled and the claim allowed.

BY:  /s/ *Howell A. Hall*
Howell A. Hall, GA Bar #318750
LOGS Legal Group, LLP
211 Perimeter Center Parkway, NE
Suite 300
Atlanta, GA  30341
Telephone: (770) 220-2535
Email: hohall@logs.com
*Local Counsel for American Express National Bank*

# CERTIFICATE OF SERVICE

I, Howell A. Hall, certify that I am over the age of 18 and that on this date, I served a copy of the foregoing RESPONSE OF AMERICAN EXPRESS NATIONAL BANK TO DEBTOR'S OBJECTION TO CLAIM NUMBER 4-1 by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses state:

**Debtor(s) Attorney:**
None/Pro Se

**Trustee:**
S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Debtor**
Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017

The 16th day of June, 2021

/s/ *Howell A. Hall*
Howell A. Hall  GA Bar #318750
LOGS Legal Group, LLP
211 Perimeter Center Parkway, NE
Suite 300
Atlanta, GA  30341
Telephone: (770) 220-2535
Email: hohall@logs.com
*Local Counsel for American Express National Bank*

5