**IT IS ORDERED as set forth below:**



Date: June 22, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NUMBER |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Objection to Claim No. 12 (Doc. 369, the "Objection"), filed by Debtor against Bank of America ("Creditor"). The Objection fails to state a claim and was not served properly.

Debtor objects to the Claim on the basis that "Debtor requested validation of debt," Creditor did not list an account number, and such debt was charged off. However, the Claim complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, is "prima facie evidence of the validity and amount of" Creditor's claim. FED. R. BANK. P. 3001(f).

As the Objection has failed to raise any legitimate issues with the Claim, it is insufficient to rebut the prima facie evidence of the validity and amount of the Claim and fails to sufficiently place Creditor on notice as to the basis upon which Debtor objects to the Claim.

Additionally, Rule 3007(a)(2)(A) of the Federal Rules of Bankruptcy Procedure requires that an objection to claim be "served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof claim as the person to receive notices, at the address so indicated. . ." Bankruptcy Local Rule 3007-1(b)(2) further requires that an objection "must be served on a creditor as its name appears on the proof of claim or transfer of claim addressing it to the person signing the proof of claim at the address shown thereon." The Objection was not properly addressed to the person who signed the proof of claim or to the address listed on the proof of claim. Bank of America's proof of claim was signed by an assistant vice president while Debtor sent notice to "Bankruptcy" at a post office box address that does not match the one listed in the proof of claim. As such, the Objection does not conform with applicable service standards.

Additionally, pursuant to Rule 3007(a)(2)(A)(ii) of the Federal Rules of Bankruptcy Procedure, when a party serves an objection to claim and the claimant is an "insured deposit institution," the heightened service procedures of Rule 7004(h) apply. In addition to serving such creditor by certified mail, the Debtor must comply with the provision requiring that service be made on an officer of the institution. *See* FED. R. BANK. P. 7004(h). According to her Certificate of Service, Debtor served Bank of America via USPS mail. There is no evidence that Debtor served Bank of America via certified mail. Additionally,

Debtor did not serve an officer of Bank of America. Therefore, the Objection was not served properly.

If Debtor files an amended objection that states a claim, corrects the service deficiency, and files a certificate of service evidencing proper service on or before July 16, 2021, the Court will schedule such objection for hearing.

**END OF DOCUMENT**

**Distribution List**

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Herbert C. Broadfoot, II**
Herbert C. Broadfoot II, PC
Buckhead Centre - Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

**S. Gregory Hays**
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

**Bankruptcy**
P.O. Box 982238
El Paso, TX 79998