UNITED STATES BANKRUPTCY COURT OF GEORGIA

NORTHERN DISTRICT

Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk

JUL 16 2021

By: _____ Clerk

)
**CASSANDRA JOHNSON-LANDRY** )
**DEBTOR** )  **BRC 18-55697 LRC**
)

---

**SUBMISSION: AMENDED OBJECTION TO CLAIM NUMBER 16 EMORY EASTSIDE, RESURGENT CAPITAL SERVICES (21602977)**

---

CASSANDRA JOHNSON-LANDRY, DEBTOR SUBMITS AMENDED OBJECTION TO CLAIM NUMBER 16, MIDLAND FUNDING (21602977). ADDITIONAL DOCUMENTS WERE SUBMITTED AFTER INITIAL CLAIM WAS FILED. **(EXHIBIT A).**

SUBMITTED CLAIM WAS FOR EMERGENCY ROOM COPAY FOR EMERGENCY MEDICAL SERVICES RENDERED ON 11/29/16 AS THE RESULT OF DEBTOR BEING HIT (FIRST TIME) FROM BEHIND WHILE DRIVING. CLAIM WAS PAID

DEBTOR REQUEST CLAIM BE DISALLOWED DUE TO SUBMITTED CLAIM WAS ALREADY PAID. IF CLAIM WAS PAID WHY WAS IT SUBMITTED INTO DEBTOR'S BRC CASE. THERE IS EVIDENCE DEBTOR WAS HURT AND IS STILL EXPERIENCING PHYSICAL PAIN FROM BOTH CAR ACCIDENTS, HIT BY OTHERS.

16TH OF JULY 2021

*CASSANDRA JOHNSON-LANDRY*

CASSANDRA JOHNSON-LANDRY, PRO SE

1

UNITED STATES BANKRUPTCY COURT OF GEORGIA

NORTHERN DISTRICT

CERTIFICATE OF SERVICE

I, CASSANDRA JOHNSON-LANDRY, DEBTOR CURRENTLY SUBMIT <u>AMENDED OBJECTION TO CLAIM NUMBER 16 EMORY EASTSIDE, RESURGENT CAPITAL SERVICES (21602977)</u> DEBTOR IS OVER THE AGE OF 18 YEARS. AMENDED OBJECTION TO CLAIM #16 SUBMITTED BY FIRST CLASS USPS MAIL ON 16TH OF JULY 2021.

    LEOANN SHANNON/CLAIMS PROCESSOR
    RESURGENT CAPITAL SERVICES
    P.O.BOX 1927
    GREENVILLE, SC 29602


    HERBERT C. BROADFOOT II
    2964 PEACHTREE ROAD, NW.
    SUITE 555
    ATLANTA, GA 30305

    S. GREGORY HAYS
    2964 PEACHTREE ROAD, NW.
    SUITE 555
    ATLANTA, GA 30305


16TH OF JULY 2021

*CASSANDRA JOHNSON-LANDRY*
CASSANDRA JOHNSON-LANDRY, PRO SE

2

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1: LANDRY;CASSANDRA

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: NORTHERN District of GA (State)

Case number: 1855697

---

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Emory Eastside Medical Center
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Resurgent Capital Services
Name
PO Box 1927
Number    Street
Greenville, SC    29602
City                State        ZIP Code

Contact phone (877) 264-5884
Contact email askbk@resurgent.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
RSG-05552-672471888

Where should payments to the creditor be sent? (if different)

Name _____
Number    Street _____
City                State        ZIP Code
Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                          Proof of Claim                          page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3627 ___ ___ ___

**7. How much is the claim?** $ 150.00 . Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Medical

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____
Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                                Proof of Claim                                page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6/12/2018
                   MM / DD / YYYY

/s/ Leoann Shannon
Signature

Print the name of the person who is completing and signing this claim:

Name    Leoann Shannon
        First name    Middle name    Last name

Title    Claims Processor

Company  Resurgent Capital Services
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  PO Box 1927
         Number    Street
         Greenville, SC  29602
         City                    State    ZIP Code

Contact phone  (877) 264-5884           Email    askbk@resurgent.com



P.O. Box 10587
Greenville, SC 29603-0587

Phone: (877) 264-5884
Fax: (866) 468-2055
e-Mail: askbk@resurgent.com

## Proof of Claim – Medical Billing Detail

| Information | |
|---|---|
| Borrower Name: | Landry;Cassandra |
| SSN (redacted): | 5102 |
| Address: | 869 Natchez Valley Tree |
| City: | Grayson |
| State, Zip: | GA 30017-4963 |

| Bankruptcy Case Information | |
|---|---|
| NORTHERN DISTRICT of GEORGIA | |
| Trustee Name: | Melissa Davey |
| Bankruptcy Case Number: | 1855697 |
| Chapter: | 13 |

| Medical Billing Information | |
|---|---|
| Account Number (redacted): | 3627 |
| Amount due as of the date the bankruptcy case was filed**: | $150.00 |
| Principal**: | $150.00 |
| Interest**: | $0.00 |
| Fees**: | $0.00 |
| Charged off by original creditor on: | |
| Original date service provided: | 11/29/2016 |
| Last payment date: | |
| Last transaction date: | |

| Provider/Creditor Information | |
|---|---|
| Current Claim Owner*: | Emory Eastside Medical Center |
| Purchased from: | N/A |
| Alternative names (if any) for this creditor: | Emory Eastside Medical Center Hospital Corporation of America |
| Creditor at time of last transaction: | |

*Resurgent Capital Services services this account on behalf of the current creditor. Please send any bankruptcy or related notices on this account to our attention at the following address:
Resurgent Capital Services
PO Box 1927
Greenville, SC  29602
Telephone No.    (877) 264-5884

**Information on this medical claim was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT HSS Systems, LLC ("Grantor"), hereby designates Resurgent Capital Services LP, with its offices at 15 South Main St., Greenville, SC 29601 ("Resurgent") as Grantor's attorney-in-fact acting separately by or through any one or more of its respective directors, officers, managers or authorized employees, as the true and lawful attorney-in-fact for the Grantor and in the name, place and stead of the Grantor, with full power of substitution and revocation, with respect to the assets and property serviced by Resurgent pursuant to the agreement entered into March 2008.

1. <u>Effective Date; Duration</u>. This limited power of attorney shall become effective upon execution by the Grantor, to remain effective for the limited purposes set forth below until terminated by the Grantor or the duration of said limited power of attorney expires. This limited power of attorney shall continue until revoked or terminated in accordance with Paragraph 3.

2. <u>Powers</u>.

   a. To sign, file, administer, defend or withdraw, in any United States Bankruptcy Court proceeding under Chapter 7, 11, 12, or 13 on behalf of the Grantor, any Proof of Claim along with any supporting documentation of said Proof of Claim.

   b. To submit to the Clerks and/or Trustees of the various United States Bankruptcy Courts proceedings, the requisite documentation required to affect a transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to the account previously owned by Grantor to Resurgent or Resurgent's nominee. This authority includes the authority to submit a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

   c. To ask, demand, recover, collect, receive, hold and possess all money, debts, dues, goods, wares, merchandise, chattel paper, effects, bonds, notes, checks, drafts, accounts, bank and other deposits, interest, dividends, stock certificates, securities, certificates of deposit, insurance benefits and proceeds, documents of title, personal and real property, tangible and intangible property and property rights, liquidated, unliquidated or contingent, which now are or hereafter shall be or become due, owing, payable or paid to the Grantor, and upon receipt thereof or of any part thereof to make, sign, execute, and deliver such receipts, releases or other discharges for the same as said attorney-in-fact shall deem proper.

   d. To use, sell, exchange, and acquire, access and receive, and to bargain, contract, and agree for the lease, exchange, and acquisition of, and to take, receive, possess and manage any current or former Property of the Grantor. "Property" shall include, but not be limited to, the U.S. Mail, overnights, postal or other deliveries, phone numbers and phone systems, domain names, websites, certain e- mail, and any other electronic communications via internet or otherwise, all of which, including any related contracts or licenses were assigned to Resurgent.

1

V2 As revised 1-13-12 LFN/lcd

e. To market and sell, either at public or private sale, or exchange any part or parts of the Grantor's Property, including indebtedness or evidence thereof, including sales on credit, and for that purpose to execute and receive all promissory notes, bonds, mortgages, deeds of trust, security agreements, financing statements and such other documents or instruments as may be necessary or appropriate, and to bargain, contract and agree with respect to the sale or exchange of such properties; and to execute and deliver good and sufficient deeds, bills of sale, assignments, or other instruments or endorsements for the conveyance or transfer of the same; and to give receipts for all or any part of the purchase price or other consideration therefore.

f. To sign, endorse, present, collect, execute, acknowledge, deliver, receive and possess applications, contracts, agreements, options, covenants, instruments, chattel paper, deeds, conveyances, trust deeds, security agreements, bills of sale, leases, mortgages, assignments, insurance policies, bills of lading, warehouse receipts, documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, notes, securities, stock certificates, proxies, warrants, commercial paper, receipts, proofs of loss, evidences of debts, releases, and satisfactions of mortgages, judgments, liens, security agreements, and other debts and obligations, and other instruments or documents in writing of whatever kind and nature as may be necessary or appropriate in the exercise of the rights and powers herein granted.

g. To sign, endorse, present, collect, execute, acknowledge, deliver, receive and possess Grantor's bank accounts, deposits in or certificates of deposit of banks, savings and loan or other financial institutions or associations and withdrawal receipts and deposit instruments relating thereto.

h. To enter into subordination agreements, intercreditor agreements, reinstatement agreements, "stand-still" and "stand-by" agreements, modification agreements, forbearance agreements, and other contracts having the effect of subordinating, modifying, renewing, restructuring or otherwise altering the rights, obligations or liabilities of the Grantor, under or with respect to any indebtedness, property or other assets.

i. To exercise any powers and any duties vested in the Grantor as a partner, joint venturer, participant or other joint interest holder with respect to any property that is collateral security, or to concur (or not) with persons jointly interested with the Grantor in such property.

j. To sue on or otherwise prosecute or file any claim or cause of action, or commence or seek any legal, equitable or administrative or other remedy in any legal, administrative, arbitration, mediation or other proceeding whatsoever (including non-judicial repossessions and foreclosures or similar actions to recover collateral); to defend, intervene or otherwise participate for or in the name of the Grantor in any legal, administrative, arbitration, mediation or other proceeding; to process, determine, or adjudge any claim or cause of action for or in the name of the Grantor or relating to an account or Property previously owned by Grantor; to compromise, settle, discharge or resolve, or make, execute, or deliver any endorsements, acquittances, releases, receipts, or other discharges of any claim, cause of action, determination, judgment or other proceeding

2

V2 As revised 1-13-12 LFN/led

for or in the name of the Grantor; and to prepare, execute and file any proof of claim, transfer of claim, ad valorem, franchise and other tax returns, protests and suits against taxing authorities, and to prepare, execute and file other governmental or quasi-governmental reports, declarations, applications, requests and documents in connection with any property, and to pay taxes in connection with the property as the attorney-in-fact deems necessary or appropriate, or as otherwise required by law.

k.  To introduce, execute, or file any court document, affidavit or statement required to introduce account information, business records or to describe a transfer of ownership.

3. Termination. This instrument shall continue in full force and effect unless and until it is revoked or modified by the Grantor in a written revocation or modification instrument executed by the Grantor and the Secured Party; *provided, however*, that in the event this instrument is modified it shall continue in full force and effect except as so modified.

4. Reliance. The attorney-in-fact and all persons dealing with the attorney-in-fact shall be entitled to rely upon this power of attorney so long as neither the attorney-in-fact, nor any person with whom the attorney-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Grantor and any assigns or transferee of the Grantor.

5. Copies and Recordings. The Grantor hereby authorizes the attorney-in-fact appointed hereunder, by or through any of its directors or officers or by any of its other employees who are duly authorized to act on behalf of the attorney-in-fact hereunder, to (i) certify copies of this Power of Attorney as being true and correct, (ii) record originals and certified copies of this Power of Attorney, (iii) certify, deliver and record certified copies and originals of the Power of Attorney, together with such legal descriptions or street addresses attached.

3

V2 As revised 1-13-12 LFN/led

IN WITNESS WHEREOF, Grantor has hereunto caused this Power of Attorney to be signed as of the 19th day of January, 2012.

_____

Name: N. Eric Ward

Title: Vice President

Date: January 19 2012

STATE OF TENNESSEE

COUNTY OF ~~WILLIAMSON~~ DAVIDSON

On this, the 19th day of January, 2012, the foregoing instrument was acknowledged before me, a notary public, in and for the State of Tennessee by N. Eric Ward, personally known to me, acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

[Notary Seal: CONNIE D. RODER, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires March 3, 2015]

4

V2 As revised 1-13-12 LFN/lcd