**IT IS ORDERED as set forth below:**



Date: August 23, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NUMBER |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Amended Objection to Claim No. 13 (Doc. 409, the "Objection"), filed by the Debtor against Bureaus Investment Group ("Creditor"). On May 18, 2021, Debtor filed an Objection to the Claim (Doc. 372), which failed to state a claim and was improperly served on the Creditor. The Court provided Debtor with an opportunity to amend the objection and perfect service on or before July 16, 2021. (Doc. 392). Though timely filed and properly served, the Objection still fails to state a claim on which relief may be granted.

Debtor objects to Claim No. 13 (the "Claim") on the basis that the Claim contains "discrepancies regarding timeline and submission." Debtor further contends that the Claim "appears to be unvalidated." The Claim complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, it is "prima facie evidence of the validity and amount of" Creditor's claim. FED. R. BANK. P. 3001(f). Where a debtor's objection fails to overcome the presumption of validity, it should be denied. See *In re Watson*, 2015 U.S. App. LEXIS 9158, at *13 (11th Cir. 2015). Debtor contends that the Claim contains discrepancies but pleads no specific facts to support such conclusion. In the absence of specific facts and explanation, Debtor's exhibits, which include select pages from a 2017 credit report, fail to rebut the presumption of validity.

As the Objection has failed to raise any legitimate issues with the Claim, it is insufficient to rebut the prima facie evidence of the validity and amount of the Claim and fails to sufficiently place Creditor on notice as to the basis upon which Debtor objects to the Claim.

For these reasons, the Court finds that the Objection must be, and hereby is, **DENIED** with prejudice.

**END OF DOCUMENT**

**Distribution List**

**Cassandra Johnson Landry
P.O. Box 1275
Grayson, GA 30017**

**Herbert C. Broadfoot, II**

**Herbert C. Broadfoot II, PC**
**Buckhead Centre - Suite 555**
**2964 Peachtree Road, NW**
**Atlanta, GA 30305**

**S. Gregory Hays**
**Hays Financial Consulting, LLC**
**Suite 555**
**2964 Peachtree Road**
**Atlanta, GA 30305**

**Shidarella Morris**
**Bankruptcy Clerk**
**PRA Receivables Management, LLC**
**P.O. Box 41021**
**Norfolk, VA 23541**