**IT IS ORDERED as set forth below:**

Date: August 23, 2021



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NUMBER |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Amended Objection to Claim No. 21 (Doc. 410, the "Objection"), filed by Debtor against Bureaus Investment Group ("Creditor"). On May 18, 2021, Debtor filed an Objection to the Claim (Doc. 371), which failed to state a claim on which relief may be granted and was improperly served on the Creditor. The Court provided Debtor with an opportunity to amend her objection and perfect service on or before July 16, 2021 (Doc. 392, the "Order"). Though timely filed and properly served, the Objection still fails to state a claim on which relief may be granted.

Debtor objects to Claim No. 21 (the "Claim") on the basis that "given the previously submitted ledger identifying discrepancies regarding timelines and submission" along with attached exhibits, the Claim is an "appeared false claim submission." Further, Debtor contends that the Claim "appears to be unvalidated." The Claim complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, it is "prima facie evidence of the validity and amount of" Creditor's claim. FED. R. BANK. P. 3001(f). Where a debtor's objection fails to overcome the presumption of validity, it should be denied. See *In re Watson*, 2015 U.S. App. LEXIS 9158, at *13 (11th Cir. 2015). Debtor contends that the Claim contains discrepancies but pleads no specific facts to support such claim. Because Creditor has filed more than one claim in this case, the Court cannot determine which of Debtor's exhibits apply to which claims. Similarly, the reference to a "previously submitted ledger" is insufficient to put the Creditor on notice as well as to direct the Court to the specific facts Debtor intends to use to rebut the prima facie validity of the claim. In the absence of such facts and explanation, the Debtor's exhibits, which include select pages from a 2017 credit report, fail to support Debtor's contention.

As the Objection has failed to raise any legitimate issues with the Claim, it is insufficient to rebut the prima facie evidence of the validity and amount of the Claim and fails to sufficiently place Creditor on notice as to the basis upon which Debtor objects to the Claim.

For these reasons, the Court finds that the Objection must be, and hereby is, **DENIED** with prejudice.

**END OF DOCUMENT**

**Distribution List**

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Herbert C. Broadfoot, II**
**Herbert C. Broadfoot II, PC**
**Buckhead Centre - Suite 555**
**2964 Peachtree Road, NW**
**Atlanta, GA 30305**

**S. Gregory Hays**
**Hays Financial Consulting, LLC**
**Suite 555**
**2964 Peachtree Road**
**Atlanta, GA 30305**

**Chi Phan**
**Bankruptcy Clerk**
**PRA Receivables Management, LLC**
**P.O. Box 41021**
**Norfolk, VA 23541**