**IT IS ORDERED as set forth below:**



Date: August 23, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NUMBER |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Amended Objection to Claim No. 2 (Doc. 411, the "Objection"), filed by Debtor against Bureaus Investment Group ("Creditor").

Debtor objects to Claim No. 2 (the "Claim") on the basis that it is a "duplicate" and is not validated. To support her contention of duplication, Debtor notes that the Claim and another filed by the same creditor share "the same claim number of 21500842." Debtor's Exhibit A suggests that the Claim and Claim No. 21 seek payment of the same debt.

Indeed, Claims No. 2 and 21 are both filed by Creditor. However, nothing else in the proofs of claim would suggest that one is somehow a "duplicate" of the other. What Debtor cites as the "same claim number" listed —21500842— is not the claim number but rather the identifying number of Creditor itself. In addition to listing different account balances, the Claim and Claim No. 21 also list different account numbers. Indeed, when she filed her bankruptcy petition, Debtor scheduled two different accounts with Creditor, listing the debts as unsecured in both instances. *See* Doc. 1.

Debtor's Objection fails too on her contention that Creditor did not validate its claim. Claim No. 2 complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, it is "prima facie evidence of the validity and amount of" Creditor's claim. FED. R. BANK. P. 3001(f). Where a debtor's objection fails to overcome the presumption of validity, it should be denied. See *In re Watson*, 2015 U.S. App. LEXIS 9158, at *13 (11th Cir. 2015). As the Objection has failed to raise any legitimate issues with the Claim, it is insufficient to rebut the prima facie evidence of the validity and amount of the Claim and fails to sufficiently place Creditor on notice as to the basis upon which Debtor objects to the Claim.

For these reasons, the Court finds that the Objection must be, and hereby is, **DENIED** with prejudice.

### END OF DOCUMENT

**Distribution List**

**Cassandra Johnson Landry**
P.O. Box 1275
Grayson, GA 30017

**Herbert C. Broadfoot, II**
**Herbert C. Broadfoot II, PC**
**Buckhead Centre - Suite 555**
**2964 Peachtree Road, NW**
**Atlanta, GA 30305**

**S. Gregory Hays**
**Hays Financial Consulting, LLC**
**Suite 555**
**2964 Peachtree Road**
**Atlanta, GA 30305**

**Chi Phan**
**Bankruptcy Clerk**
**PRA Receivables Management, LLC**
**P.O. Box 41021**
**Norfolk, VA 23541**