**IT IS ORDERED as set forth below:**



Date: August 23, 2021

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN THE MATTER OF: | ) | CASE NUMBER |
|---|---|---|
|  | ) |  |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
|  | ) |  |
| Debtor. | ) | IN PROCEEDINGS UNDER |
|  | ) | CHAPTER 7 OF THE |
|  | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Second Amended Objection to Claim No. 3 (Doc. 414, the "Objection"), filed by Debtor against the estate of Valeri Burnough ("Creditor"). [1] On May 18, 2021, Debtor filed an Objection to the Claim (Doc. 366), which failed to state a claim. The Court provided Debtor with an opportunity to

---

[1] Debtor filed her First Amended Objection to Claim No. 3 (Doc. 404, the "First Amended Objection") one day before the Objection. While the Court might conclude that the Objection supersedes the First Amended Objection, it has reviewed and considered both. In the First Amended Objection, Debtor speaks on the merits of the District Court judgment that comprises the Claim, including details involving SBA loans and the leasing of certain commercial properties. The Court is barred from entertaining any argument on the merits of the underlying judgment. To the degree that Debtor objects on the merits of the judgment that comprise the Claim itself, the First Amended Objection must be **DENIED** based on *res judicata*.

amend her claim on or before July 16, 2021 (Doc. 394, the "Order").[2] Though timely, the Second Amended Objection still fails to state a claim and therefore must be denied.

Debtor objects to Claim No. 3 (the "Claim") on the basis that legal counsel for the Creditor changed his address in an act of "deliberate sabotage" to thwart Debtor's attempt to perfect service. In support, she notes that Creditor's counsel "changed" his address from 3100 Centennial Tower, 101 Marietta Street to 101 Marietta Street, Suite 3100.

The Claim complies with Federal Rule of Bankruptcy Procedure 3001 and, therefore, it is "prima facie evidence of the validity and amount of" Creditor's claim. FED. R. BANK. P. 3001(f). Indeed, "[u]nless an objector introduces evidence as to invalidity of the claim… the claimant need offer no further proof of the merits of the claim." 4 *Collier on Bankruptcy* P 502.02 (16th ed. 2021). Therefore, where a debtor's objection fails to overcome the presumption of validity, such objection should be denied. *See In re Watson*, 2015 U.S. App. LEXIS 9158, at *13 (11th Cir. 2015).

Debtor's argument that the Claim be disallowed based on an alleged "intentional" modification of suite numbers presents no evidence as to the invalidity of the Claim. Rather, Debtor appears to argue that Creditor's counsel was trying to prevent Debtor from perfecting service of the Objection. This argument is irrelevant in this case, as Creditor

---

[2] In her First Amended Objection, Debtor seems to continue to contend that Valeri Burnough's death without an established trust is a basis for disallowing the Claim. As noted in the Order, O.C.G.A. § 52-2-1 outlines the order of inheritance for those who die intestate. As such, Valeri Burnough's death – with or without a trust – would not extinguish her Claim. Additionally, Debtor references an attached previous objection and includes a copy of the objection filed at Doc. 366. To the extent Debtor still contends that the Valeri Burnough's death without an established trust extinguishes the Claim or that Debtor is not liable for the underlying judgment in her individual capacity, such objections are **DENIED** based on the Court's reasons stated in the Order.

responded to Debtor's original objection on June 2, 2021 (Doc. 384), and the Court did not notify Debtor that the objection was service deficient because Creditor's counsel responded.

As the Objection has failed to raise any legitimate issues with the Claim, it is insufficient to rebut the prima facie evidence of the validity and amount of the Claim and fails to sufficiently place Creditor on notice as to the basis upon which Debtor objects to the Claim.

For these reasons, the Court finds that the Objection must be, and hereby is, **DENIED** with prejudice.

### END OF DOCUMENT

**Distribution List**

**Cassandra Johnson Landry**
**P.O. Box 1275**
**Grayson, GA 30017**

**Herbert C. Broadfoot, II**
**Herbert C. Broadfoot II, PC**
**Buckhead Centre - Suite 555**
**2964 Peachtree Road, NW**
**Atlanta, GA 30305**

**S. Gregory Hays**
**Hays Financial Consulting, LLC**
**Suite 555**
**2964 Peachtree Road**
**Atlanta, GA 30305**

**Charles R. Bridgers**
**Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC**
**101 Marietta St. NW, Suite 3100**

**Atlanta, GA 30303**