**IT IS ORDERED as set forth below:**



Date: August 23, 2021

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NUMBER |
| | ) | |
| CASSANDRA JOHNSON LANDRY, | ) | 18-55697-LRC |
| | ) | |
| Debtor. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 OF THE |
| | ) | BANKRUPTCY CODE |

## ORDER

This matter comes before the Court on Debtor's Objection to Claim No. 4 (Doc. 367), Second Amended Objection to Claim No. 6 (Doc. 413), Amended Objection to Claim No. 9 (Doc. 407), Objection to Claim No. 14 (Doc. 373), and Amended Objection to Claim No. 16 (Doc. 412) (collectively, the "Claim Objections").

The Court cannot sustain the Claim Objections. Chapter 7 debtors lack standing to object to a claim unless the case is a surplus case that will result in distribution under § 726(a)(6), or the underlying debt is nondischargeable. *In re Malsch*, 417 B.R. 458, 461

(Bankr. N.D. Ohio 2009); *see also In re Cannon*, 2017 WL 3491825, at *1 (Bankr. N.D. Fla. June 5, 2017); *In re Coleman*, 131 B.R. 59, 61 (Bankr. N.D. Tax. 1991) (finding Chapter 7 debtors lacked standing to object to a claim because they had "not shown that there will be a surplus").  Here, the Court has reviewed the claims registry, the Court's orders denying with prejudice Debtor's prior objections to claims, and the Trustee's final report and concludes that there will be no distribution under § 726(a)(6). *See* Chapter 7 Trustee's Final Report, Doc. 332., Docs., 416, 417, 418, 419, and 420.  Additionally, none of the debts evidenced by the claims objected to appear to be nondischargeable.

After paying administrative expenses, the Trustee reports that he has $82,334.55 to pay unsecured claims. *Id*. at 14.  Even if the Court excluded the amounts objected to in the Claim Objections, the sum of allowed claims in this case exceeds $82,443.55.  In other words, even if the Court were to sustain the Claim Objections, Debtor would still receive no distribution.  Because she could receive no distribution pursuant to § 726(a)(6) even if she prevailed, Debtor lacks standing to object to the claims.

For this reason, the Court finds that the Claim Objections must be, and hereby are, **DENIED** with prejudice.

### END OF DOCUMENT

**Distribution List**

**Cassandra Johnson Landry**
**P.O. Box 1275**
**Grayson, GA 30017**

**Herbert C. Broadfoot, II**
**Herbert C. Broadfoot II, PC**
**Buckhead Centre - Suite 555**
**2964 Peachtree Road, NW**
**Atlanta, GA 30305**

**S. Gregory Hays**
**Hays Financial Consulting, LLC**
**Suite 555**
**2964 Peachtree Road**
**Atlanta, GA 30305**

**Sabari Mukherjee**
**Claims Administrator**
**Becket and Lee, LLP**
**P.O. Box 3001**
**Malvern, PA 19355**

**Amy Marzouq**
**Bankruptcy Specialist**
**Midland Credit Management, Inc.**
**P.O. Box 2011**
**Warren, MI 48090**

**Kolby R. Nichol**
**Quantum3 Group, LLC**
**P.O. Box 788**
**Kirkland, WA 98083**

**David Lamb**
**Claims Processor**
**Resurgent Capital Services**
**P.O. Box 10587**
**Greeneville, SC 29603**

**Leoann Shannon**
**Claims Processor**
**Resurgent Capital Services**
**P.O. Box 1927**
**Greenville, SC 29602**