**IT IS ORDERED as set forth below:**

**Date: August 24, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| CASSANDRA JOHNSON LANDRY, | : | 18-55697-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

## FINAL ORDER APPROVING CHAPTER 7 TRUSTEE'S FINAL REPORT AND TRUSTEE'S APPLICATION FOR COMPENSATION

The Court held a telephonic hearing on March 11, 2021, and April 14, 2021 (the "Hearing") regarding the Trustee's Final Report and Applications for Compensation filed by S. Gregory Hays (the "Trustee") and his counsel, Herbert C. Broadfoot, II (Doc. 332) (the "Applications"). At the Hearing, Mr. Broadfoot appeared on behalf of himself and the Trustee, Jonathan Adams and Shawna Staton appeared on behalf of the United States

Trustee, and Cassandra Johnson Landry ("Debtor") appeared *pro se*. Debtor filed objections to the Applications and the Final Report (the "Objection," Doc. 350). Following the Hearing, Debtor filed a Response to Rescheduled Meeting (Doc. 362).

The Objection took issue with the Trustee's commission, the Trustee's expenses, Mr. Broadfoot's compensation, the Trustee's abandonment of certain assets, and the proposed payment of certain claims. In an order entered on May 4, 2021, the Court overruled Debtor's objections to and gave its final approval to the fees and expenses requested by Mr. Broadfoot and the expenses requested by the Trustee (Doc. 363, the "Order"). In the Order, the Court also deferred ruling on the allowance of the Trustee's commission and approval of the Final Report, pending the resolution of any potential objections to claims filed by Debtor within fourteen days from the date of the entry of the Order.

Debtor timely filed additional objections to claims in accordance with the Order. On August 23, 2021, the Court denied these claim objections. *See* Docs. 416-421. Accordingly, all claims that the Trustee proposes to pay in the Final Report have been filed and are deemed allowed, as provided by § 502(a), and are properly payable under § 726(a) ("Except as provided in section 510 of this title, property of the estate shall be distributed . . . in payment of any allowed unsecured claim . . . which is timely filed.").

The Trustee's commission is determined pursuant to § 326(a) of the Bankruptcy

Code and is a percentage of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). Notwithstanding Debtor's objection, the Trustee's request for his statutory commission is proper and is supported by the Bankruptcy Code and the information contained in the Final Report regarding the anticipated disbursements of moneys from the bankruptcy estate. Accordingly, the Trustee's commission will be approved.

Therefore,

IT IS ORDERED that the Objection is **OVERRULED;**

IT IS FURTHER ORDERED that the Final Report and the Trustee's Application for Compensation to the extent it seeks approval of the payment of a commission, are **APPROVED,** and this approval is made final;

IT IS FURTHER ORDERED that the Trustee is authorized to pay the commission, all fees, and all expenses as requested in the Applications as outlined in the Final Report.

**END OF DOCUMENT**

**Distribution List**

ALL PARTIES ON THE COURT's
MAILING MATRIX